EXHIBIT

A

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: _____ |
| OLDCASTLE MATERIALS SOUTHEAST, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.    Plaintiffs Ken and Naomi Schwieker are adult residents of Lee County, Alabama, and own property situated on the north side of Spring Villa Road.

2.    Defendant Oldcastle Materials Southeast, Inc. is the operator of the SRM limestone quarry in Lee County between State Highway 169 and Lee Road 166.

3.    Defendant Oldcastle leases the property from the Young and Gilmer families.


## STATEMENT OF FACTS

4.    The Plaintiffs' property is on Spring Villa Road north-northeast of the quarry.

5.    Defendant Oldcastle, as part of its operation of the limestone quarry, has for several years been pumping increasingly large amounts of water from the groundwater. This pumping has caused the depression of the groundwater table throughout the area and, more particularly, including the property belonging to the Plaintiffs.

6.    As a result of the groundwater withdrawals, the Plaintiffs' land has suffered the formation of numerous sinkholes.

7.    During the August, 2004-September, 2004 trial of the case *Davis v. Hanson, et al.*, Defendant Oldcastle was adjudicated by the jury to be liable for causing damages to the Schwiekers as a result of the formation of sinkholes on their property.  At that time, the Schwiekers had only about a dozen relatively small sinkholes on their land.  The jury returned a verdict of $75,000.00 against Defendant Oldcastle and specifically found that Oldcastle was liable for causing the sinkholes.  Oldcastle did not appeal and paid the

judgment.

8.     Since the trial in 2004, the Schwiekers' farm land has suffered the collapse of numerous very large sinkholes, many of which have formed by the merging of smaller sinkholes into larger ones. There are now somewhere in the vicinity of 50 to 75 sinkholes. Moreover, whole areas of their property, particularly along the Little Uchee Creek and the tributaries to the Little Uchee Creek, are collapsing into giant sinkholes, causing destruction of the property belonging to the Plaintiffs – including large, old healthy trees that have fallen and been destroyed.

9.     Defendant Oldcastle has specific knowledge that these damages are continuing, and has done nothing to stop the damages despite the jury's verdict adjudicating it to be liable for causing sinkholes to the Schwiekers' land.

10.    Defendant Oldcastle's conduct in continuing its operation, and in fact in continuing the operation with ever greater volumes of water pumped out of the groundwater system, has caused extreme damage to the Schwiekers' property, as well as substantial damage to the surrounding landowners' property. In point of fact, Spring Villa Road was forced to close because of the collapse of the roadway into numerous sinkholes.

11.    Defendant Oldcastle has with malice and with conscious and reckless disregard of the Schwiekers' rights, continued to operate its quarry with no regard for the Schwiekers' land or the damages being caused to the Schwiekers or other persons' lands.

12.    The Schwiekers have suffered mental and emotional distress, damages to their land, and have been forced to incur other costs associated with the sinkhole formation caused by Defendant Oldcastle.

**COUNT ONE**
**(Private Nuisance)**

13.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 12 as if set out here in full.

14.    Defendant Oldcastle's quarrying operations have caused and are causing a

2

private nuisance to exist, as described above. The quarrying is harmful to the Schwiekers and any reasonable person would consider it to adversely affect people of ordinary sensibilities.

15.    The Plaintiffs have suffered and continue to suffer hurt, inconvenience, and other damages that are different in kind and degree than the damages suffered by the general population of Lee County. Moreover, the Plaintiffs have suffered damages due to Defendants' conduct that would affect any ordinary, reasonable person, and such damages are not such as would be fanciful or as would affect only a person of fastidious taste. Plaintiffs have the right to file this claim under Alabama Code Sections 6-5-120 et. seq.

16.    Defendant Oldcastle's actions have been repetitive, willful, wanton, reckless, and aggravated.

17.    Defendant Oldcastle has continued to process and manufacture rock and rock by-products. Moreover, Defendant Oldcastle continued its operations with full knowledge of the damages being forced upon the individual Plaintiffs, as well as the public at large, and Defendant has not abated its nuisance despite demand to do so.

18.    Defendant's actions constitute a private nuisance, and its actions can be abated, so that the nuisance created and maintained by Defendant Oldcastle is abatable.

19.    If Oldcastle is allowed to continue pumping water from the quarry pit, further dewatering of the area will occur, the cone of depression will enlarge, and the Schwiekers will suffer additional damages.

**WHEREFORE,** Plaintiffs claim from Defendant Oldcastle compensatory and punitive damages, costs of this action, attorneys' fees, interest and such other further relief as the jury finds reasonable, and in addition, Plaintiffs request this Honorable Court to enter injunctive relief preventing all of the Defendants from continuing to cause the damages stated above.

3

## COUNT TWO
## (Negligence and Wantonness)

20.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19 as if set out here in full.

21.    Defendant Oldcastle has a duty to operate the quarry in a manner that will not cause unreasonable injury to the Schwieker' property.

22.    Defendant Oldcastle breached its duty by damaging the Plaintiffs as stated above.

23.    As described above, Plaintiffs suffered damages due to the negligent, reckless, and wanton and willful manner in which Defendant Oldcastle operates the quarry.

