**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

**From:** Clerk's Office

**Case Style:** Schwieker et al v. Oldcastle Materials Southeast, Inc.

**Case Number:** 3:06-cv-00838-MEF

**Referenced Pleading:** Answer - doc. 3

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | CASE NO: 3:06-CV-838-MEF |
| | * | |
| OLDCASTLE MATERIALS | * | |
| SOUTHEAST, INC., | * | |
| | * | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | * | |

### ANSWER

COMES NOW the Defendant, Oldcastle Materials Southeast, Inc., by and through counsel, and in answer to Plaintiffs' Complaint, responds to each numbered paragraph of Plaintiffs' Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant denies all material allegations of paragraph number 5 of Plaintiffs' Complaint and demands strict proof thereof.

6. Defendant denies all material allegations of paragraph number 6 of Plaintiffs' Complaint and demands strict proof thereof.

7. Defendant moves to strike paragraph 7 of Plaintiffs' Complaint on the grounds that its contents are irrelevant and immaterial to the issues in this




        case. To the extent an answer is required of this Defendant, paragraph 7 is denied.

8. Defendant denies all material allegations of paragraph number 8 of Plaintiffs' Complaint and demands strict proof thereof.

9. Defendant denies all material allegations of paragraph number 9 of Plaintiffs' Complaint and demands strict proof thereof.

10. Defendant denies all material allegations of paragraph number 10 of Plaintiffs' Complaint and demands strict proof thereof.

11. Defendant denies all material allegations of paragraph number 11 of Plaintiffs' Complaint and demands strict proof thereof.

12. Defendant denies all material allegations of paragraph number 12 of Plaintiffs' Complaint and demands strict proof thereof.

13. No answer is required of this Defendant as to paragraph number 13.

14. Defendant denies all material allegations of paragraph number 14 of Plaintiffs' Complaint and demands strict proof thereof.

15. Defendant denies all material allegations of paragraph number 15 of Plaintiffs' Complaint and demands strict proof thereof.

16. Defendant denies all material allegations of paragraph number 16 of Plaintiffs' Complaint and demands strict proof thereof.

17. Defendant denies all material allegations of paragraph number 17 of Plaintiffs' Complaint and demands strict proof thereof.

18. Defendant denies all material allegations of paragraph number 18 of

Plaintiffs' Complaint and demands strict proof thereof.

19. Defendant denies all material allegations of paragraph number 19 of Plaintiffs' Complaint and demands strict proof thereof.

20. No answer is required of this Defendant as to paragraph number 20.

21. Defendant denies all material allegations of paragraph number 21 of Plaintiffs' Complaint and demands strict proof thereof.

22. Defendant denies all material allegations of paragraph number 22 of Plaintiffs' Complaint and demands strict proof thereof.

23. Defendant denies all material allegations of paragraph number 23 of Plaintiffs' Complaint and demands strict proof thereof.

24. Defendant denies all material allegations of paragraph number 24 of Plaintiffs' Complaint and demands strict proof thereof.

25. Defendant denies all material allegations of paragraph number 25 of Plaintiffs' Complaint and demands strict proof thereof.

26. No answer is required of this Defendant as to paragraph number 26.

27. Defendant denies all material allegations of paragraph number 27 of Plaintiffs' Complaint and demands strict proof thereof.

28. Defendant denies all material allegations of paragraph number 28 of Plaintiffs' Complaint and demands strict proof thereof.

29. Defendant admits that its quarry is adjacent to the Dixie Pipeline. Defendant denies all other material allegations of paragraph 29.

30. Defendant denies all material allegations of paragraph number 30 of

Plaintiffs' Complaint and demands strict proof thereof.

31. Defendant denies all material allegations of paragraph number 31 of Plaintiffs' Complaint and demands strict proof thereof.

32. Defendant denies all material allegations of paragraph number 32 of Plaintiffs' Complaint and demands strict proof thereof.

33. Defendant denies all material allegations of paragraph number 33 of Plaintiffs' Complaint and demands strict proof thereof.

34. No answer is required of this Defendant as to paragraph number 34.

35. Defendant denies all material allegations of paragraph number 35 of Plaintiffs' Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

36. Defendant affirmatively avers that Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

37. Defendant affirmatively avers that the applicable statute of limitations has expired as to many, if not all, of Plaintiffs' allegations against Defendant.

