IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEN and NAOMI SCHWIEKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:06-CV-838-MEF |
| ) | |
| OLDCASTLE MATERIALS SOUTHEAST, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION TO CONTINUE
EXPERT WITNESS EXCHANGE DATE**

Plaintiffs move this Honorable Court to continue the date upon which the Plaintiffs must exchange their expert witness reports as they relate to repairing of sinkholes on the Plaintiffs' lands, and as grounds for this Motion say:

1. This case represents one portion of ongoing litigation against the Oldcastle Quarry in Lee County, Alabama. Please see the Plaintiffs' Motion Regarding Adding Parties, which is filed contemporaneously herewith and which is incorporated herein by reference.

2. Plaintiffs have today filed an Expert Witness Disclosure for all experts except those relating to repairs and cost of repairing sinkholes on the Schwiekers' lands.

3. The Plaintiffs' claims are based on the fact that Oldcastle's dewatering of the groundwater table has caused and is continuing to cause sinkholes to form on the Schwiekers' property. Literally dozens of sinkholes have formed as otherwise explained.

4. The Plaintiffs' lawyers, the undersigned and Jim Sprayberry, have been handling a very complex litigation against Oldcastle and its predecessor, Hanson. That complex litigation was broken into three separate trials, the first of which was to have taken place on January 30, 2007, the second on April 30, 2007, and the third on

September 24, 2007. As a result, all through the months of September-January, the Plaintiffs were preparing for the trial of the Lee County claims against the quarry. Preparing for that trial literally took all of Plaintiffs' available time. That trial settled during the first week of the trial. During the ensuing two months, the Plaintiffs and the quarries have been preparing for the re-trial of the City of Opelika claims against the quarries. Substantial amounts of time during the months of February and March were devoted to preparing that trial. On April 2, 2007, as a result of a series or problems with the trial court's orders, the parties and the trial court agreed to continue the City case against Hanson and Oldcastle, and to certify the matter as appealable under Alabama Rule of Appellate Procedure 5. The Order has not yet been signed, but is expected to be signed within the next few days granting such an appeal.

5. The next trial of the *Davis v. Hanson* litigation will be on September 24 and will include the claims of approximately 20 homeowners/families against the quarry. Discovery is now commencing on those claims in order to try that case in September.

6. As a result of all of the work that the Plaintiffs' attorneys had to do in preparing the two other trials against the quarries, the Plaintiffs have not had an opportunity to locate and retain competent expert witnesses to testify about whether to repair the sinkholes, how to repair the sinkholes, and the cost of repairing the sinkholes on the Schwieker' lands. In essence, though Plaintiffs have disclosed all liability experts, they are not now able to disclose certain damages experts. There just were not enough hours in the day. At this point, the Schwiekers have well over 100 sinkholes on their property. They had 12 when the first trial of this case occurred in August, 2004. The sinkholes continue to form after heavy rain events, and according to the experts previously retained by the Schwiekers (Messers Aley and Hicks), who are geologists and hydrogeologists, it

is extremely unlikely that the sinkholes can effectively be repaired until and unless the active sinkhole formation stops. In other words, it is a waste of time and money to try to repair sinkholes when they are still actively forming. As a result, it may or may not even be possible for the Plaintiffs to determine how much it will cost them to repair the sinkholes already on their property. Plaintiffs are now attempting to locate excavators, earth-moving companies, and so forth, to try to give Plaintiffs estimates of the costs of repairing the sinkholes that currently exist, if they are even willing to do so. To date, persons contacted on behalf of the Plaintiffs have expressed that they are not willing to attempt sinkhole repairs because of the fact that the sinkholes are ongoing, and it represents a dangerous condition for contractors working on the property.

7. A delay of 60 more days for the Plaintiffs to locate and retain experts who would be able to give reports will not prejudice the Defendants. The trial of this case is scheduled for December 10, 2007, eight months from today. A 60-day delay in exchanging expert witness information will not prejudice the Defendants and the Defendants will still have plenty of time in which to obtain discovery from the Plaintiffs' experts. Of course, Plaintiffs also ask the Court to extend the time in which the Defendants are required to respond with expert testimony by a similar 60-day extension.

**Wherefore,** for good cause shown, Plaintiffs move this Honorable Court to grant them a 60 day extension of time to locate and disclose the Rule 26 reports of additional experts.

s/ C. E. Vercelli, Jr.<br>
**CHARLES E. VERCELLI, JR.** (VER003)<br>
One of the Attorneys for Plaintiffs

**OF COUNSEL:**

| | |
|---|---|
| LAW OFFICES OF JAMES B. SPRAYBERRY<br>P.O. Drawer 2429<br>Auburn, AL 36831-2429<br>TEL: (334) 821-7100<br>FAX: (334) 821-7101<br>jsprayberry-spraylaw@charter.net | Charles E. Vercelli, Jr.<br>VERCELLI & ASSOCIATES, P.C.<br>1019 S. Perry Street<br>Montgomery, AL 36104-5049<br>TEL: (334) 834-8805<br>FAX: (334) 834-8807<br>cvercelli@vercelli-law.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2007, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record.

Phillip E. Adams, Jr.
Rick Davidson
Matthew W. White
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

I also hereby certify that a copy of the foregoing will be served upon:

W. F. Horsley
SAMSON & DENSON, LLP
P. O. Box 2345
Opelika, AL 36803-2345

counsel for the landowners, by placing a copy of the same in the United States Mail, postage prepaid and properly addressed on the 11th day of April, 2007.

                                                    **/s/ C. E. Vercelli, Jr.**
                                                    Of Counsel

500-06\Ps M-Cont Exp Witn Exchange.3.wpd