### UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

November 1, 2007

## NOTICE OF CORRECTION

**From:    Clerk's Office**

**Case Style:    Schwieker et al v. Oldcastle Materials Southeast, Inc.**

**Case Number:    3:06cv00838-MEF**

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF document previously attached to correct the case number.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 43   filed on    October 31, 2007.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 3:06-CV-838-MEF** |
| | ) | |
| OLDCASTLE MATERIALS | ) | |
| SOUTHEAST, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Defendant Oldcastle Materials Southeast, Inc. (hereinafter referred to as "Oldcastle"), by and through the undersigned counsel, and respectfully submits this Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, and says and states as follows:

**BRIEF STATEMENT OF FACTS**

Plaintiffs, along with numerous other individuals and governmental entities, sued Oldcastle in August of 2003 in the Circuit Court of Lee County, Alabama, adding Oldcastle as a defendant in their already existing lawsuit against the previous owner of the quarry in question. *See* Third Amended Complaint, attached hereto as Exhibit 1.[1] That lawsuit sought damages and injunctive relief against Oldcastle for its operation of the quarry. Specifically, the Schwiekers brought claims for negligence and wantonness, public nuisance, private nuisance, statutory diversion of water, and injunctive relief. *See* Fourth Amended Complaint.

In August of 2004, the Schwiekers' claims, along with the claims of several other individuals,

---

[1] The Schwiekers joined the lawsuit on August 25, 2003. *See* Fourth Amended Complaint, attached hereto as Exhibit 2.

the City of Opelika, and the Utilities Board of Opelika, proceeded to trial. On September 4, 2004, the jury returned ten general verdicts and answered three special interrogatories. The jury awarded the Schwiekers $75,000.00 to be paid by Oldcastle. *See* Verdicts, attached hereto as Exhibit 3. However, the jury found in favor of Oldcastle on six of the other individuals' claims, and the jury clearly and pointedly found that Oldcastle's operation of the quarry was not a nuisance. *See id*. Specifically, the jury answered "No" to the following question contained in the Additional Verdict Form:

> Do you find that Defendant, **OLDCASTLE MATERIALS SOUTHEAST, INC.'S**, operation of the quarry constitutes a nuisance?

The defense verdicts rendered included defense verdicts on plaintiffs' claims, similar to the Schwiekers, who had sinkholes on their property that they alleged to have been caused by Oldcastle. *See* Verdict in favor of Oldcastle on the claims of Donnie Smith. On September 8, 2004, the Circuit Court of Lee County, Alabama entered judgment based on the verdicts. Oldcastle then satisfied the Schwiekers' judgment.

In September of 2006, the Schwiekers filed this lawsuit against Oldcastle making claims for private nuisance,[2] negligence and wantonness, injunctive relief, and statutory damages for diversion of water. *See* Complaint. Oldcastle removed the lawsuit to federal court. Plaintiffs then filed their Motion for Partial Summary Judgment on September 6, 2007.

---

[2] In their Motion for Summary Judgment, Plaintiffs state that they are alleging that Oldcastle's "quarry operation is a public and private nuisance that should be enjoined from further operation." Motion for Summary Judgment at ¶ 12. However, Plaintiffs only sued Oldcastle for private nuisance, not public nuisance. *See* Complaint at Count 1.

**ARGUMENT**

**Neither the Doctrine of Res Judicata or Collateral Estoppel Entitles the Plaintiffs to**

**Summary Judgment on the Plaintiffs' Claims of Negligence.**

The Plaintiffs incorrectly assert that the verdicts returned in the 2004 trial between the Schwiekers and Oldcastle act as res judicata on the issue of liability for negligence against Oldcastle, leaving for trial only the question of the Schwiekers' damages. Res judicata does not act as bar to re-litigating mere portions of claims, which is what the Plaintiffs seek from this Court in their Motion for Partial Summary Judgment. "The doctrine of 'res judicata' is intended to provide consistency and continuity in the law." *Owen v. Miller*, 414 So. 2d 889, 890 (Ala. 1981) (quoting *Reed v. Allen*, 286 U.S. 191, 198-99 (1932)). Res judicata includes both claim preclusion, which is often referred to simply as res judicata, and issue preclusion, which is often referred to as collateral estoppel. *See Owen*, 414 So. 2d at 890. Plaintiffs argue that both issue preclusion and claim preclusion allow for them to only have to prove their damages at this trial. In fact, neither theory requires that summary judgment be entered as to a portion, the so-called "liability" portion, of the Plaintiffs' claim for negligence.

