## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. 3:06-CV-838-MEF |
| | * | |
| OLD CASTLE MATERIALS | * | |
| SOUTHEAST, INC., | * | |
| | * | |
| Defendant. | * | |

### PLAINTIFF'S  RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

The Plaintiff would show this Court that:

### ADDITIONAL STATEMENT OF FACTS

The Schwiekers claim damages for the loss in value of the property, the formation of sinkholes and for the cost to repair sinkholes forming on their land. Even though the Case Action Summary incorrectly shows the verdicts being rendered on September 04, 2002, the correct date was actually September 04, 2004.  The jury found in favor of Oldcastle on four of the individual homeowner claims, which were for noise, dust and blasting damage only.  See third and fourth Amended Complaint and the Jury Verdicts.[1]  The jury found Oldcastle negligent as to the Schwiekers by the preponderance of the evidence.  As the Schwiekers' only claims were for de-watering and sinkhole damage, the jury was convinced that Oldcastle de-watered in a negligent manner and breached their duty not to harm their neighbor.

---

[1] It is irrelevant whether the jury found in favor of Oldcastle or in favor of the other Plaintiffs in this case as it relates to the Schwiekers.  However, the Schwiekers' adjoining neighbor, the City of Opelika and Opelika Utility Board, did receive a verdict in its favor but the jury awarded compensatory damages in the amount of $0.  That inconsistent verdict was reversed by the Alabama Supreme Court.

## ARGUMENT

⎯⎯⎯⎯⎯Negligence is not the central issue or element of an action for nuisance.  It is based on the wrongful act of creating or maintaining a nuisance.  Southern Railway (v) Robertson, 75 So. 831 (1917) The basis for the nuisance action are the injuries caused by the nuisance, rather than the acts producing it; thus the cause of action arises whenever an injury occurs.  City of Clanton (v) Johnson, 17 So.2nd 669 (1944); Yolande Coal (v) Pierce 68 So. 563 (1915).

"Nuisance" involves the reoccurrence of the acts causing the injury and the injury themselves.  In other words, each day of a continuing wrong is an independent cause of action.  Banks (v) Harbin 500 So.2d 1027 (Ala.1986); South and NAR Co. (v) McLendon 63 Al. 266 (Ala.1879).

Ordinarily negligence is not an element or issue in a private nuisance case, however, negligence is an element of a claim for nuisance if the alleged nuisance is caused by the Defendant's failure to act when he has a duty to do so.  St. Louis-San Francisco Ry. Co. (v) Wade, 1979, 607 F.2d 126; Southern Railway (v) Robertson supra.

A water user does not have the right to withdraw ground water so as to impair the aquifer which is its source.  Martin (v) City of Linden 667 So.2d 732 (1995).  Continual removal of groundwater by a quarry approximately one-half mile from homeowners caused sinkholes.  The Alabama Supreme Court held that this amounted to a nuisance, due to the removal of the ground supporting water.  Henderson (v) Wade Sand and Gravel 388 So.2d 900 (1980).

The Plaintiffs may prove causation on and after September 2004 using facts occurring prior to and subsequent to September 2004.  For example, the Plaintiffs anticipate using rainfall and drought data since approximately 1890 to show the number, duration and amounts of drought periods in East Central Alabama.  Additionally, the Plaintiffs expect testimony that the spring at Spring Villa had no record of ever ceasing flow in recorded history.  The City of Opelika actually used it as a source of public water from 1925 up to approximately 1988 with no record of the spring ever ceasing to flow.  The majority of expert data was generated prior to September 4, 2004.

The Defendants have confused the "issue" of negligence and damage.  All evidence of damage and valuations would be on or after September 4, 2004.  Thus, there is no legitimate argument that the Plaintiffs would receive any "double recovery".  The Plaintiffs would simply receive a recovery for ongoing, repetitive injuries/damages caused by the same negligent pumping of groundwater and de-watering by Oldcastle.

The leading cases on collateral estoppel and res judicata in Alabama are <u>Stewart (v) Brinley, 902 So.2d p.1 (Ala.2004)</u> and <u>Interstate Truck Leasing Inc. (v) Bender Interstate Truck Leasing Inc. 607 So.2d 716 (Ala.1992).</u>

Res judicata bars re-litigating "claims" in subsequent actions. Collateral estoppel bars re-litigating "issues".

An "issue" is a single "material point" in dispute between the same parties. For example, causation. A "material issue" is an issue that must be decided in order to resolve a claim or controversy. See Black's Law Dictionary, Eighth Edition.

Just as a "material issue" of disputed fact precludes summary judgement for a Defendant, an undisputed "material issue" should be the basis for summary judgement as to part of the elements or issues of this Plaintiff's case.

Oldcastle previously litigated in the State Court case, CV-02-85, the "material issue" of negligence. There are four elements in collateral estoppel: 1) that a prior "issue" is identical to the present issue being litigated; 2) that the prior issue was actually litigated in the earlier action; 3) that resolution of the issue was necessary to the prior judgement; and 4) that the same parties are involved in the two actions. Thus, Oldcastle should be barred from re-litigating the "issue" of negligence. A jury verdict clearly established the negligence, Oldcastle did not contest or appeal and Oldcastle paid the verdict. All four of the elements in collateral estoppel have been met.

<u>CONCLUSION</u>

Based on the foregoing arguments and authority, the Schwiekers request this Court to grant the Plaintiff's Motion for Partial Summary Judgment.

**s/ C. E. Vercelli, Jr.**
**CHARLES E. VERCELLI, JR.** (VER003)
One of the Attorneys for Plaintiffs

**OF COUNSEL:**

LAW OFFICES OF JAMES B. SPRAYBERRY                    Charles E. Vercelli, Jr.
P.O. Drawer 2429                                      VERCELLI & ASSOCIATES, P.C.
Auburn, AL 36831-2429                                 1019 S. Perry Street
TEL:   (334) 821-7100                                 Montgomery, AL 36104-5049
FAX:   (334) 821-7101                                 TEL:   (334) 834-8805
jsprayberry-spraylaw@charter.net                      FAX:   (334) 834-8807
                                                      cvercelli@vercelli-law.com

## CERTIFICATE OF SERVICE

        I hereby certify that on the 7th day of November, 2007, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

        Phillip E. Adams, Jr.
        Rick Davidson
        Matthew W. White
        ADAMS, UMBACH, DAVIDSON & WHITE, LLP
        P. O. Box 2069
        Opelika, AL 36803-2069

        I also hereby certify that a copy of the foregoing will be served upon:

        W. F. Horsley
        SAMSON & DENSON, LLP
        P. O. Box 2345
        Opelika, AL 36803-2345

counsel for the landowners, by placing a copy of the same in the United States Mail, postage prepaid and properly addressed on the 7th day of November, 2007.

                                        /s/  C. E. Vercelli, Jr.
                                        Of Counsel

155-00\Schwieker Resp to Def Resp to Plaint Partial MSJ.wpd