IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEN and NAOMI SCHWIEKER, | * |
| Plaintiffs, | * |
| v. | * CASE NO: 3:06-CV-838-MEF |
| OLDCASTLE MATERIALS SOUTHEAST, INC., | * |
| Defendant. | * |

### DEFENDANT'S MOTION FOR RECONSIDERATION

Comes Now Defendant Oldcastle Materials Southeast, Inc., by and through the undersigned counsel, and hereby respectfully requests this Honorable Court to reconsider its Order granting Plaintiffs' Motion to Amend. In objection to Plaintiffs' Motion to Amend Complaint, Defendant states as follows:

1. Plaintiffs' allege in their Motion to Amend Complaint that "[t]hrough inadvertence of their attorneys, Plaintiffs did not allege public nuisance" as a cause of action in their original complaint.

2. Plaintiffs sought leave from this Honorable Court to amend their complaint to allege such a cause of action on November 7, 2007. On November 16, 2007, this Court entered an Order granting Plaintiffs' Motion.

3. Oldcastle requests that this Court reconsider its Order because it objects to the Motion to Amend on the grounds that the deadline for amending pleadings has passed and said motion was very untimely and prejudiced Oldcastle.

4. The trial of this matter was initially set for December 10, 2007. Upon learning from counsel of the time needed to try this matter, the Court indicated that it would reset the trial for February of 2008.

5. Plaintiffs filed this motion on November 7, 2007 after the pre-trial conference.

6. Plaintiffs' motion was extremely untimely, and Plaintiffs did not shown good cause as to why their Motion to Amend should be granted. *See Sanders v. City of Montgomery*, 319 F. Supp. 2d 1296, 1300 (M.D. Ala. 2006) (ruling that a plaintiff could not broaden the scope of the litigation when he failed to show good cause for being granted leave for an untimely amendment); *see also Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) (explaining that where a party files a motion to amend within the time prescribed in the court's scheduling order, the Court should focus on Rule 15(a); but, where a party files an untimely motion to amend, the Court must first determine whether the party complied with Rule 16(b)'s good cause requirement). Moreover, Oldcastle will be prejudiced if the Plaintiffs are allowed leave to amend their complaint in that discovery has not been conducted on a public nuisance claim and Oldcastle has legal arguments that it would have relied upon in a motion for summary judgment as to a public nuisance claim.

4. Nothing in Plaintiffs' Complaint, or in their pretrial contentions, indicated that Plaintiffs wished to bring a claim for public nuisance.

5. Plaintiffs argue that because they previously brought a public nuisance claim against Defendant in the Circuit Court of Lee County, Alabama, Defendants should be prepared to defend a public nuisance claim.

6. To the contrary, Defendant has nothing to rely on other than Plaintiffs' pleadings in its preparation of this case.

7. Defendant would have asserted additional affirmative defenses in its answer if public nuisance had been alleged.

8. Furthermore, Defendant has not conducted discovery on a public nuisance claim in this matter, and Plaintiffs themselves admit that additional factual bases exist on their

claim for public nuisance. *See* Motion to Amend at ¶ 5.

8. Moreover, Defendant was successful in defending the public nuisance claim brought by Plaintiffs against it in the Circuit Court of Lee County, Alabama. If it had known that Plaintiffs were asserting a public nuisance claim in this matter, it would have filed a dispositive motion.

9. Therefore, Defendant objects to any amendments to the pleadings, and respectfully requests that this Honorable Court reconsider its Order and deny Plaintiffs' Motion.

Respectfully submitted,

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

/s/Phillip E. Adams, Jr.
PHILLIP E. ADAMS, JR. (ADA025)
PATRICK C. (RICK) DAVIDSON (DAV025)
MATTHEW W. WHITE (WHI086)
Attorney for Defendant Oldcastle
P.O. Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the above and foregoing upon the following, this the 20th day of November, 2007:

James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049

/s/ Phillip E. Adams, Jr.
Of Counsel