IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KEN and NAOMI SCHWIEKER, | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| OLDCASTLE MATERIALS SOUTHEAST, INC., | )    Case No.: 3:06-CV-838 |
| | ) |
|       Defendant. | ) |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiffs respond to Oldcastle's Motion for Reconsideration of the Court's Order granting Plaintiffs' Motion to Amend the Complaint to assert a cause of action for public nuisance. In response, Plaintiffs say:

1. Plaintiffs stand on their Motion to Amend Complaint, Document 46, filed on November 7, 2007.

2. In opposition to the Motion, Oldcastle essentially asserts two arguments. One, that the Motion is untimely because Plaintiffs did not file the Motion within the cutoff date. Two, that granting the Motion would prejudice Oldcastle.

3. As to the first alleged reason, untimeliness, Plaintiffs agree that the Motion is outside the scheduling order cutoff. However, as discussed in the pretrial conference, and as shown in Plaintiffs' Motion for Leave to Amend, Plaintiffs' counsel had thought that the public nuisance claim had been asserted. Indeed, as explained in the Motion, this case is but one facet of a series of cases that all are based upon the same wrongful conduct by Oldcastle. The evidence in the other facets/cases is identical to the evidence in this case. In the other cases, public nuisance is well known to Oldcastle to be the primary cause of action. Oldcastle has defended the other cases knowing full well that it is defending a public nuisance cause of action. Therefore, although technically untimely, Oldcastle has already fully litigated and virtually fully discovered the public nuisance cause of action in

the underlying *Lee County v. Oldcastle* litigation, the underlying *Davis and City of Opelika v. Oldcastle* litigation, and the underlying homeowners (*Davis v. Hanson*) litigation against Oldcastle. The only aspect of public nuisance evidence that Oldcastle has not yet taken discovery on relates to the relatively recent development that sinkholes are now forming near septic systems and that the State of Alabama has a regulation prohibiting septic systems within 300 feet of sinkholes.

4.    As to the second argument, prejudice, Oldcastle claims prejudice, but does not show any prejudice to it by granting leave to amend the Complaint. Perhaps its argument would be stronger were the case about to go to trial. The case is not about to go to trial, though. The trial is now scheduled for May 19, 2008, and Oldcastle therefore has months in which to obtain discovery if it so chooses. In this regard, Oldcastle has, to date, in this very litigation, only taken the depositions of the Plaintiffs and submitted interrogatories and requests for production. Oldcastle has not needed additional discovery because it already knows all of the Plaintiffs' evidence. Allowing the amendment to conform to the discovery that has already taken place, does not, therefore, prejudice Oldcastle.

5.    In light of the course of six years of litigating, and the fact that Oldcastle has always known that the Schwiekers and the other Plaintiffs against it have asserted public nuisance claims, good cause is shown, and the Court should deny Oldcastle's Motion for Reconsideration.

**WHEREFORE,** for good cause shown, Plaintiffs respond to Oldcastle's Motion for Reconsideration and urge the Court to deny the same.

Respectfully submitted this the 5th day of December, 2007.

                                          s/ C. E. Vercelli, Jr.
                                          **CHARLES E. VERCELLI, JR.** (VER003)
                                          One of the Attorneys for Plaintiffs

OF COUNSEL:

LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429
TEL: (334) 821-7100
FAX: (334) 821-7101
jsprayberry-spraylaw@charter.net

Charles E. Vercelli, Jr.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL: (334) 834-8805
FAX: (334) 834-8807
cvercelli@vercelli-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2007, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Phillip E. Adams, Jr.
Matthew W. White
Christine B. Dean
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

I also hereby certify that a copy of the foregoing will be served upon:

W. F. Horsley
SAMSON & DENSON, LLP
P. O. Box 2345
Opelika, AL 36803-2345

counsel for the landowners, by placing a copy of the same in the United States Mail, postage prepaid and properly addressed on the 5th day of December, 2007.

/s/ C. E. Vercelli, Jr.
Of Counsel

500-06\Ps' Resp-D's M-Reconsider.1.wpd