IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEN and NAOMI SCHWIEKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:06-cv-838-MEF |
| ) | (WO - Do not publish) |
| OLDCASTLE MATERIALS SOUTHEAST, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the Court on Plaintiffs' Motion for Partial Summary Judgment (Doc. # 29). Plaintiffs ask the Court to declare that Defendant is liable for damage to their property. Their motion is based on a September 4, 2004 jury verdict in which a jury in Lee County, Alabama found Defendant liable for causing sinkholes on Plaintiffs' property.

### II. JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of the State of Alabama and Defendant is a Delaware corporation with its principal place of business in Washington, D.C. The parties do not contest personal jurisdiction or venue, and the Court finds a sufficient factual basis for each.

### III. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## IV. FACTS AND PROCEDURAL BACKGROUND

The Court has carefully considered all depositions, affidavits, and other documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the nonmoving party, establish the following facts:

Defendant operates a limestone quarry in Lee County, Alabama. (Doc. # 29, at 2). Plaintiffs own a property that is near, but not adjacent to, Defendant's quarry. (*Id.*); (Doc. # 29-3). In 2002, Plaintiffs and others sued the previous operator of the quarry in the Circuit Court of Lee County, Alabama. (Doc. # 29, at 1); (Doc. # 29-2, at 2). In 2003, Defendant began operating the quarry. (Doc. # 29-2, at 2). In August 2004, the Lee County case went to trial, and on September

4, 2004, Plaintiffs won a jury verdict against Defendant in the amount of $75,000. (Doc. # 29, at 3). At the time of the 2004 trial, Plaintiffs had twelve relatively small sinkholes on their property. (*Id.*). Defendant was found liable for causing these sinkholes because its activities involve withdrawing groundwater in the area of the quarry and Plaintiffs' property. (*Id.* at 2-3).

In September 2006, Plaintiffs initiated this lawsuit by filing a complaint in the Circuit Court of Lee County. (Doc. # 1-2). Defendant promptly removed the case to this Court based on diversity jurisdiction. (Doc. # 1-3). Plaintiffs bring claims for private nuisance, negligence, and wantonness. (Doc. # 1-2, at 2-4). Plaintiffs seek compensatory and punitive damages, injunctive relief that would enjoin Defendant from operating its quarry, and statutory damages for diversion of water. (Doc. # 1-2, at 2-6). Plaintiffs' claims are based on the fact that the number and size of the sinkholes on Plaintiffs' land has increased since the 2004 verdict. (Doc. # 29, at 3). The new and larger sinkholes have caused destruction to Plaintiffs' property, including the death of large, old healthy trees. (*Id.*). Defendant has continued to operate its quarry, and it continues to pump water from the groundwater system in the area. (Doc. # 29, at 4).

## V. DISCUSSION

Plaintiffs seek summary judgment on the issue of whether Defendants' operation is the cause of the damage to its property since the 2004 verdict.

Plaintiffs argue that the principles of *res judicata* and collateral estoppel require the Court to grant them summary judgment on the issue of whether Defendant is liable for the damage to Plaintiffs' property. (Doc. # 29, at 5). The Court will address each theory with reference to Alabama law because the prior case occurred in state court. *United States v. Warford*, 791 F.2d 1519, 1521–1522 (11th Cir. 1986).

**A. *Res judicata***

Under Alabama law, the elements of *res judicata* are "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Stewart v. Brinley*, 902 So. 2d 1, 9 (Ala. 2004) (quoting *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala.1998)). If the elements are satisfied, "any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation." *Id.*

In this case, the only disputed element is whether the same cause of action is presented in this case and in the previous case. "[W]hether the second action presents the same cause of action depends on whether the issues in the two actions are the same and on whether substantially the same evidence would support a recovery in both actions." *Equity Res. Mgmt.*, 723 So. 2d at 637 (citations omitted).

When the previous case went to trial in 2004, Plaintiffs had twelve relatively small sinkholes on their property. (Doc. # 29, at 3). At the time Plaintiffs filed their Motion for Partial Summary Judgment (September, 2006), Plaintiffs had about seventy-five larger sinkholes on their property, many of which are large and formed by the merger of smaller sinkholes into larger ones. (*Id.*). Furthermore, Plaintiffs claim that whole areas of their property have collapsed into giant sinkholes, which has caused the falling and death of trees that are worth thousands of dollars. (*Id.*). Although the issues in this case are similar to the issues in the previous case, the evidence that would support recovery in this case far exceeds the evidence in the previous case because there are many more, larger sinkholes, and the amount of damage is allegedly far more significant. Therefore, Plaintiffs are not entitled to *res judicata* on the issue of whether Defendant's activity caused the damage to its property.

**B. Collateral Estoppel**

Under Alabama law, the elements of collateral estoppel are "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions." *Stewart v. Brinley*, 902 So. 2d 1, 10 (Ala. 2004) (quoting *Smith v. Union Bank & Trust Co.*, 653 So. 2d 933, 934 (Ala. 1995)). If these

elements are satisfied, then issues actually litigated in the previous action cannot be litigated in the present action. *Id.*

For collateral estoppel to apply, the issue of liability in this case must be identical to the issue of liability in the prior case. The issues of liability are not identical because the facts have changed significantly since the end of the prior case. Plaintiffs' farm has significantly greater damage because the sinkholes have increased in number and in size, and trees have been damaged. Therefore, Plaintiffs are not entitled to summary judgment on a collateral estoppel theory.

## VI. CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Partial Summary Judgment (Doc. # 29) is DENIED.

Done this the 4th day of April, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

                                                                                                                               Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).