## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OLDCASTLE MATERIALS SOUTHEAST, | ) | Case No.: 3:06-CV-838 |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY AND MOTION FOR SANCTIONS

Plaintiffs move this Honorable Court to compel the Defendant Oldcastle to respond to Plaintiffs' First Interrogatories and Requests for Production of Documents. Plaintiffs further move the court to sanction the Defendant as described herein. As grounds for this Motion, Plaintiffs say:

### I.    MOTION TO COMPEL.

1.    On or about September 1, 2006, on the date that the Plaintiffs filed the Complaint in State Court, the Plaintiffs served upon the Defendant's attorneys, First Interrogatories and Requests for Production to Defendant Oldcastle.

2.    This case is a very complex matter involving multiple expert witnesses and multiple technical, geological, and hydrological issues. Literally hundreds of people are affected by Oldcastle's actions. This case is about, in part, the Schwiekers' efforts to shut down a limestone quarry that has caused approximately 200 sinkholes to form on theirs and many other people's properties. Some of these sinkholes are as large as 100 feet or more in diameter. Spring Villa Road has collapsed in the area causing serious danger to the traveling public, and other roads are in danger of sinkhole collapse; a 115,000-volt power line is in danger of collapsing; a high pressure LP gas line from Texas to Georgia that travels through this area is in danger of rupture and explosion causing personal injury and property damage; and people's septic systems have failed and may in the future fail

due to Defendant's actions.  These things have been well known to Oldcastle and to the Plaintiffs for the past seven years while litigating in State Court on behalf of other clients against the quarry.

3.      The Plaintiffs' First Interrogatories and Requests for Production are attached hereto.  They are extensive, but they are all relevant and directly address the very many issues related to this case to be tried in December.

4.      To date, and despite multiple requests that the Defendants file responses to these Interrogatories and Requests for Production, Defendant Oldcastle has not responded. Oldcastle has sent some well level data to the Plaintiffs, but not nearly what has been requested or required under the circumstances.

5.      Oldcastle's attorney, Matt White, has repeatedly – at least 10 times or more–orally and in writing– responded that Oldcastle will in fact produce the documents. Within the last 90 days, Mr. White has orally promised the responses and has written e-mails promising responses.  Accordingly, Plaintiffs did not file a motion to compel.  It now appears that with trial in 5 weeks, Oldcastle has simply been stringing Plaintiffs along and apparently has no intention of ever producing the documents in spite of its lawyer's assurances that the documents will be produced.

6.      Attached to this Motion are several of the written requests for responses and the promises that responses would be forthcoming. There are multiple, multiple oral requests of a similar nature.

7.      As Oldcastle has not filed responses, and as this information is critically needed to prepare for the May 19 trial, and as Plaintiffs will have to give the information received to their several expert witnesses, time is of the essence in requiring Defendant to file responses. If the Court will compel Defendant to produce the documents within 10 days, Plaintiffs' experts will have sufficient time to use the data for the trial.

8.      If Defendant responds and then objects, for example, and a hearing must

2

ultimately be held with respect to this Motion to Compel, it is important that these things be done as quickly as possible so not to delay the trial of the case.

6.    The Plaintiffs do not desire to continue this case, and are filing this Motion to Compel in hopes that the Defendant will file complete responses in such a timely manner that the Plaintiffs will still be able to prepare for the May trial.

## II.    <u>MOTION FOR SANCTIONS</u>

7.    As shown, Defendant has, without cause, refused to provide requested documents and interrogatory responses to Plaintiff for 19 months.

8.    Defendant's attorneys have repeatedly assured Plaintiffs that responses and documents would be forthcoming. Some few documents have been produced, but the bulk of the responses have not been given.

9.    There is no just cause for this delay.

10.    The delay has clearly been intended to damage Plaintiffs' and Plaintiffs' experts' preparation of their case.

11.    Plaintiffs ask the Court to order responses AND to declare that Oldcastle may not, due to failure to cooperate in discovery, cross-examine Plaintiffs' experts regarding lack of documentation or details, that Oldcastle not be permitted to introduce evidence related to anything requested but not produced, and that the Court grant such other sanctions as are appropriate.

