IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | CASE NO: 3:06-CV-838-MEF |
| | * | |
| OLDCASTLE MATERIALS | * | |
| SOUTHEAST, INC., | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

COMES NOW the Defendant, Oldcastle Materials Southeast, Inc., by and through counsel, and in response to Plaintiffs' Motion to Compel Responses to Discovery and Motion for Sanctions states as follows:

1. Defendant Oldcastle has now filed formal responses to Plaintiffs' Interrogatories and Request for Production. (See Exhibit A).

2. Counsel for both parties have agreed that, subject to Defendant Oldcastle supplementing it's discovery responses as set forth below by Friday April 18, 2008, their discovery dispute is hereby resolved.

3. On Tuesday, April 15, 2008, the undersigned counsel for Defendant had a telephone conference with Chip Vercelli, counsel for Plaintiffs, wherein the parties discussed the adequacy of some of Defendant's discovery responses and counsel for Defendant agreed to supplement the discovery responses as set forth below.

4. Defendant Oldcastle agrees to supplement it's discovery responses as follows (the numbered paragraphs below correspond with the numbered paragraphs of the discovery responses):

   3. Defendant will attempt to determine what sizes of rocks were delivered to the Smith-Smith-Dyson properties. If this information is available it will be produced.

   4. Counsel for both parties discussed whether the invoices were, in fact, previously produced. Counsel for Defendant agreed to simply produce the invoices again.

   7. Counsel for Defendant agreed to copy all compliance packages filed to date with the Circuit Court of Lee County, Alabama and deliver the same to attorney Jim Sprayberry's office by Friday of this week.

   14. Counsel for Defendant agreed to provide copies of any and all field notes that Defendant's expert Bob Cook created within the last four months regarding the Schwiekers' property.

   16. Counsel for Defendant agreed to determine whether the raw well level data can be converted to Mean Sea Level (MSL), and if so, to produce the data in MSL from January 2007 to present.

   17. Counsel for Defendant agreed to provide all Geo Trans

    invoices to date and any and all correspondence or communications between Pete Anderson and Brian Fowler, if any.

18. Counsel for Defendant agreed to provide the names of all Plaintiffs on whose property sinkholes have been repaired by Oldcastle, who performed the repairs, and at what costs (if available).

24. Counsel for Defendant agreed to provide a description of what each of our experts have done since the date of their last expert report.

27. Counsel for Defendant agreed to provide the gross tonnage of rock sold from the quarry from August 30, 2004 to date.

28. Defendant agreed to provide a response to this request.

30. Counsel for the respective parties discussed whether a response to this request was, in fact, previously provided. Counsel for Defendant agreed to double check and respond to the interrogatory if necessary, or point out to Plaintiffs' counsel where the information was previously provided.

31. Defendant agreed to provide the invoices from any trucking company used to haul material to the Smith-Smith-Dyson properties during repairs.

5. Counsel for both parties agreed that if counsel for Plaintiff is not

satisfied with the supplemental production, and if the parties could not resolve such a dispute themselves, counsel for Plaintiff may file another motion with the Court.

RESPECTFULLY SUBMITTED this the 15th day of April, 2008.

_/s/ Matthew W. White
MATTHEW W. WHITE (ASB-6809-W83M)

OF COUNSEL:

ADAMS, UMBACH,
  DAVIDSON & WHITE, LLP
P. O. BOX 2069
OPELIKA, ALABAMA  36803-2069
334-745-6466

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have this day served a true and correct copy of the above and foregoing upon:

James B. Sprayberry, Esq.
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429

Charles E. Vercelli, Jr., Esq.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049

      Done this the 15th day of April, 2008.

                                                /s/ Matthew W. White
                                               OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | CASE NO: 3:06-CV-838-MEF |
| | * | |
| OLDCASTLE MATERIALS | * | |
| SOUTHEAST, INC., | * | |
| | * | |
| Defendant. | * | |

### OLDCASTLE'S RESPONSE PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, the Defendant, Oldcastle Materials Southeast, by and though counsel, and in response to Plaintiffs' Interrogatories and Request for Production of Documents and states as follows:

1. Please identify every person who was consulted about the repair work, grading, or any other conduct with respect to the repairs performed on the Ronnie Smith, Donnie Smith, and Shirley Dyson properties on Spring Villa road.

