IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **KEN and NAOMI SCHWIEKER,** | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | CASE NO: 3:06-CV-838-MEF |
| | * | |
| **OLDCASTLE MATERIALS** | * | |
| **SOUTHEAST, INC.,** | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR JURY VIEW**

Comes Now Defendant Oldcastle Materials Southeast, Inc., (hereinafter referred to as "Oldcastle"), by and through the undersigned counsel, and hereby respectfully submits this Response in Opposition to Plaintiff's Motion for Jury View. In objection to Plaintiffs' Motion for Jury View, Oldcastle states as follows:

1.  On April 7, 2008, Plaintiffs filed a Motion for Jury View.

2.  This Honorable Court entered an Order directing Oldcastle to show cause why Plaintiffs' Motion for Jury View should not be granted by April 16, 2008.

3.  "Whether to allow the jury to view the scene [is] in the discretion of the district court." *Auto Owners Ins. Co. v. Bass*, 684 F.2d 764, 769 (11th Cir. 1982) (citing *Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 604 F.2d 950, 958 (5th Cir. 1979))[1]. In holding that the trial court did not abuse its discretion in denying a motion to have the jury view the scene of a fire, the Court in *Auto Owners Ins. Co.* noted that

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

numerous photographs of the scene were introduced into evidence and cited Rule 403 of the *Federal Rules of Evidence*, which states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cummulative evidence." *See Auto Owners Ins. Co.*, 684 F.2d at 769; Fed. R. Evid. 403.

4. Plaintiffs have causes of action in this matter for negligence and wantonness, private nuisance, injunctive relief, and statutory damages for diversion of water.

5. Specifically, the Plaintiffs do not have a cause of action for public nuisance. Nonetheless, in their Motion for Jury View, the Plaintiffs request that this Court allow the jury to view "Spring Villa Road," "the Smith-Smith-Dyson properties," "the property of Earl Parker on State Road 169," "the Brown Tool & Mold property, the Sanders' property, the Little Uchee Creek and the Alabama Electric Co-op's power line easement thereon," "the Dixie Pipeline easement where it crosses 166," "the Parker-Lassiter-Furmanek properties on State Highway 169, Spring Villa Road from Highway 169 to the bridge over Little Uchee Creek, then traveling back down Spring Villa Road, then north and east to Lee Road 151 (which Lee County was forced to pave when Spring Villa Road was closed); then to Spring Villa Road east of the closed portion." *See* Motion for Jury View at preamble & ¶ 2. None of these places have any relevance whatsoever to any of the Schwiekers' claims in this matter. Therefore, having the jury view these places would have absolutely no probative value. For example, evidence regarding these properties and places is not relevant to

    the issues of whether the quarry negligently caused sinkholes to appear on the Schwiekers' property or whether the quarry is interfering with the Schwiekers' use and enjoyment of their property as required to prove their private nuisance claim.

6. Plaintiffs assert that the jury should view the areas in controversy in this litigation. However, the only areas in controversy in this litigation are the Schwiekers' property and the quarry, and allowing the jury to view any areas would be extremely prejudicial to Oldcastle.

7. In Plaintiffs' Motion for Jury View, they proposed that the jury view, among other things, the Dixie Pipeline and the location of a sinkhole that formed on October 4, 2005, the Earl Parker/ Furmanek driveway, the Furmanek home, Spring Villa Road, the Sanders' property and sinkholes allegedly relating to the septic system on the Sanders' property, the Brown Tool and Mold property, the Tankersley's property, Shirley Dyson's property, Ronnie Smith's property, Donnie Smith's property, and Lee Road 151. Because none of these properties or areas are relevant to the Schwiekers' claims, the Plaintiffs' Motion for Jury View should be denied.

8. Allowing the jury to view areas other than the Schwiekers' property and the quarry would be prejudicial and confusing and misleading to the jurors to Oldcastle in that the Schwiekers cannot recover for damages to those properties.

9. Any probative value gained from allowing the jury to view the Schwiekers' property would be substantially outweighed by its prejudicial effect. The Schwiekers have already recovered once for damage to their property and for some of the sinkholes on their property in Civil Action Number 02-085 in the Circuit Court of Lee County.

Therefore, it would be prejudicial, confusing, and misleading to the jury to view the Schwiekers' property when it will witness sinkholes not relevant to this action.

10. Moreover, any probative value gained from allowing the jury to view the Schwiekers' property and the quarry is vastly outweighed by the fact that it would be a needless presentation of cummulative evidence.

11. As in *Auto Owners Ins. Co.*, the Schwiekers have listed on their exhibit list well over 50 photographs, numerous sets of photographs, and numerous videotapes. *See Auto Owners Ins. Co.*, 684 F.2d 769. Therefore, a view would be merely cumulative of the myriad of photographs and videotapes that Plaintiffs seek to introduce into evidence.

12. Furthermore, a view of the quarry as proposed by Plaintiffs in their Motion for Jury View would require Oldcastle to operate in a way as directed by Plaintiffs in their motion. Oldcastle would be greatly prejudiced by being required to operate the quarry in a manner that may not be in its usual course of business. Moreover, the view would not be probative of anything if the quarry is not operating as it usually does on any given day.

13. Perhaps most importantly, any jury view will be greatly hampered by the construction to Spring Villa Road that is scheduled to begin shortly. As the road will be under construction, it is impractical to have the jury view even the areas relevant to the Schwiekers' claims in this matter.

14. The potential for prejudice, the length of time needed to accomplish the view, the expense, and the cumulative nature of a jury view outweigh any small benefit of a jury

view as evidenced by the fact that the Circuit Court of Lee County, Alabama previously denied the Plaintiffs' Motion for Jury View in a case in which the Plaintiffs did have a claim for public nuisance. Therefore, Plaintiffs' Motion for Jury View should be denied. *See* Fed. R. Evid. 403.

15. Therefore, Defendant objects to any jury view.

                Respectfully submitted,

                ADAMS, UMBACH, DAVIDSON & WHITE, LLP

                /s/Matthew W. White
                PHILLIP E. ADAMS, JR. (ADA025)
                PATRICK C. (RICK) DAVIDSON (DAV025)
                MATTHEW W. WHITE (WHI086)
                Attorney for Defendant Oldcastle
                P.O. Box 2069
                Opelika, Alabama 36803-2069
                (334) 745-6466

## **CERTIFICATE OF SERVICE**

  This is to certify that I have this day served a copy of the above and foregoing upon the following, this the 16th day of April, 2008:


James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049


                   /s/ Matthew W. White
                   Of Counsel