IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **KEN and NAOMI SCHWIEKER,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| v. | * | CASE NO: 3:06-CV-838-MEF |
| | * | |
| **OLDCASTLE MATERIALS** | * | |
| **SOUTHEAST, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

### DEFENDANT OBJECTIONS TO AND MOTION TO STRIKE PLAINTIFFS' DEPOSITION DESIGNATIONS

COMES NOW the Defendant, Oldcastle Materials Southeast, Inc., by and through counsel, and objects to Plaintiffs' Deposition Designations as follows:

1. On April 9, 2008, Plaintiff served their Deposition Designations. (Doc. 69).

2. Plaintiffs designated some 18 excerpts of depositions and trial testimony given in the *Davis, et al. v. Hanson, et al.*, litigation in Lee County, Alabama, which they intend to read into the record at the trial of this matter. The depositions designated by the Plaintiffs were not taken in the instant case.

3. Counsel for Plaintiffs have taken <u>no</u> depositions in the instant case.

4. Prior to the Plaintiffs filing of their Deposition Designations, counsel for Plaintiff had some discussions with counsel for Defendant regarding his desire that all depositions taken in the Lee

      County case be usable in the instant litigation. However, an agreement was never reached.

5. On March 4, 2008, counsel for Plaintiff wrote to counsel for Defendant and stated as follows:

> "I think we had agreed on a stipulation that we can each use (in the Schwieker case) any depositions taken in the *Davis v. Hanson and Oldcastle* litigation. Do we stipulate to that effect? If not, we will need to take more depositions over the next month or so. Please let me know within the next few days if possible. I would like to file a formal stipulation to this effect." (See Exhibit A).

6. On March 11, 2008, counsel for Defendant responded to counsel for Plaintiffs' request and stated as follows:

> "In regards to your inquiry regarding the use of depositions from the state court case, we have no objection to using the depositions of witnesses who will testify live in the Federal Court case. However, I do not believe that we can agree to use depositions of those not testifying live. If this applies, who did you have in mind?" (See Exhibit B).

7. Counsel for Plaintiff did not respond to counsel for Defendant's correspondence of March 11, 2008.

8. It is clear that counsel for Defendant has not agreed with counsel

for Plaintiff that depositions taken in the Lee County litigation be usable for any purpose, other than cross-examination of a live witness.

9. Thus, Defendant objects to and moves to strike Plaintiffs' Deposition Designations in their entirety.

10. Defendant moves this Honorable Court to set this matter for hearing as soon as possible.

11. Defendant further moves this Honorable Court that, should this Court deny Defendant's objections and motion to strike, that the Court grant Defendant leave to file specific objections and responsive deposition designations at that time.

RESPECTFULLY SUBMITTED this the 16th day of April, 2008.

    /s/ Matthew W. White_____
MATTHEW W. WHITE (ASB-6809-W83M)


OF COUNSEL:

ADAMS, UMBACH,
  DAVIDSON & WHITE, LLP
P. O. BOX 2069
OPELIKA, ALABAMA  36803-2069
334-745-6466

## CERTIFICATE OF SERVICE

      I do hereby certify that I have this day served a true and correct copy of the above and foregoing upon:

James B. Sprayberry, Esq.
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429

Charles E. Vercelli, Jr., Esq.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049

      Done this the 16th day of April, 2008.

                                       /s/ Matthew W. White
                                       OF COUNSEL

File

# VERCELLI & ASSOCIATES, P.C.

*Attorneys & Counselors at Law*
(334) 834-8805
Fax (334) 834-8807

CHARLES E. VERCELLI, JR.
RAY VAUGHAN, OF COUNSEL

1019 S. Perry Street
Montgomery, Alabama 36104-5049
cvercelli@vercelli-law.com

March 4, 2008

Matthew W. White
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

  RE: *Schwieker v. Oldcastle*

Dear Matt:

  I think we had agreed on a stipulation that we can each use (in the Schwieker case) any depositions taken in the *Davis v. Hanson and Oldcastle* litigation. Do we stipulate to that effect? If not, we will need to take more depositions over the next month or so. Please let me know within the next few days if possible. I would like to file a formal stipulation to this effect.

  Thank you.

Sincerely,

*Chris Vercelli*

Charles E. Vercelli, Jr.

CEVjr/ma
cc: James B. Sprayberry (via fax only)
500-06\White5.1.wpd

## ADAMS, UMBACH, DAVIDSON & WHITE, LLP
*Law Offices and Mediation Center*
205 South 9th Street
Opelika, Alabama 36801

Phillip E. Adams, Jr.
Arnold W. Umbach, Jr.
Patrick C. Davidson
Matthew W. White
Blake L. Oliver
Michael E. Short
Christine B. Dean

Jacob A. Walker, Jr., Ret.

Email: mwhite@audwlaw.com
Direct Fax: (334) 749-2800

Mailing Address:
P.O. Box 2069
Opelika, AL 36803-2069

Tel. (334) 745-6466
Fax (334) 749-3238

March 11, 2008

*Sent via facsimile 334-834-8807*
Charles E. Vercelli, Jr., Esq.
VERCELLI & ASSOCIATES, P.C.
1019 South Perry Street
Montgomery, AL 36104

RE: Ken & Naomi Schwieker v. Oldcastle Materials Southeast, Inc.

Dear Chip:

In regards to your inquiry regarding the use of deposition from the state court case, we have no objection to using the depositions of witnesses who will testify live in the federal court case. However, I do not believe that we can agree to use depositions of those not testifying live. If this applies, who did you have in mind?

Sincerely,

MATTHEW W. WHITE

MWW/tbm

cc: Phil Adams, Esq.
Jim Sprayberry, Esq.