IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEN and NAOMI SCHWIEKER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 3:06-CV-838 |
| | ) |
| OLDCASTLE MATERIALS SOUTHEAST, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE
TO DEFENDANT'S OBJECTIONS
TO PLAINTIFFS' DEPOSITION DESIGNATIONS**

The Plaintiffs, Ken and Naomi Schwieker, would show this Court that:

1. The Schwiekers were previously Plaintiffs in CV-02-85, which is still pending in the Circuit Court of Lee County, Alabama. The first phase of that case was tried before a jury in August and September 2004, with a verdict being returned for the Schwiekers against both Hanson and Oldcastle.

2. Oldcastle purchased this Quarry on or about July 13, 2003 and has been actively engaged in the litigation with numerous attorneys for approximately five (5) years. The State's Circuit Court litigation involves the same parties and the same subject matter.

3. Prior to purchasing the Quarry in 2003, Oldcastle made an environmental inspection and was aware of the pending litigation and allegations in the Lee County State litigation. The causes of action included public and private nuisance, trespass, dewatering, diversion of streams, the drying up and diversion of the natural spring at Spring Villa, and the formation of sinkholes.

4. At the time of the first trial, the Schwiekers had approximately 12-15 relatively small sinkholes on their small farm. The jury was charged on and returned a verdict for the Schwiekers based on the repair costs to those holes. Apparently, the $150,000.00 was based on testimony by one of the engineers that each hole would cost approximately $10,000.00 to repair.

5. During the course of the 4 ½ or 5 years that Oldcastle has been in the litigation, they have hired a firm out of Virginia called GeoTrans. The Plaintiffs twice took the deposition of Dr. Charles Faust, the president of GeoTrans and the principal investigator of the Oldcastle dewatering issues. A secondary investigator was Mr. Pete Andersen, a Vice-President out of the GeoTrans Atlanta office, who was assisted by Fatima Hinds, a field investigator for GeoTrans.

6. The Plaintiffs have taken Ms. Hinds' deposition once and Mr. Andersen's deposition once. Mr. Andersen is currently listed as one of the alleged experts for Oldcastle. He bases his conclusions and opinions on work done by Dr. Faust, who is a geologist and hydrologist, and Ms. Fatima Hinds.

7. Oldcastle's corporate representative during depositions was Mr. Brian Fowler, who also did the pre-purchase investigation for Oldcastle. Mr. Fowler has given five (5) depositions during the course of the state litigation, many of which contradict his current opinions in the pending federal litigation.

8. It is now apparently Oldcastle's position that they can change opinions and/or rely on the work of others without cross-examination or introduction of the other testimony.

9. It is the Plaintiffs' position that these depositions are clearly admissible for cross-examination and/or impeachment. It is the Plaintiffs' contention that the deposition testimony of Dr. Faust, Mr. Andersen, Ms. Hinds, and Mr. Brian Fowler are admissible under Rule 602 to show lack of personal knowledge, Rule 607 in order to impeach their credibility, and Rule 703 as part of the basis of their opinions.

10. It is also the Plaintiffs' contention that the prior testimony falls under the exception to hearsay pursuant to Federal Rule of Evidence 804(b)(1). The depositions are clearly former testimony where Oldcastle was not only present with numerous attorneys but had the opportunity to develop the testimony by direct, cross or redirect examination.

11. It is also the Plaintiffs' contention that Mr. Brian Fowler's depositions are clearly admissible as the deposition of a party, agent or designee, under Rule 32(a)(3).

12. Finally, the essence of the Defendant's objections and motion to strike quotes a series of correspondence between the parties requesting a stipulation that

the depositions taken in the Lee County litigation will be admissible in this litigation. Those discussions were an effort to avoid controversy. However, those discussions were rendered moot by newly amended Federal Rule of Civil Procedure 32(b)(8), which provides:

> "(8) *Deposition Taken in an Earlier Action.* A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives, or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence."

**WHEREFORE,** Defendant's April 16, 2008, "Objections to and Motion to Strike Plaintiff's Deposition Designations" should be denied in its entirety.

Respectfully submitted this the 1st day of May, 2008.

/s/ C. E. Vercelli, Jr.
**CHARLES E. VERCELLI, JR.** (VER003)
One of the Attorneys for Plaintiffs

**OF COUNSEL:**

| | |
|---|---|
| LAW OFFICES OF JAMES B. SPRAYBERRY | Charles E. Vercelli, Jr. |
| P.O. Drawer 2429 | VERCELLI & ASSOCIATES, P.C. |
| Auburn, AL 36831-2429 | 1019 S. Perry Street |
| TEL: (334) 821-7100 | Montgomery, AL 36104-5049 |
| FAX: (334) 821-7101 | TEL: (334) 834-8805 |
| jsprayberry-spraylaw@charter.net | FAX: (334) 834-8807 |
| | cvercelli@vercelli-law.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record.

    Phillip E. Adams, Jr.
    Matthew W. White
    Christine B. Dean
    ADAMS, UMBACH, DAVIDSON & WHITE, LLP
    P. O. Box 2069
    Opelika, AL 36803-2069

                                                                     **/s/ C. E. Vercelli, Jr.**
                                                                      Of Counsel

500-06\P's Resp D's Obj to Depo Desig.2.wpd