IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEN and NAOMI SCHWIEKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:06-CV-838 |
| ) | |
| OLDCASTLE MATERIALS SOUTHEAST, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' OBJECTIONS
TO OLDCASTLE'S EXHIBIT LIST
DATED APRIL 9, 2008**

The Plaintiffs object to the following documents listed on Defendant Oldcastle's April 9, 2008 Exhibit List:[1]

1. Plaintiffs object to **Exhibit 1.9** as the cross-section is inaccurate, unreliable and not prepared by GeoTrans.

2. Plaintiffs object to **Exhibit 1.14** as no "recent" data has been produced or supplemented under Rule 26, FRCivP.

3. Plaintiffs object to **Exhibit 1.19** as these are not relevant, not authenticated and no "expert opinions." GSA was not listed as an expert, has given no disclosure, and it not relevant. GSA did no studies and failed to review documents. Thus it is hearsay under Rules 801, 802 and 901, FREvid.

---

[1] Plaintiffs presume that Defendant's April 9, 2008 Exhibit List superceded its October 31, 2007 list, so Plaintiff does not file an objection to that list. If this is not correct, Plaintiff would object to many of the documents listed on that Exhibit List.

4. Plaintiffs object to **Exhibit 1.25** as Hanson exhibits were not produced by GeoTrans or Oldcastle Experts.

5. Plaintiffs object to **Exhibit 2.29** as attorney correspondence is not relevant nor admissible. The attorneys are not listed as witnesses and it is hearsay under Rules 801 and 802, FREvid.

6. Plaintiffs object to **Exhibit 3.10** as Mr. Aley is licensed in the State of Alabama as a geologist. Neither his application nor any certification is relevant.

7. Plaintiffs object to **Exhibit 3.22** as not prepared by Oldcastle or its experts.

8. Plaintiffs object to **Exhibit 3.27** and **Exhibit 3.28** as not relevant as the cases are in another state or another county, and the documents are not admissible.

9. Plaintiffs object to **Exhibits 3.31, 3.32** and **3.33** as attorney correspondence is not relevant nor admissible, and the application is not relevant as Mr. Aley is licensed.

10. Plaintiffs object to **Exhibit 3.34** as not relevant as Mr. Aley is licensed in Missouri and Alabama.

11. Plaintiffs object to **Exhibit 3.35** as not relevant as it relates to caves in Missouri.

12. Plaintiffs object to **Exhibits 5.14**, **5.15**, and **5.16** as not relevant as they are prepared by unknown authors based on a brief surface exam only.

13. Plaintiffs object to **Exhibit 5.19** and **Exhibit 5.21** as written reports and "related comments" are not admissible. Opinions may be testified to pursuant to Rules 702, 703 and 704, FREvid.

14. Plaintiffs object to **Exhibit 5.24** as this is a self-serving letter written to the Geological Survey of Alabama, and they are not witnesses. This is no more than an attempt to introduce written opinions by non-testifying experts, which are not allowed under Rules 702, 703 and 704, FREvid.

15. Plaintiffs object to **Exhibits 5.31**, **5.32**, **5.33**, **5.34**, and **5.35** as these have never been produced even though Plaintiffs filed Interrogatories on or about September 1, 2006, which have **not** been fully answered. Plaintiffs filed a Request to Supplement on March 3, 2008, and these documents have not been produced. These should not be admissible unless the entire written Settlement Agreement with Lee County is admitted.

16. Plaintiffs object to **Exhibit 6.18** as this is generated by an unknown author without a factual basis as no outlet other than the Quarry has been documented.

17. Plaintiffs object to **Exhibit 6.19** and **Exhibit 6.21** as these are generated by an unknown author without data.

18. Plaintiffs object to **Exhibit 7.1** and **Exhibit 7.4** as they are not relevant or authenticated. No ADEM employee is listed as an expert. ADEM does not do "impact studies."

19. Plaintiffs object to **Exhibit 8.6**. (See above at 5.31).

20. Plaintiffs object to **Exhibit 8.9** as written reports are not admissible, and Mr. Andersen is not an "expert" in all the areas which he writes about.

21. Plaintiffs object to **Exhibit 8.10** and **Exhibit 8.13** as this was done by an untrained landscaper who was not qualified nor is he an expert.

22. Plaintiffs object to **Exhibit 9.1** as these are not relevant. News articles are generally hearsay.

23. Plaintiffs object to **Exhibit 11.1** as no driller has identified, authenticated or testified about samples of rock.

24. Plaintiffs object to **Exhibits 11.5**, **11.7**, **11.8**, **11.9**, and **11.12** as these appear to be by an unknown author, and may not be supported by the evidence.

25. Plaintiffs object to **Exhibit 11.9** as there is no "groundwater divide", even according to Oldcastle's witnesses.

26. Plaintiffs object to **Exhibits 11.14**, **11.15**, and **11.16** as they appear to be by an unknown author and are not supported by the evidence.

27. Plaintiffs object to **Exhibit 11.19** if done by Mr. Mark Pyle, as he was not qualified nor an expert.

28. Plaintiffs object to **Exhibit 12.6** as written reports are not admissible and Mr. St. John is not listed as an expert.

29. Plaintiffs object to **Exhibits 14.1**, **14.2**, **14.3**, **14.4**, **14.5**, **14.6**, **14.7**, **14.8**, **14.9**, **14.10**, **14.11**, **14.12**, and **14.13** as these are not relevant, contain attorney letters, and no one from GSA has given any deposition, report or expert opinions.

30. Plaintiffs object to **Exhibit 15.3** and **Exhibit 17.3** as settlement agreements are generally not admissible. Rule 408, FREvid. This one document would not be admissible unless Oldcastle's Settlement Agreement (with Lee County) was also admitted, along with the Schwieker verdict against Oldcastle in Lee Co. CV-02-85.

31.     Plaintiffs object to **Exhibit 18.1** as this is not relevant and was an offer of settlement. Rule 408, FREvid.

32.     Plaintiffs object to **Exhibit 24.1** as attorney letters, memos and work product are not admissible and are privileged.  Rule 26, FRCivP.

33.     Plaintiffs object to **Exhibit 25.1** as these documents are from a deposition and are not reliable nor relevant. The witness is available, as he lives in Lee County, Alabama, but he is not listed as a witness.

34.     Plaintiffs object to **Exhibit 27.1**. (See above at 5.31, 15.3 and 17.3). Road repair plans should not be admissible unless the entire written Settlement Agreement between Lee County and Oldcastle is admitted.

Respectfully submitted this the 1st day of May, 2008.

/s/ C. E. Vercelli, Jr.
**CHARLES E. VERCELLI, JR.** (VER003)
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429
TEL:   (334) 821-7100
FAX:   (334) 821-7101
jsprayberry-spraylaw@charter.net

Charles E. Vercelli, Jr.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL:   (334) 834-8805
FAX:   (334) 834-8807
cvercelli@vercelli-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record.

    Phillip E. Adams, Jr.
    Matthew W. White
    Christine B. Dean
    ADAMS, UMBACH, DAVIDSON & WHITE, LLP
    P. O. Box 2069
    Opelika, AL 36803-2069

                                              /s/ C. E. Vercelli, Jr.
                                              Of Counsel

500-06\Ps' Obj to OC Exh List.1.wpd