24.    Defendant Oldcastle has actual knowledge that the manner in which it is operating its quarry was causing the very damages stated above in this Complaint. Despite such actual knowledge, the Defendant continues to cause the damages stated above.

25.    The manner in which Defendant Oldcastle ignored the Plaintiffs' complaints constitutes rude, wanton, outrageous, and/or reckless conduct for which Oldcastle should be punished by the imposition of punitive damages.

**WHEREFORE,** Plaintiffs claim from Defendant Oldcastle compensatory and punitive damages, costs of this action, attorneys' fees, interest and such other further relief as the jury finds reasonable, and in addition, request this Honorable Court to enter injunctive relief preventing Defendant Oldcastle from continuing to cause the damages stated above.

## COUNT THREE
## (Injunctive Relief)

26.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 25 as if set out here in full.

4

27.    The continued operation of the quarry has caused and will continue to cause the damages stated above.

28.    The actions of Defendant Oldcastle in pumping water from the quarry pit have caused such a substantial de-watering of the area that the spring at Spring Villa has been caused to go dry as a direct result of the pumping of water from the ground from the quarry.

29.    The quarry operations are immediately adjacent to the Dixie Pipeline, a very large transcontinental propane gas pipeline. The Dixie Pipeline conveys thousands of gallons of propane gas, daily, under 1440 psi pressure, through the pipeline immediately adjacent to and within 200 feet of the pit created by Defendant Oldcastle's operations.

30.    There is a substantial likelihood that the operations of Defendant Oldcastle in pumping out water from the ground in and around the quarry, will cause sinkholes in, near, and even far away from the quarry, and this result is absolutely certain to occur in many places – although exactly which places and which particular spots of ground will be caused to sink cannot be predicted with certainty.

31.    In fact, many very large sinkholes, some 40 or 50 feet in diameter and 50 to 150 feet in length, and 10 to 30 feet deep, have formed in the years since the August, 2004 trial. These many sinkholes have formed due to Oldcastle's continued pumping of water from the quarry and the concomitant dewatering of the surrounding area. In point of fact, and as predicted by Plaintiffs in the first trial, a large sinkhole opened directly under the Dixie LP Gas Pipeline. The collapse did not cause injury, though the risk of future collapse, and possible injury to others, remains significant.

32.    The dewatering caused Spring Villa Road to collapse and the road to be closed.

33.    The quarry cannot be operated in such a manner as to prevent the serious and continued damages to the Plaintiffs, unless the Court orders it to stop pumping water from

5

the groundwater table. The quarry can be operated without pumping water out of the ground.

**WHEREFORE**, the Plaintiffs demand judgment enjoining Defendant Oldcastle from operating this or any quarry on the Youngs' and Gilmer's lands, and for such other legal or equitable relief to which they are entitled.

### COUNT FOUR
### (Statutory Damages for Diversion of Water)

34.     Plaintiffs incorporate by reference all of the allegations of paragraphs 1 through 33 above.

35.     Pursuant to Alabama Code section 33-7-4, Defendant Oldcastle is liable to the Plaintiffs for diversion of water from Little Uchee Creek and from the tributaries feeding Little Uchee Creek.

**WHEREFORE**, the Schwiekers, demand that the Court enjoin Defendant Oldcastle from its pumping operations and to stop diverting and dewatering the Little Uchee Creek and the aquifer feeding the Spring Villa spring, and further demand such compensatory and punitive damages to which they are entitled, together with costs, attorneys fees, interest and such other further relief as the jury finds reasonable.

s/ C. E. Vercelli, Jr.
**Charles E. Vercelli, Jr. (VER003)**

OF COUNSEL:
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429
(334) 821-7100
Fax (334) 821-7101
jsprayberry-spraylaw@charter.net

Charles E. Vercelli, Jr.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
(334) 834-8805
Fax (33) 834-8807
cvercelli@vercelli-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been e-filed with the Circuit Court of Lee County, Alabama, and that COURTESY COPY has been served upon:

Phillip E. Adams, Jr.
Adams, Umbach, Davidson & White, LLP
P. O. Box 2069
Opelika, AL 36803-2069

W. F. Horsley
Samford, Denson, Horsley, Pettey,
 Bridges & Hughes
P.O. Box 2345
Opelika, AL 36803-2345

by placing same in the United States Mail, postage prepaid and properly addressed, on this the 1st day of September, 2006.

s/ C. E. Vercelli, Jr.
OF COUNSEL

## PLAINTIFFS DEMAND TRIAL BY JURY IN
## LEE COUNTY, ALABAMA

155-00\complaint.5.wpd

7

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| **KEN and NAOMI SCHWIEKER,** | * |
| | * |
|     **Plaintiff,** | * |
| **v.** | *    **CASE NO: CV-06-900008** |
| | * |
| **OLDCASTLE MATERIALS** | * |
| **SOUTHEAST, INC.,** | *    **JURY TRIAL DEMANDED** |
| | * |
|     **Defendant.** | * |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Lee County Circuit Clerk
        2311 Gateway Drive
        Opelika, Alabama 36801

        James B. Sprayberry, Esq.
        LAW OFFICES OF JAMES B. SPRAYBERRY
        P.O. Drawer 2429
        Auburn, AL 36831-2429

        Charles E. Vercelli, Jr., Esq.
        VERCELLI & ASSOCIATES, P.C.
        1019 S. Perry Street
        Montgomery, AL 36104-5049

You are hereby notified that on this date Oldcastle Materials Southeast, Inc., Defendant in the above-styled cause of action, filed their Notice of Removal, copies of which are attached, in the United States District Court for the Middle District of Alabama, Eastern Division, at Montgomery, Alabama.