38. Defendant affirmatively denies all material allegations of Plaintiffs' Complaint and demands strict proof thereof.

39. Defendant affirmatively avers that its operation of the quarry does not constitute a private nuisance.

40. Defendant affirmatively avers that Plaintiffs are not entitled to recover damages pursuant to Alabama Code Section 33-7-4.

41. Defendant affirmatively avers that Plaintiffs have failed to mitigate their

damages.

42. Defendant affirmatively avers that Plaintiffs have failed to join indispensable parties.

## CONSTITUTIONAL DEFENSES

43. To award the Plaintiff punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution.

44. To award the Plaintiff punitive damages would violate the due process provisions of the Constitution of the State Of Alabama, including Article I, Section 6.

45. To award punitive damages would violate the excessive fines provisions of the Eighth Amendment to the United States Constitution, and of Article I, Section 15 of the Constitution of the State of Alabama.

46. To award punitive damages would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution, and the Constitution of the State of Alabama.

47. The Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment to the United States Constitution, in that the claim is vague and not rationally related to any legitimate government interest.

48. The Plaintiff's demand for punitive damages violates the Fifth Amendment of the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law, in

that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

49. The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interest.

50. Alabama's punitive damage laws, statutory and otherwise, are unconstitutionally vague and arbitrary.

51. To award punitive damages would violate the Commerce Clause of the United States Constitution.

52. To award punitive damages would have a chilling effect on the Defendants' right to open access to the courts of this State, in violation of the United States Constitution and the Constitution of the State of Alabama.

53. The Plaintiff's demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the Plaintiff's claim for punitive damages is a claim that is penal in nature, thus entitling the Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

54. The Plaintiff's demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States

Constitution, in that the damages claimed are penal in nature, while the Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination provided by the Fifth Amendment.

55. The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama in that it violates Article I, Section 6, by claiming punitive damages which are penal in nature while the Defendant is compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

56. Because punitive damages are penal in nature, it would be unconstitutional to award punitive damages in a civil case in which the Plaintiff bears a burden of proof less than the burden of proof required in a criminal case.

57. The Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" standard required in criminal cases.

58. The Plaintiff's demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the Plaintiff

is less than the "beyond a reasonable doubt" standard required in criminal cases.

59. To award the Plaintiff punitive damages against this Defendant would violate the Commerce Clause of the Constitution of the United States.

60. The Plaintiff's demand for punitive damages constitutes double jeopardy and violates the Alabama and United States Constitutions.

61. The imposition of punitive damages in this case would violate the United States Constitution and the Alabama Constitution, separately and severally, for each of the following reasons:

   a. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against this Defendant or multiple Defendants for different alleged acts or omissions and different levels of wrongdoing;

   b. The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against separate alleged tortfeasors; and

   c. The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

62. There is no clear or sufficient standard as to what constitutes grounds for awarding punitive damages, there is no clear or sufficient standard for

determining the amount of punitive damages, there is no correlation between the amount of punitive damages permitted and the seriousness or extent of the alleged act or omission, and there is no correlation between the amount of punitive damages permitted and the amount of actual damages, if any, suffered by the Plaintiff.

63. The Defendant avers that the Plaintiff's claims for punitive damages violate Defendants' rights and protections afforded by the Commerce Clause and the United States Constitution.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

_____
PHILLIP E. ADAMS, JR. (ASB-9946-D56P)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

_____
PATRICK C. DAVIDSON (ASB-4602-A43P)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

_____
MATTHEW W. WHITE (ASB-6809-W83M)
One of the Attorneys for Oldcastle Materials
Southeast, Inc.

OF COUNSEL:
ADAMS, UMBACH,
 DAVIDSON & WHITE, LLP
Post Office Box 2069
Opelika, Alabama  36803-2069
(334)745-6466

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon:

James B. Sprayberry, Esq.
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429

Charles E. Vercelli, Jr., Esq.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049

by placing a copy of the same in the United States mail, properly addressed and postage prepaid this the __18__ day of September, 2006.

_____
OF COUNSEL