The mere filing of this lawsuit clearly indicates that the Plaintiffs are alleging new causes of action against Oldcastle, even if the names of the causes of action are the same. The Plaintiffs could not file a new lawsuit alleging negligence, and any other claims, on the part of Oldcastle unless new facts and new evidence came into existence after the 2004 verdict. If no new facts and evidence exist demonstrating all of the elements of negligence, rather than just damages, Oldcastle is entitled to the preclusive bar of the doctrine of res judicata on all claims. If allowed to file and maintain a lawsuit against Oldcastle based on the same duty, breach of duty, proximate cause, which is

essentially what Plaintiffs are asking the Court to do in their motion for summary judgment (i.e. Plaintiffs ask that this Court allow them to only prove one element – damages – of their claim), Plaintiffs would be receiving a recovery for the same conduct on which they have already received a recovery. *See Kerns v. Sealy*, 496 F. Supp. 2d 1306, 1314 (S.D. Ala. 2007) (explaining that "[t]o prevail on a claim of negligence under Alabama law, a plaintiff must prove: '(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury'") (quoting *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994)). Plaintiffs may not receive new or additional damages based on the same conduct for which they have already recovered monetary damages.

Res judicata bars a plaintiff from "relitigating any matter that could have been litigated in the prior action, regardless of whether the matter was actually presented." *Owen*, 414 So. 2d at 890; *See Campbell v. Campbell*, 561 So. 2d 1060, 1061 (Ala. 1990) (explaining that the elements of res judicata are that: (1) the prior judgment must have been rendered by a court of competent jurisdiction; (2) the judgment must have been rendered on the merits; (3) the cause of action must be identical; and (4) the parties or those in privity with them must be substantially identical). Quite simply, despite Plaintiffs' arguments to the contrary, the causes of action in this case are not identical to those in the earlier litigation. Although the Plaintiffs filed a negligence claim against Oldcastle in 2003, and have filed a negligence claim in the instant matter, the descriptive name of the claim does not make the causes of action identical. The evidence underlying the claim must be the same for the causes of action to be identical. *See Hughes v. Martin,* 533 So. 2d 188, 191 (Ala. 1988) ("It is considered the same cause of action when the same evidence is applicable in both actions."); *Geer Bros., Inc. v. Crump*, 349 So. 2d 577, 580-82 (Ala. 1977) (explaining that a cause of action was the

same as one already tried because the same evidence substantially supported both actions). As stated

earlier, if Plaintiffs are allowed to recover damages based solely on the same evidence as presented

to a jury in 2004, those damages would amount to a double recovery. The Plaintiffs have already

been compensated for their alleged loss in 2004. The jury awarded them damages based on its

finding of negligence. In the instant matter, Plaintiffs must prove all of the elements of their claim

based on new evidence, rather than old evidence.

Moreover, res judicata acts to operate as a bar to re-litigation of an entire claim, not merely

elements of a claim. Plaintiffs seek a summary judgment order from this Court, which would allow

them to only prove the damages portion of their claim. However, damages are an element of a

negligence claim. *See Edmonson v. Cooper Cameron Corp.*, 374 F. Supp. 2d 1103, 1106 (M.D. Ala.

2005). Without damages, a negligence claim must fail. Res judicata should not be used as a means

to divide up a claim. The doctrine of res ipsa loquitur is the proper means by doing what the

Plaintiffs seek to do, and that doctrine has not been raised and is not applicable in this lawsuit[3].