**WHEREFORE,** for good cause shown, Plaintiffs move this Honorable Court to order Defendant Oldcastle to fully respond to Plaintiffs' First Interrogatories and Requests for Production of Documents.

Respectfully submitted this the 11th day of April, 2008.

s/ C. E. Vercelli, Jr.
**CHARLES E. VERCELLI, JR.** (VER003)
One of the Attorneys for Plaintiffs

3

**OF COUNSEL:**

LAW OFFICES OF JAMES B. SPRAYBERRY                Charles E. Vercelli, Jr.
P.O. Drawer 2429                                  VERCELLI & ASSOCIATES, P.C.
Auburn, AL 36831-2429                             1019 S. Perry Street
TEL:   (334) 821-7100                             Montgomery, AL 36104-5049
FAX:   (334) 821-7101                             TEL:   (334) 834-8805
jsprayberry-spraylaw@charter.net                  FAX:   (334) 834-8807
                                                  cvercelli@vercelli-law.com


<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on the 11th day of April, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

      Phillip E. Adams, Jr.
      Rick Davidson
      Matthew W. White
      ADAMS, UMBACH, DAVIDSON & WHITE, LLP
      P. O. Box 2069
      Opelika, AL 36803-2069


                **/s/  C. E. Vercelli, Jr.**
                Of Counsel


500-06\M-Compel Responses.3.wpd

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No.:  _____ |
| | ) | |
| OLDCASTLE MATERIALS SOUTHEAST, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFFS' FIRST INTERROGATORIES AND
### REQUESTS FOR PRODUCTION TO DEFENDANT OLDCASTLE

Plaintiffs request Defendant Oldcastle to answer the following Interrogatories in writing and under oath pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and to produce the following documents and things pursuant to Rule 34 of the Alabama Rules of Civil Procedure.

## I.   INSTRUCTIONS

(a)   In answering these Interrogatories and Requests, please furnish all information, however obtained, and including hearsay, that is or may be available to you and all information known by you or in your possession, in your agent's possession and/or in your attorney's possession, or appearing in your records.   When answering these Interrogatories and Requests, be advised that you have a good faith duty to conduct a reasonable investigation and to make a good faith attempt to answer each Interrogatory and to produce all documents and things requested.

(b)   If you cannot answer any of the following Interrogatories or Requests in full after exercising due diligence to secure the full information sought, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

(c)   If your answer is that the documents requested are not in your possession or custody, describe in detail the unsuccessful efforts you have made to locate or obtain possession of the records.   If your response is that the documents are not in your control, then identify who has control and the location of the records.   If a request for production seeks a specific document or an itemized category that is not in your possession, control, or custody, provide any documents you have that contain all or part of the information contained in the requested document or category, then identify the source of each of the documents you produce.

(d)   These Interrogatories and Requests for Production shall be deemed to be continuing until and during the course of trial. Information sought by these Interrogatories and Requests which you obtain or learn after you serve your answers and produce the documents must be disclosed to Plaintiffs by supplementary answers.

(e)   Plaintiffs demand that the documents requested be produced in the file folder

or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof.

(f)    If you object to the production of any documents or a portion thereof based upon a claim that said documents are privileged or protected or otherwise undiscoverable, for each such document supply the following information: the portion that is not privileged, the author of the document, the person or persons to whom the document was addressed, the date of the document, and the subjects discussed in the document.