   **RESPONSE:** Brian Fowler and David Barker.

2. Please produce every document in your possession or subject to your control that relates in any manner to the repairs performed on the Smith-Smith-Dyson properties on Spring Villa Road. This would include, but not be limited to, permits, bills, invoices, contracts, correspondence, reports, and releases.

   **RESPONSE: None. All work was performed using internal production resources.**

3. State the amount of rock and the types of rock provided by Defendant Oldcastle to be used in the repair of the sinkholes on the Smith-Smith-Dyson properties.

   **RESPONSE: Approximately two hundred cubic yards of limestone.**

4. Provide every invoice and every estimate of any type or description received by Oldcastle or anyone affiliated with Oldcastle with respect to any work performed, to be performed, or estimated with respect to the repair of the Smith-Smith-Dyson properties.

   **RESPONSE: Previously produced.**

5. Produce all documents relating to, sent to, and received from Dixie Pipeline since January 1, 2004. This would include, but is not limited to any document in any way related to the sinkhole that formed under the pipeline and repair work done to such pipeline or pipeline right-of-way.

   **RESPONSE: None.**

6. Identify every consultant, expert witness, or other person contacted by Defendant Oldcastle with respect to the potential repairs at the Smith-Smith-Dyson properties, whether such persons were or were not ultimately employed to perform or supervise such work on the Smith-Smith-Dyson properties.

   **RESPONSE: Brian Fowler, David Barker, Bob Cook, Representatives of**

        Barge, Waggoner and Representatives of J2F.

7. Please produce all documents in your possession or subject to your control exchanged between Oldcastle and the Alabama Department of Environmental Management. This would include both the Smith-Smith-Dyson work and the quarry operations.

   **RESPONSE: Documents responsive to this request have been previously produced and/or being updated in Oldcastle's monthly compliant packages to which Plaintiffs have access.**

8. Please produce all discharge monitoring reports from January 1, 2004 to date.

   **RESPONSE: Documents responsive to this request have been previously produced and/or being updated in Oldcastle's monthly compliant packages to which Plaintiffs have access.**

9. Produce all documents relating to, sent to, or received from the Alabama Electric Co-op. This would include, but not be limited to, payments, invoices, correspondence, releases, contracts or any other agreements and/or e-mails.

   **RESPONSE: Previously produced.**

10. Produce all documents in your possession or subject to your control relating to all pumping of water from the quarry, including, without limitation, all documents related to the pumps used to dewater the quarry, maintenance or repairs to such pumps, or the purchase of

additional or new pump equipment, pipes, or other associated fixtures.

**RESPONSE: Documents responsive to this request have been previously produced and/or being updated in Oldcastle's monthly compliant packages to which Plaintiffs have access.**

11. Please produce all documents in your possession or subject to your control that relate in any way to any sinkholes on Spring Villa Road, including the evaluation of sinkholes on or in the vicinity of the Spring Villa Road/Spring Villa community. Plaintiffs are specifically requesting the identities of all persons contacted regardless of whether these persons have been identified as expert witness in this or any other litigation.

    **RESPONSE: As to documents requested, many documents responsive to this request have been previously produced. Oldcastle will supplement this response by providing Plaintiff's with "Amended Plans for Reconstruction of County Road 148" and two reports submitted by J2F. As to the identities of all persons contacted regarding Spring Villa Road, Oldcastle lists the following: Lane Shultz, P.E., Bob St. John, P.E. (J2F), Chris Grace, P.E. (Barge Waggoner), Tim Mullendore (APAC), Sam Head (APAC), Bob Cook, Brian Fowler.**

12. In accordance with Alabama Rule of Civil Procedure 26(b)(4), identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to

testify and a summary of the grounds for each opinion.

**RESPONSE: Response is previously provided.**

13. State the names, addresses (including work address), and telephone numbers of every person you expect to call to testify at the trial of this case.

    **RESPONSE: Response is previously provided.**

14. Please produce all documents in your possession or subject to your control regarding the Schwiekers or their property.

    **OBJECTION OF COUNSEL: Counsel for Defendant objects on the grounds that said request is overly broad and unduly burdensome. Said request is also invasive of the attorney-client and work product privileges.**

15. During the months of March or April, 2006, Oldcastle's attorney, Phil Adams, had a conversation with Ken Schwieker's son regarding the sinkholes on the Schwiekers' property. State in detail what was said during this conversation, where the conversation took place, and identify any person overhearing the conversation.