Dated this 18th day of September, 2006.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

PHILLIP E. ADAMS, JR. (ASB-9946-D56P)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

PATRICK C. DAVIDSON (ASB-4602-A43P)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

MATTHEW W. WHITE (ASB-6809-W83M)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

OF COUNSEL:
ADAMS, UMBACH,
 DAVIDSON & WHITE, LLP
Post Office Box 2069
Opelika, Alabama  36803-2069
(334)745-6466

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon:

James B. Sprayberry, Esq.
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429

Charles E. Vercelli, Jr., Esq.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049

by placing a copy of the same in the United States mail, properly addressed and postage prepaid this the 18th day of September, 2006.

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR    RECEIVED
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION    2006 SEP 19  A  9: 39

KEN and NAOMI SCHWIEKER,    *
   *
     Plaintiffs,    *
   *    CASE NO: 3:06-CV-838-MEF
v.    *
   *
OLDCASTLE MATERIALS    *
SOUTHEAST, INC.,    *    **JURY TRIAL DEMANDED**
   *
     Defendant.    *

## NOTICE OF REMOVAL

The Defendant, Oldcastle Materials Southeast, Inc., removes this case to the United

States District Court for the Middle District of Alabama, Eastern Division, and as grounds

therefore respectfully shows unto the Court the following:

1.    Plaintiffs, Ken and Naomi Schwieker, are citizens of the State of Alabama.

2.    Defendant Oldcastle Materials Southeast, Inc. is a corporation incorporated

under the laws of the state of Delaware, with its principal place of business in Washington,

D.C., and is, therefore, not a resident citizen of the state of Alabama.

4.    Jurisdiction is based upon diversity of citizenship, pursuant to 28 U.S.C.

Section 1332(a) and 28 U.S.C. Section 1441(a).

5.    Plaintiffs have filed a lawsuit against the Defendant in the Circuit Court of Lee

County, Alabama. A copy of the Complaint is attached hereto as Exhibit "A", and being

made a part hereof.

6.    Plaintiffs' Complaint makes claims for private nuisance, negligence and


SCANNED
9/19/2006 kt

wantonness, injunctive relief, and statutory damages for diversion of water. Plaintiffs seek

both compensatory and punitive damages in an amount to be assessed by a jury. As noted

by Plaintiffs in their Complaint, Plaintiffs were parties to a previous lawsuit against this

Defendant and a previous owner and operator of the quarry, Hanson Aggregates, wherein

Plaintiffs obtained a verdict against this Defendant for $75,000.00, and a verdict against

Hanson Aggregates in an amount which exceeded $75,000.00. As noted, Plaintiffs also seek

injunctive relief, asking the Court to order that operations at the quarry cease. If the

Plaintiffs are awarded such damages and/or injunctive relief, the amount awarded will most

certainly exceed $75,000.00.

7.    Thus, it is clear that the matter in controversy, exclusive of interest and costs,

exceeds the sum of $75,000.00.

8.    There are no other defendants to this action besides this Defendant, and this

Defendant is removing this case within the applicable time period, pursuant to the aforesaid

statutes.

9.    Upon the filing of this notice of removal, Defendant has given written notice

thereof to the attorneys for the Plaintiffs and have filed a copy of the proceedings and notice

with the Circuit Court Clerk of Lee County, Alabama, all in accordance with the law.

**WHEREFORE**, Defendant Oldcastle Materials Southeast, Inc. prays that the removal

of said cause to the United States District Court for the Middle District of Alabama, Eastern

Division, be effected and no further or other proceedings may be had with respect to this

matter in the Circuit Court of Lee County, Alabama, pending a final decision and

determination of this controversy in the United States District Court.

Dated this 18th day of September, 2006.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

PHILLIP E. ADAMS, JR. (ASB-9946-D56P)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

PATRICK C. DAVIDSON (ASB-4602-A43P)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

MATTHEW W. WHITE (ASB-6809-W83M)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

OF COUNSEL:
ADAMS, UMBACH,
 DAVIDSON & WHITE, LLP
Post Office Box 2069
Opelika, Alabama  36803-2069
(334)745-6466

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon:

James B. Sprayberry, Esq.
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429

Charles E. Vercelli, Jr., Esq.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049

by placing a copy of the same in the United States mail, properly addressed and postage prepaid this the 18th day of September, 2006.

_____
OF COUNSEL