Likewise, the doctrine of collateral estoppel does not operate to allow Plaintiffs to only prove

---

[3] The doctrine of res ipsa loquitur is used to create a rebuttable inference of negligence. *See Khirieh v. State Farm Mut. Auto. Ins. Co.*, 594 So. 2d 1220, 1223 (Ala.1992). The elements of res ipsa loquitur are generally stated as:

(1) [T]he defendant must have had full management and control of the instrumentality which caused the injury; (2) the circumstances must be such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the management had not been negligent; (3) the plaintiff's injury must have resulted from the accident.

*Id.* (citations omitted). Given that the jury returned six defense verdicts at the 2004 trial, the damages claimed by Plaintiffs could have reasonably occurred without negligence on the part of Oldcastle.

that they have suffered some damages. The elements of collateral estoppel are that: (1) an issue exists that is identical to one involved in a previous suit; (2) the issue was actually presented in the prior action; (3) the resolution of the issue was necessary to the prior judgment; and (4) the same parties, or those in privity with them, are involved in the two actions. *Smith v. Union Bank & Trust Co.*, 653 So. 2d 933, 934 (Ala. 1995). The issue in the instant matter is not identical to that in the 2004 trial. The Plaintiffs have pled and testified to facts and circumstances that have occurred well after the conclusion of the 2004 trial. Thus, this is an entirely different lawsuit and the Plaintiffs must prove all of the elements of their negligence claim using evidence of facts that occurred after the September 2004 recovery.

Finally, summary judgment is inappropriate in this matter for the simple matter that Plaintiffs must prove causation of their damages based on facts occurring since the 2004 trial, and "'summary judgment is rarely appropriate in negligence actions, which almost always present factual issues of causation and of the standard of care that should have been exercised.'" *Kerns*, 496 F. Supp. 2d at 1314 (quoting *Ex parte Mobile Power and Light Co.*, 810 So. 2d 756, 759 (Ala. 2001)).[4] The facts of Plaintiffs' current claim against Oldcastle must support a finding by a jury of duty, breach of that duty, proximate cause, and damages. The past finding of negligence by a jury in 2004 does not

---

[4] Additionally, Plaintiffs must prove all of the elements of their other claims including wantonness, nuisance, and diversion of water. With regard to their wantonness claim specifically, Plaintiffs must prove "the conscious doing of some act or the omission of some duty, while *knowing* of the existing conditions and *being conscious* that, from doing or omitting to do an act, injury will likely or probably result." *Hooper v. Columbus Regional Healthcare Sys., Inc.*, 956 So. 2d 1135, 1140 (Ala. 2006) (citation omitted). While the special interrogatories answered by the jury in the 2004 trial may indicate that the Schwiekers' verdict was based on negligence, it does not indicate that the verdict was based on wantonness. Under Alabama law, "[n]egligence and wantonness are two distinct tort concepts of actionable culpability; consequently, they are defined by differing elements." *S.B. v. Saint James School*, 959 So. 2d 72, 89 n.7 (Ala. 2006).

suffice to satisfy the Plaintiffs' burden of proving that the breach of duty found in 2004 in any way caused the damages that they now allege because the facts necessary to support the Plaintiffs' current cause of action were not presented to the 2004 jury. Therefore, the causes of action are not the same, even though they are both negligence causes of action. Accordingly, res judicata does not apply.

## CONCLUSION

Based on the foregoing arguments and authorities, Oldcastle requests this Honorable Court to deny Plaintiffs' Motion for Summary Judgment.

Respectfully submitted this 31st day of October, 2007.


 /s/ Matthew W. White
PHILLIP E. ADAMS, JR. (ADA025)
PATRICK C. (RICK) DAVIDSON (DAV025)
MATTHEW W. WHITE (WHI086)
Attorney for Defendant,
Oldcastle Materials Southeast, Inc.


**OF COUNSEL**
Adams, Umbach, Davidson,
& White, LLP
Post Office Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466

7

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the above and foregoing upon the following, this the 31st day of October, 2007:


James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049


        /s/Matthew W. White        
Of Counsel