## II. <u>DEFINITIONS</u>

(a)    "Document" or "documents" shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio description, video tape, sound recording, microfilm, data stored or recorded by mechanical, electronic, electrical, or magnetic means (including, without limitation, data stored or recorded on or in punched cards, computer tapes, discs, reels, computer source codes, or other devices for business machines or any other means of storing and/or transmitting human intelligence), or any other printed or readable (by human or machine) materials.  To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, but without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversations), interview, schedule, graph, chart, note (including, but without limitation, notes used to prepare any letter, memorandum, reports or other documents as herein defined) contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), checkstub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording or sound recording transcription, video tape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), calendar, log, file card, raw data, notes and/or travel reports, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, and any other tangible item or thing of readable or visual material of whatever nature and each and every file, folder, or other container in which the above items are stored, filed, or maintained.

(b)    "Your", "your", and "yours" shall mean each adverse party collectively and together.  Thus, for each question, state the answer thereto for each party, if their answers differ.

(c)    "Identify":

I.    When used in reference to an individual, means to state his full name, if known, his present or last known position and business affiliation, and his residential address and telephone number.

ii.    When used in reference to a corporation, firm, or other entity, means to state its full name, form of organization (if known), and its present or last known address and telephone number.

iii.    When used in reference to a document, means to state the type of document, (e.g., letter, memorandum, telegram, chart, contract, prospectus, newspaper article, or the like), or some other means of identification, its author or authors, addressee or addressees, date or dates, subject or subjects, and its present location by address, and custodian or

custodians.  If such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

iv.    When used in reference to a telephone conversation, means, with respect to each party to the telephone conversation or listening thereto, to state: full name, business affiliation, business address, present or last known position, residential address, location of each party at the time the telephone conversation took place, which of the parties to the telephone conversation initiated the call, and when such telephone conversation took place.

v.    When used in reference to an oral conversation other than a telephone conversation, means, with respect to each party to the conversation or listening thereto, to state:  when such conversation took place, where such conversation took place, each parties' full name, present address and business affiliation, residential address, and telephone number.

## III.    INTERROGATORIES AND REQUESTS FOR PRODUCTION

1.    Please identify every person who was consulted about the repair work, grading, or any other conduct with respect to the repairs performed on the Ronnie Smith, Donnie Smith, and Shirley Dyson properties on Spring Villa road.

**RESPONSE:**

2.    Please produce every document in your possession or subject to your control that relates in any manner to the repairs performed on the Smith-Smith-Dyson properties on Spring Villa Road.  This would include, but not be limited to, permits, bills, invoices, contracts, correspondence, reports, and releases.

**RESPONSE:**

3.    State the amount of rock and the types of rock provided by Defendant Oldcastle to be used in the repair of the sinkholes on the Smith-Smith-Dyson properties.

**RESPONSE:**

4.    Provide every invoice and every estimate of any type or description received

by Oldcastle or anyone affiliated with Oldcastle with respect to any work performed, to be performed, or estimated with respect to the repair of the Smith-Smith-Dyson properties.

        **RESPONSE:**

5.      Produce all documents relating to, sent to, and received from Dixie Pipeline since January 1, 2004. This would include, but is not limited to any document in any way related to the sinkhole that formed under the pipeline and repair work done to such pipeline or pipeline right-of-way.

        **RESPONSE:**

6.      Identify every consultant, expert witness, or other person contacted by Defendant Oldcastle with respect to the potential repairs at the Smith-Smith-Dyson properties, whether such persons were or were not ultimately employed to perform or supervise such work on the Smith-Smith-Dyson properties.

        **RESPONSE:**

7.      Please produce all documents in your possession or subject to your control exchanged between Oldcastle and the Alabama Department of Environmental Management. This would include both the Smith-Smith-Dyson work and the quarry operations.

        **RESPONSE:**

8.      Please produce all discharge monitoring reports from January 1, 2004 to date.

        **RESPONSE:**

9.      Produce all documents relating to, sent to, or received from the Alabama Electric Co-op.  This would include, but not be limited to, payments, invoices, correspondence, releases, contracts or any other agreements and/or e-mails.