    **OBJECTION OF COUNSEL: Counsel for Defendant objects to said request on the grounds that it is invasive of the attorney-client and work product privileges.**

16. Please produce all documents in your possession or subject to your control regarding any and every well monitoring or water well level

readings taken by Oldcastle or any of its experts, contractors, or sub-contractors. Without limitation, this includes all invoices, correspondence, reports, downloaded data, and any other document as defined herein.

**RESPONSE: Documents responsive to this request have been previously produced and/or being updated in Oldcastle's monthly compliant packages to which Plaintiffs have access. Geotrans' invoices are attached hereto.**

17. Produce all documents relating to, sent to, or received from Geo-Trans. This would include, but not be limited to, correspondence, invoices, payments, printouts, reports, and e-mails.

**RESPONSE: Please see Pete Anderson's expert reports which have been previously produced. Geotrans' invoices are attached hereto.**

18. Identify all persons employed, retained or contracted by Oldcastle, Oldcastle's attorneys, or Oldcastle's expert witnesses, who have stepped upon any of the Plaintiffs' lands in the *Davis, et al. V. Hanson, et al.* litigation on and after August 30, 2004, without limitations. This would include sub-contractors, experts, attorneys, field technicians, and anyone else in any way associated with Defendant Oldcastle.

**OBJECTION OF COUNSEL: Counsel for Defendant objects to said request on the grounds that it is overly broad and unduly burdensome. Many people have been on the Schweiker's property since August 30,**

2004 given that litigation in the Lee County case has been ongoing since that time. However, no representative of Defendant has gone onto the Schweiker's property without the Schweiker's knowledge and consent. Mr. Schweiker requires all persons entering upon his property to sign a document. Thus, this information is equally available to the Plaintiffs.

19. By letter dated January 11, 2006, Oldcastle's attorney, Phil Adams, alleged that certain equipment on the Utility Board property at Spring Villa near the Spring Villa pump house was damaged. Please produce every document in your possession or subject to your control regarding such alleged damage.

    **OBJECTION OF COUNSEL: Counsel for Oldcastle objects to this request on the grounds that it is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Counsel for Oldcastle further objects to the extent that said requests is invasive of the attorney-client and work product privileges. Without waiving said objection, counsel for Oldcastle would state that they are not aware of any documents regarding this matter.**

20. By letter dated January 11, 2006, Oldcastle's attorney, Phil Adams, alleged that "We have also discovered that over the New Years's weekend someone apparently went on the quarry site, opened the pump house and cut off the pumps." The letter suggests that Oldcastle was conducting an

investigation. Produce every document in your possession or subject to your control relating to this allegation and investigation.

**OBJECTION OF COUNSEL:** Counsel for Oldcastle objects to this request on the grounds that it is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Counsel for Oldcastle further objects to the extent that said requests is invasive of the attorney-client and work product privileges. Without waiving said objection, counsel for Oldcastle would state that they are not aware of any documents regarding this matter.

21. With respect to the immediately preceding request for production, identify every person involved in any investigation and state in detail exactly what was determined based upon the investigation.

    **OBJECTION OF COUNSEL:** Counsel for Oldcastle objects to this request on the grounds that it is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Counsel for Oldcastle further objects to the extent that said requests is invasive of the attorney-client and work product privileges. Without waiving said objection, counsel for Oldcastle would state that David Barker and/or his staff made the observations during the daily pre-op equipment checks. Counsel for Oldcastle would also state that David Barker and Brian Fowler were involved in investigating the matter. The final determination was outlined in the letter from Phil Adams to

Chip Vercelli dated January 11, 2006.

22. Please produce for inspection and analysis any equipment that you claim to have been damaged in any way with respect to the well on the Spring Villa Utility Board property.

**RESPONSE: The equipment has been repaired and returned to the well.**

23. Identify all persons who have knowledge or any fact related to the alleged damage to any equipment on the Spring Villa Board property.

**RESPONSE: Brian Fowler, Geo-Trans staff. Counsel for Oldcastle objects to the extent the this request is invasive of the attorney-client and work product privileges.**

24. In the *Davis, et al. v. Hanson, et al.* litigation, the Defendants employed certain expert witnesses. With respect to each expert witness, please describe in detail every thing that every one of such witnesses have done with respect to this litigation since the trial in August, 2004.

**OBJECTION OF COUNSEL: Counsel for Defendant objects to said request on the grounds that it is overly broad and unduly burdensome. Defendants' experts have done many, many things since August 2004. Each of Defendants' experts has produced several expert reports since that time and each has been deposed on numerous occasions since that time. It would be next to impossible, at this stage, for Defendant to recreate what each of Defendants' experts have done since the Lee**

County Trial in August 2004.