**RESPONSE:**

10.      Produce all documents in your possession or subject to your control relating to all pumping of water from the quarry, including, without limitation, all documents related to the pumps used to dewater the quarry, maintenance or repairs to such pumps, or the purchase of additional or new pump equipment, pipes, or other associated fixtures.

**RESPONSE:**

11.      Please produce all documents in your possession or subject to your control that relate in any way to any sinkholes on Spring Villa Road, including the evaluation of sinkholes on or in the vicinity of the Spring Villa Road/Spring Villa community.  Plaintiffs are specifically requesting the identities of all persons contacted regardless of whether these persons have been identified as expert witness in this or any other litigation.

**RESPONSE:**

12.      In accordance with Alabama Rule of Civil Procedure 26(b)(4), identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

13.     State the names, addresses (including work address), and telephone numbers of every person you expect to call to testify at the trial of this case.

**RESPONSE:**

14.     Please produce all documents in your possession or subject to your control regarding the Schwiekers or their property.

**RESPONSE:**

15.     During the months of March or April, 2006, Oldcastle's attorney, Phil Adams, had a conversation with Ken Schwieker's son regarding the sinkholes on the Schwiekers' property.  State in detail what was said during this conversation, where the conversation took place, and identify any person overhearing the conversation.

**RESPONSE:**

16.     Please produce all documents in your possession or subject to your control regarding any and every well monitoring or water well level readings taken by Oldcastle or any of its experts, contractors, or sub-contractors.  Without limitation, this includes all invoices, correspondence, reports, downloaded data, and any other document as defined herein.

**RESPONSE:**

17.     Produce all documents relating to, sent to, or received from Geo-Trans.  This would include, but not be limited to, correspondence, invoices, payments, printouts, reports, and e-mails.

**RESPONSE:**

18.     Identify all persons employed, retained or contracted by Oldcastle, Oldcastle's attorneys, or Oldcastle's expert witnesses, who have stepped upon any of the Plaintiffs' lands in the *Davis, et al. v. Hanson, et al.* litigation on and after August 30, 2004, without limitations.   This would include sub-contractors, experts, attorneys, field technicians, and anyone else in any way associated with Defendant Oldcastle.

**RESPONSE:**

19.     By letter dated January 11, 2006, Oldcastle's attorney, Phil Adams, alleged that certain equipment on the Utility Board property at Spring Villa near the Spring Villa pump house was damaged.  Please produce every document in your possession or subject to your control regarding such alleged damage.

**RESPONSE:**

20.     By letter dated January 11, 2006, Oldcastle's attorney, Phil Adams, alleged that "We have also discovered that over the New Year's weekend someone apparently went on the quarry site, opened the pump house and cut off the pumps."   The letter suggests that Oldcastle was conducting an investigation.  Produce every document in your possession or subject to your control relating to this allegation and investigation.

**RESPONSE:**

21.     With respect to the immediately preceding request for production, identify every person involved in any investigation and state in detail exactly what was determined

based upon the investigation.

     **RESPONSE:**


     22.    Please produce for inspection and analysis any equipment that you claim to have been damaged in any way with respect to the well on the Spring Villa Utility Board property.

     **RESPONSE:**


     23.    Identify all persons who have knowledge of any fact related to the alleged damage to any equipment on the Spring Villa Utility Board property.

     **RESPONSE:**


     24.    In the *Davis, et al. v. Hanson, et al.* litigation, the Defendants employed certain expert witnesses.  With respect to each expert witness, please describe in detail every thing that every one of such witnesses have done with respect to that litigation since the trial in August, 2004.

     **RESPONSE:**


     25.    Do you contend that the doctrines of res judicata and/or collateral estoppel do not apply to the Schwiekers' claims in this case against Defendant Oldcastle?  If your answer is in the affirmative, state every fact upon which you rely in contending that the doctrines of res judicata and/or collateral estoppel do not apply.