25. Do you contend that the doctrines of res judicata and/or collateral estoppel do not apply to the Schwiekers' claim in this case against Defendant Oldcastle? If your answer is in the affirmative, state every fact upon which you rely in contending that the doctrines of res judicata and/or collateral estoppel do not apply.

**RESPONSE: This matter is moot as the Court has already ruled on this issue.**

26. If you believe that the doctrines of res judicata and/or collateral estoppel do not apply, and that Defendant Oldcastle is not liable for the new damages to the Schwiekers' property since the last trial, state every fact upon which you rely in such contention, and state in detail the basis in law for your contentions (see Alabama Rule of Civil Procedure 33(b) (second paragraph).

**RESPONSE: This matter is moot as the Court has already ruled on this issue.**

27. Please produce all document in your possession or subject to your control regarding sales of materials of any type or description from the Oldcastle quarry from August 30, 2004, to date.

**OBJECTION OF COUNSEL: Counsel for Defendant objects to request number 27 on the grounds that it is overly broad, unduly burdensome, not limited in any fashion, and not reasonably calculated to lead to the**

discovery of admissible evidence.

28. Please produce all documents in your possession or subject to your control relating to payments of royalties to the landowners for all materials sold for August 30, 2004, to date.

   **OBJECTION OF COUNSEL:** Counsel for Defendant objects to request 28 on the grounds that it seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. In regards to this request, Defendant would point out that the land owners are not parties to this litigation.

29. List and describe in detail all actions, steps, processes, and/or studies done since August, 2004, to stop, prevent, or limit the formation of sinkholes in the Spring Villa area generally, and on the Schwieker property specifivally.

   **OBJECTION OF COUNSEL:** Counsel for Defendant objects to request number 29 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Specifically, counsel for Defendant would state that Defendants' experts have done many, many things since August 2004. As stated previously, they have each issued several expert reports and have each been deposed on numerous occasions. It would be next to impossible to "detail all actions, steps, processes and/or studies done" by each of Defendants' experts since August 2004.

30. State the retail cost of the materials provided by the Defendant for use in repairing the Smith-Smith-Dyson properties.

    **RESPONSE: Previously provided.**

31. Identify every truck driver, trucking company, and truck used to haul any type of material to the Smith-Smith-Dyson properties during the repairs thereof.

    **OBJECTION OF COUNSEL: Counsel for Oldcastle objects to this request on the grounds that it is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.**

32. In answering these interrogatories and requests for production of documents, have you withheld the names or identifies of any persons, including expert witnesses, on the basis that you claim such persons' identify or identities to be confidential or privileged? If our answer is in the affirmative, state the name or names of such persons and provide whatever information you believe to be discoverable, and state the factual and legal basis for a claim of confidentiality to such names or identities of such persons that you have not produced.

    **RESPONSE: Other than in instances wherein counsel for Oldcastle has raised specific objections, no names or identities of persons have been withheld under claim of privilege.**

33. Give the depth of the quarry at its deepest point as of December 31, 2004; December 31, 2005, and May 1, 2005, based on mean sea level ("MSL").

>RESPONSE: The sump has been at 450 MSL since December 31, 2004 and has not changed. The floor of the quarry has been at 505-510 MSL since December 31, 2004 and has not changed.

34. Do you contend that Oldcastle is not liable in punitive damages to the Schwieker? If you answer is in the affirmative, specifically describe every fact upon which you base this contention.

>OBJECTION OF COUNSEL: Counsel for Defendant objects to request number 34 on the grounds that it calls for a legal conclusion and furthermore misplaces the burden of proof. It is the Plaintiffs burden to prove that the Defendant is, in fact, liable for punitive damages, not the other way around.

_____
BRIAN FOWLER
For Defendant, Oldcastle Materials Southeast, Inc.

SWORN TO AND SUBSCRIBED before me on this the 12 day of April, 2008.

_____
Notary Public
My Commission Expires:

LAUREN E. CLARK, Notary Public
My Commission Expires May 16, 2012.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

_____
PHILLIP E. ADAMS, JR. (ADA025)
MATTHEW W. WHITE (WHI086)
Attorney for Defendant Oldcastle
P.O. Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing by placing a copy of same in the United States Mail, first class postage prepaid, and properly addressed to the following, this the 14 day of April, 2008:

James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049

_____
Of Counsel