     **RESPONSE:**

26.     If you believe that the doctrines of res judicata and/or collateral estoppel do not apply, and that Defendant Oldcastle is not therefore liable for the new damages to the Schwiekers' property since the last trial, state every fact upon which you rely in such contention, and state in detail the basis in law for your contentions (see Alabama Rule of Civil Procedure 33(b) (second paragraph).

      **RESPONSE:**


27.     Please produce all documents in your possession or subject to your control regarding sales of materials of any type or description from the Oldcastle quarry from August 30, 2004, to date.

      **RESPONSE:**


28.     Please produce all documents in your possession or subject to your control relating to payments of royalties to the landowners for all materials sold for August 30, 2004, to date.

      **RESPONSE:**


29.     List and describe in detail all actions, steps, processes, and/or studies done since August, 2004, to stop, prevent, or limit the formation of sinkholes in the Spring Villa area generally, and on the Schwieker property specifically.

      **RESPONSE:**


30.     State the retail cost of the materials provided by the Defendant for use in

repairing the Smith-Smith-Dyson properties.

**RESPONSE:**


31.    Identify every truck driver, trucking company, and truck used to haul any type of material to the Smith-Smith-Dyson properties during the repairs thereof.

**RESPONSE:**


32.    In answering these interrogatories and requests for production of documents, have you withheld the names or identities of any persons, including expert witnesses, on the basis that you claim such persons' identity or identities to be confidential or privileged? If your answer is in the affirmative, state the name or names of such persons and provide whatever information you believe to be discoverable, and state the factual and legal basis for a claim of confidentiality to such names or identities of such persons that you have not produced.

**RESPONSE:**


33.    Give the depth of the quarry at its deepest point as of December 31, 2004; December 31, 2005, and May 1, 2005, based on mean sea level ("MSL").

**RESPONSE:**


34.    Do you contend that Oldcastle is not liable in punitive damages to the Schwieker? If your answer is in the affirmative, specifically describe every fact upon which you base this contention.

**RESPONSE:**

s/ C. E. Vercelli, Jr.
**Charles E. Vercelli, Jr. (VER003)**

**OF COUNSEL:**
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429
(334) 821-7100
Fax (334) 821-7101
jsprayberry-spraylaw@charter.net

Charles E. Vercelli, Jr.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
(334) 834-8805
Fax (33) 834-8807
cvercelli@vercelli-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been e-filed with the Circuit Court of Lee County, Alabama, and that COURTESY COPY has been served upon:

Phillip E. Adams, Jr.
Adams, Umbach, Davidson & White, LLP
P. O. Box 2069
Opelika, AL 36803-2069

W. F. Horsley
Samford, Denson, Horsley, Pettey,
 Bridges & Hughes
P.O. Box 2345
Opelika, AL 36803-2345

by placing same in the United States Mail, postage prepaid and properly addressed, on this the 1st day of September, 2006.

s/ C. E. Vercelli, Jr.
OF COUNSEL

## PLAINTIFFS DEMAND TRIAL BY JURY IN LEE COUNTY, ALABAMA

500-06\Ps'1stIRPD.5.wpd

## James Sprayberry

From:     "Matthew White" <mwhite@audwlaw.com>
To:       "James Sprayberry" <jsprayberry-spraylaw@charter.net>
Sent:     Wednesday, April 02, 2008 5:44 PM
Subject:  RE:

Jimmy, I'll be out of the office 'til Monday.  We should be able to get you this info early next week.  MW.

From: James Sprayberry [mailto:jsprayberry-spraylaw@charter.net]
Sent: Wednesday, April 02, 2008 7:47 AM
To: Matthew White
Cc: cvercelli@vercelli-law.com; Ken Schwieker
Subject:

Matt

I saw your recent letter about updating the Quarry info.  We need, but not limited to,

1  new air photos of quarry for 2007 or 2008.

2  current/updated pumping records.

3.  current depth of Q and water levels of ponds in pit.

4.  updated/current groundwater levels for all monitor wells/sites.

5  Field notes, if any, with photos of any testing, digging or studies including the exploratory dig on Sp Villa Road. This would include any new field notes for Geo-Trans.

You may have talked with Chip or written him about when you would have this; but I don't remember seeing it.

Thanks.
James B. Sprayberry
po box 2429
Auburn, Al 36831
334-821-7100

4/3/2008

# VERCELLI & ASSOCIATES, P.C.

*Attorneys & Counselors at Law*
(334) 834-8805
Fax (334) 834-8807

CHARLES E. VERCELLI, JR.
RAY VAUGHAN, *Of Counsel*

1019 S. Perry Street
Montgomery, Alabama 36104-5049
cvercelli@vercelli-law.com

March 4, 2008

Phillip E. Adams, Jr.                                    **Via FAX & U.S. Mail**
Adams, Umbach, Davidson & White, LLP
P. O. Box 2069
Opelika, AL 36803-2069

     RE:    *Schwieker v. Oldcastle Materials Southeast, Inc.*

Dear Phil:

    One other issue. We have never received complete responses to our interrogatories and requests for production served over a year ago. If we do not have responses by this week, we will have to file a Motion to Compel. If you will write to us letting us know that we will have complete responses within a reasonably short time, we will be happy to delay filing any Motion to Compel. We do need those answers very promptly, however.

    Please let me hear from you. Thank you.

Sincerely,

Charles E. Vercelli, Jr.

CEVjr/ma
cc:    James B. Sprayberry
500-06\Adams4.1 wpd

## Chip Vercelli

| | |
|---|---|
| **From:** | Chip Vercelli [cvercelli@vercelli-law.com] |
| **Sent:** | Friday, November 02, 2007 3:06 PM |
| **To:** | 'Matthew White' |
| **Cc:** | 'jsprayberry-spraylaw@charter.net' |
| **Subject:** | Responses to Discovery in Schwieker |

Matt,

I mentioned before the pretrial that we need Oldcastle's responses to our discovery. I didn't file the motion to compel. Please forward complete responses soon.

Thank you.

CHIP

Charles E. Vercelli, Jr.
**Vercelli & Associates, P.C.**
1019 S. Perry Street
Montgomery, AL 36104-5049
Tel:    334-834-8305
Fax:    334-834-8807

# VERCELLI & ASSOCIATES, P.C.

*Attorneys & Counselors at Law*
(334) 834-8805
Fax (334) 834-8807

CHARLES E. VERCELLI, JR.
RAY VAUGHAN, Of Counsel

1019 S. Perry Street
Montgomery, Alabama 36104-5049
cvercelli@vercelli-law.com

September 11, 2007

Matthew W. White                                    **Via Fax, E-mail & U.S. Mail**
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

     RE:    *Schwieker v. Oldcastle*

Dear Matt:

In preparing for our trial in December, we need to decide whether we are each going to object to depositions taken of various persons in the Hanson case. In other words, will we all stipulate and agree that depositions previously taken are usable in this trial to the same extent that they would have been usable in the Hanson litigation in Lee County? If we are going to make that agreement, we need to do so in writing as a stipulation. Obviously, neither you nor we would want to waive any arguments about admissibility for other reasons such as hearsay or other objections. I think we just need to have an agreement that the depositions, though taken in the other case, will be usable in evidence if otherwise admissible, in this case and in this trial. Does Oldcastle so agree? If not, we will need to take a lot of depositions very quickly. Our discovery cutoff is October 16, and we would ask to schedule depositions on every day from October 4 through October 16. We will want to take depositions of at least the following persons: Brian Fowler, Dr. Faust, Dr. Cook, Bob Wood, Fatima Hines, Pete Anderson, and Frank Heisterkamp. Please let Jim and I know as soon as possible your thoughts on this matter.

Finally, we still have not received full responses to our discovery to include, but not be limited to, groundwater levels converted to mean sea level, discharge monitor reports filed with ADEM, and the 2007 topo/photo/map of the quarry property with elevations shown. We will have to file a motion to compel if we do not receive them immediately. Thank you for looking into this.

Matthew W. White
September 11, 2007
Page 2

Sincerely,

Chip Vercelli

Charles E. Vercelli, Jr.

CEVjr/ma
cc:     James B. Sprayberry
        W. F. Horsley
153-001\White2.1 wpd

## Chip Vercelli

**From:** Chip Vercelli [cvercelli@vercelli-law.com]
**Sent:** Tuesday, August 21, 2007 9:50 AM
**To:** 'Matthew White'
**Subject:** RE: Schwieker vs. Oldcastle

Thank you.

CHIP

**From:** Matthew White [mailto:mwhite@audwlaw.com]
**Sent:** Tuesday, August 21, 2007 8:19 AM
**To:** Chip Vercelli
**Subject:** RE: Schwieker vs. Oldcastle

Chip, I will get you the stuff. I am tied up today but will have time tomorrow to get to it. Thanks for your patience.
MW.

**From:** Chip Vercelli [mailto:cvercelli@vercelli-law.com]
**Sent:** Friday, August 17, 2007 5:15 PM
**To:** Matthew White
**Cc:** jsprayberry-spraylaw@charter.net; Rick Davidson; Phillip Adams
**Subject:** Schwieker vs. Oldcastle

Matt,

A long time ago, we sent discovery to Oldcastle. We have not seen your responses and documents. We need this information to give to our experts to supplement their opinions. This includes things such as water level data, etc. I reminded you about this on 7/25/07 and 8/7/07 by e-mail. I don't want to file a motion to compel but will have to early next week unless you assure me that you will give us the responses and data next week.

Can you please advise?

Thank you.

CHIP

Charles E. Vercelli, Jr.
**Vercelli & Associates, P.C.**
1019 S. Perry Street
Montgomery, AL 36104-5049
Tel:  334-834-8805
Fax:  334-834-8807

4/11/2008

## Chip Vercelli

| | |
|---|---|
| **From:** | Chip Vercelli |
| **Sent:** | Tuesday, August 07, 2007 7:06 PM |
| **To:** | 'Matthew White' |
| **Cc:** | 'jsprayberry-spraylaw@charter.net' |

**Subject:** FW: Schwieker Discovery

Matt,

I haven't heard from you on this. Can you get us some discovery responses soon?

CHIP

**From:** Chip Vercelli [mailto:cvercelli@vercelli-law.com]
**Sent:** Wednesday, July 25, 2007 1:45 PM
**To:** 'Matthew White'
**Cc:** 'James Sprayberry'
**Subject:** Schwieker Discovery

Matt,

We filed the attached discovery requests with the Complaint in this case. Oldcastle has not responded yet. Can you advise when you will be able to give us responses?

We are working on our R26 expert information. We may need another 1-2 weeks to finalize. Would you object if we also extended your time to give us your R26 info.

Thank you.

CHIP

Charles E. Vercelli, Jr.
**Vercelli & Associates, P.C.**
1019 S. Perry Street
Montgomery, AL 36104-5049
Tel:   334-834-8805
Fax:   334-834-8807

## Chip Vercelli

| | |
|---|---|
| **From:** | Chip Vercelli [cvercelli@vercelli-law.com] |
| **Sent:** | Wednesday, July 25, 2007 1:45 PM |
| **To:** | 'Matthew White' |
| **Cc:** | 'James Sprayberry' |
| **Subject:** | Schwieker Discovery |

Matt,

We filed the attached discovery requests with the Complaint in this case. Oldcastle has not responded yet. Can you advise when you will be able to give us responses?

We are working on our R26 expert information. We may need another 1-2 weeks to finalize. Would you object if we also extended your time to give us your R26 info.

Thank you.

CHIP

Charles E. Vercelli, Jr.
**Vercelli & Associates, P.C.**
1019 S. Perry Street
Montgomery, AL 36104-5049
Tel:  334-834-8805
Fax:  334-834-8807