# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| KEN and NAOMI SCHWIEKER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Case No.: 3:06-CV-838 |
| | ) |
| OLDCASTLE MATERIALS SOUTHEAST, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' REQUESTED JURY CHARGES

Plaintiffs move this Honorable Court to charge the jury with the attached jury charges, as well as others that might be proposed by the Plaintiffs.

Respectfully submitted this the 1st day of May, 2008.


s/ C. E. Vercelli, Jr.
**CHARLES E. VERCELLI, JR.** (VER003)
One of the Attorneys for Plaintiffs

**OF COUNSEL:**

LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429
TEL:   (334) 821-7100
FAX:  (334) 821-7101
jsprayberry-spraylaw@charter.net

Charles E. Vercelli, Jr.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL:   (334) 834-8805
FAX:  (334) 834-8807
cvercelli@vercelli-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record.

Phillip E. Adams, Jr.
Matthew W. White
Christine B. Dean
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

<u>/s/  C. E. Vercelli, Jr.</u>
Of Counsel

500-06\Ps' Requested Jury Charges.1.wpd

2

## APJI 11.00

## INTRODUCTION

Ladies and Gentlemen of the jury, the Court will now instruct you on the law of damages. The burden is on the plaintiff to reasonably satisfy you from the evidence of the truthfulness of (his) (her) (its) claim. If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the defendant(s). In this event you would go no further. This would end your deliberations. On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the plaintiff. In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge. I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the plaintiff. Plaintiff makes two statements of his claim. By these statements he claims (compensatory) (punitive) damages.

---

### Notes on Use

The language in this charge is suggestive only. Any reasonable paraphrase of the language contained in this charge would be acceptable.

215

## APJI 11.08

### SUBSEQUENT INJURIES OR DISEASE PROXIMATELY RESULTING FROM ORIGINAL INJURY

The plaintiff in this case claims that after the occurrence of his initial injury, he incurred or suffered an aggravation by way of increased discomfort, pain, and disability [an entirely new injury] as the result or as an incident of a disease (his infirmed condition) which disease [new injury] was proximately caused by the initial injury made the basis of the plaintiff's complaint. If you are reasonably satisfied from the evidence of the truthfulness of the plaintiff's contention in this regard, you may award the plaintiff such damages as will reasonably compensate him for the whole of his damages with due regard for such aggravation [new or subsequent injury].

---

#### Notes on Use

While the foregoing suggested charge is a correct statement of the law, the trial judge in any given case may feel compelled for sake of clarity to restate the legal principle here involved within the context of this particular case. There is an allowance for recovery of an entirely new injury where such is the product of the infirmed condition of the plaintiff or a result of the primary injury. However, the contributory negligence of the plaintiff or plaintiff's carelessness may be a bar to such recovery.

#### References

O'Quinn v Alston, 213 Ala 346, 104 So 653, 39 ALR 1263 (1925).

APJI CIVIL 8.00                    BURDEN OF PROOF

## APJI 8.00

## GENERAL DENIAL BY DEFENDANT

The disputed issue(s) of fact to be decided by you in this case (is) (are) [state disputed issue(s).] The burden is upon the plaintiff to reasonably satisfy you by the evidence of the truthfulness of the matters and things claimed by (him) (her) before the plaintiff would be entitled to recover.

### Notes on Use

This charge should be used in all cases where there is a general denial by the defendant of any affirmative averments of the plaintiff. The disputed issues will be set forth in the pretrial order.

### References

Jerome A. Hoffman & William A. Schroeder, Burdens of Proof, 38 Ala L Rev 31, 55 (1986).

Bert S. Nettles & Forrest S. Latta, Alabama's Wrongful Death Statute: A Problematic Existence, 40 Ala L Rev 475, 514 (1989).

The burden is on the plaintiff to reasonably satisfy the jury from the evidence that all material allegations of the complaint are true.

Metropolitan Life Ins. Co. v Brown, 27 Ala App 602, 177 So 178 (1937).

Silverfield v Globe Indem. Co., 31 Ala App 499, 19 So 2d 76 (1944).

Ala Digest, Evidence, Key No. 91.

Ala Rules of Civil Procedure, No. 16.

29 Am Jur 2d, Evidence §§ 127-147.

Propriety of answer to interrogatory merely referring to other documents or sources of information. 96 ALR2d 598.

## APJI 31.50

### NUISANCE—DEFINITION

A nuisance is anything that causes hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not prevent it from being a nuisance. The act complained of must be such as would affect an ordinary, reasonable person and must not be fanciful or such as would affect only a person of fastidious taste.

---

#### Notes on Use

This definition of a nuisance may be used in any case where the plaintiff is suing for damages under the theory of nuisance.

#### References

Ala Code § 6-5-121 (1993).

The statutory definition of a nuisance is declaratory of the common law and does not supersede the common law as to the other conditions and circumstances constituting a nuisance under the common law.

Duncan v Tuscaloosa, 257 Ala 574, 60 So 2d 438 (1952).

Noise, to constitute "Nuisance," must be such as materially interfered with ordinary comfort of ordinary people, injury must be substantial, and trifling or occasional noises depending on ordinary use of property or in pursuance of ordinary trade or calling do not constitute nuisance.

Alabama Power Co. v Stringfellow, 228 Ala 422, 153 So 629 (1934).

The test of inconvenience is "such as would affect ordinary reasonable men."

Higgins v Bloch, 213 Ala 209, 104 So 429 (1925).

## APJI 31.52

## NUISANCE—DAMAGES

If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover, the damages to be awarded are measurable for all time because the nuisance may be expected to continue. If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover, the measure of damages is the difference in the reasonable market value of the property with the nuisance and the reasonable market value without the nuisance.

### Notes on Use

To be used in any case where the plaintiff is seeking damages for entry to the atmosphere above his land, such as, for example, the operation of a hog parlor.

For punitive damages, see APJI 11.03.

### References

Baldwin v McClendon, 292 Ala 43, 288 So 2d 761 (1974).
Mobile & O. R. Co. v Turner, 209 Ala 667, 96 So 707 (1923).
Jefferson Fertilizer Co. v Rich, 182 Ala 633, 62 So 40 (1913).
Ala Digest, Nuisance, Key Number 50(2).

133

## APJI 31.93   LANDOWNER IMMUNITY— OPENING LAND TO THE PUBLIC— ISSUE OF WHETHER USE OF LAND IS FOR NON-COMMERCIAL USE

**Research References**

*A.L.R. Library*

Liability of owner, operator, or other parties, for personal injuries allegedly resulting from snow or ice on premises of parking lot, 74 A.L.R. 5th 49

## APJI 31.95   NUISANCE (PERMANENT)— DRAINAGE OR DIVERSION OF GROUND WATER *[New]*

The plaintiff *(name)* claims that its land was damaged by the defendant's *(name)* operation of its *(mine, quarry, gravel pit, et cetera)*. Plaintiff claims the defendant diverted or drained supporting ground water from under the plaintiff's land, and as a result of the loss of support the plaintiff's land *(describe the physical damage, e.g., sinkholes developed, the surface cracked, et cetera)* and the land was made less valuable.

The defendant denies that the operation of its *(describe the activity)* caused the harm or damage that the plaintiff claims.

To recover money damages, the plaintiff must prove to your reasonable satisfaction from the evidence, the following:

1.  The plaintiff is the owner of the land *(or has a possessory interest in the land that is injured by the defendant's activity)*,

2.  The defendant operated a *(describe the activity)*,

3.  The defendant's operation caused ground *(percolating)* water to be drained or diverted from under the plaintiff's land,

**APJI 31.95**    **ALABAMA PATTERN JURY INSTRUCTIONS**

4. The water drained or diverted by the defendant supported plaintiff's land,

5. The drainage or diversion of the water from under the plaintiff's land was incidental, not essential, to the defendant's operation,

6. The injury to the land was the natural result of the defendant's draining or diverting ground water from under the plaintiff's land, and

7. The land was rendered less valuable.

### Notes on Use

To be used when the plaintiff's use or enjoyment of his land is interfered with by the defendant's diversion of that water incidental to some use of the defendant's land. This charge is not to be used when the issue is the competing beneficial use of ground water between two or more landowners.

Henderson v. Wade Sand and Gravel Co., Inc., 388 So. 2d 900 (Ala. 1980).

Alabama case law does not define "ground water." Ground water is defined in Restatement Second, Torts § 845 (1979) as "water that naturally lies or flows under the surface of the earth."

**Research References**

*Primary Authority*
Ala Code § 6-5-124 (1993)
Ala Code § 6-5-210 (1993)
Ala Code § 6-6-120 (1993)

*Treatises and Practice Aids*
Ally W. Howell, Alabama Personal Injury and Torts, §§ 10:1, 10:5 and 10:6

*Additional References*
1 Michael L. Roberts & Gregory S. Cusimano, Alabama Tort Law Chapter 31 (4th ed. 2004)

48

## Chapter 33
# PROXIMATE CAUSE

## APJI 33.00  CAUSATION—DEFINITION *[Retitled]*

The cause of harm is that cause that naturally and probably brings about the harm.

#### Notes on Use

This instruction can be used in any case when a definition of "proximate cause" is needed.

Springer v. Jefferson County, 595 So. 2d 1381 (Ala. 1992).

Crowne Investments, Inc. v. Reid, 740 So. 2d 400 (Ala. 1999).

Lance, Inc. v. Ramanauskas, 731 So. 2d 1204 (Ala. 1999).

Boackle v. Bedwell Const. Co., Inc., 770 So. 2d 1076 (Ala. 2000).

Schuffert v. Morgan, 777 So. 2d 87 (Ala. 2000).

Some legal commentators have described older Proximate Cause charges as "mind-numbing" and "an affront to communication." Certain states only charge regarding cause if the breach of duty or conduct is challenged.

Charles M. Cork says that "proximate cause" is really a policy decision. Legally, determining that the harm was not proximately caused doesn't mean it wasn't caused in fact, but rather that policy would not allow recovery. Charles M. Cork, III. A Better Orientation for Jury Instructions, 54 Mercer L. Rev. 1 (2002).

Bradley v. Miller, 878 So. 2d 262 (Ala. 2003).

Dixon v. Board of Water & Sewer Com'rs of the City of Mobile, 865 So. 2d 1161 (Ala. 2003).

Duncan v. Windhover Condominium Ass'n, 2004 WL 870455

## § 6-5-120. Defined.

A "nuisance" is anything that works hurt, inconvenience or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man. (Code 1907, § 5193; Code 1923, § 9271; Code 1940, T. 7, § 1081.)

### CROSS REFERENCES

As to nuisance of casting artificial light on any real property at night, see § 32-5-17.

### LIBRARY REFERENCES

**American Digest System:**

Nuisance ⊕1, 59.

**Corpus Juris Secundum:**

C.J.S. Nuisances §§ 2 to 8, 10 to 14, 18 to 21.

### RESEARCH REFERENCES

**ALR Library**

88 ALR 5th 641, Tower or Antenna as Constituting Nuisance.

**Forms**

Am. Jur. Pl. & Pr. Forms Nuisances § 3, Statutory References.

**Treatises and Practice Aids**

Alabama Law of Damages § 31:1, Damages, Generally.

Alabama Pattern Jury Instructions Civil, 2d 14.21, Inverse Condemnation-Nuisance Defense.

Alabama Personal Injury and Torts § 10:7, Nuisances -- Noise.

Alabama Personal Injury and Torts § 12:11, Electricity.

Alabama Personal Injury and Torts § 12:12, Nuisances -- Generally.

Tilley's Alabama Equity § 2:2, Jurisdiction.

### CASENOTES

Generally  1
Acquisition of rights by prescription  14
Action against municipality  13
Construction  2
Continuing or recurring act  4
Duty and causation  5
Inconvenience  7
Injunction, remedies  16
Lawful activity  9
Negligence  6
Noise, odors, smoke, etc.  8
Nuisance as trespass  10
Nuisance per se  11
Particular circumstances  18
Practice and procedure  17
Public nuisance  12
Remedies  15, 16
Injunction  16
Substantial interference  3

### 1. Generally

Whole law of nuisance rests upon common-law principle that every man must so use his property as not to injure that of his neighbor. Farris v. Dudley, 78 Ala. 124 (1884) Acker v. Protective Life Ins. Co., 353 So.2d 1150 (Ala. 1977).

Statutory definition of nuisance is declaratory of the common law and does not supersede the common law as to the other conditions and circumstances constituting a nuisance under the common law. Duncan v. City of Tuscaloosa, 257 Ala. 574, 60 So.2d 438 (1952); Lauderdale County Bd. of Educ. v. Alexander, 269 Ala. 79, 110 So.2d 911 (1959).

Alabama nuisance laws are not inapplicable when First Amendment concerns are involved. Lucero v. Trosch, 1997, 121 F.3d 591. Constitutional Law ⊕ 82(6.1); Nuisance ⊕ 1

In the traditional sense, the law of nuisance applies where the invasion results in no substantial damage to the res, but where there is interference with the use and enjoyment of one's property. Borland v. Sanders Lead Co., Inc., 369 So.2d 523, 2 A.L.R.4th 1042 (Ala. 1979). Nuisance ⊕ 4

The modern action for trespass to land stems from the common-law action for trespass which lay when the injury was both direct and substantial; nuisance, on the other hand, would lie when injuries were indirect and less substantial. Borland v. Sanders Lead Co., Inc., 369 So.2d 523, 2 A.L.R.4th 1042 (Ala.1979). Nuisance ⊕ 4; Trespass ⊕ 1

There are a series of statutes which define and illustrate nuisances and the remedy for their abatement. Hunter-Benn Co. v. Nelson, 267 Ala. 472, 103 So.2d 783 (Ala.1958).

The definition of a nuisance within the meaning of this section is declaratory of the common law and does not change the rule

So.2d 897 (1961); City of Birmingham v. City of Fairfield, 375 So.2d 438 (Ala.1979); City of Russellville v. Vulcan Materials Co., 382 So.2d 525 (Ala.1980); Henderson v. Wade Sand & Gravel Co., 388 So.2d 900 (Ala.1980); Christiansen v. Hall, 567 So.2d 1338 (Ala.1990).

## § 6–5–121.   Distinction between public and private nuisances; right of action generally.

Nuisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals. Generally, a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state. A private nuisance gives a right of action to the person injured. (Code 1907, § 5196; Code 1923, § 9274; Code 1940, T. 7, § 1084.)

### HISTORY

**Editor's Notes:**

The treatment of § 6–5–120 relates primarily to private nuisances, while the annotations placed under this analysis refer to public nuisance. The qualities and elements common to both, together with the chief differences, may be observed by a comparison of the annotations under these two sections.

### LIBRARY REFERENCES

**American Digest System:**

Nuisance ⇐1, 41, 59, 77.

**Corpus Juris Secundum:**

C.J.S. Nuisances §§ 2 to 8, 10 to 14, 18 to 21, 84, 91, 133 to 134.

### RESEARCH REFERENCES

**Treatises and Practice Aids**

Alabama Law of Damages § 31:1, Damages, Generally.

Alabama Pattern Jury Instructions Civil, 2d 31.50, Nuisance–Definition.

Alabama Personal Injury and Torts § 10:5, Nuisances – in General.

Alabama Personal Injury and Torts § 12:12, Nuisances – Generally.

Tilley's Alabama Equity § 2:2, Jurisdiction.

### CASENOTES

Generally  1
Abatement  5, 6
  By individual  6
  By state  5
Acquired of rights by prescription  3
Applicability  2
By individual, abatement  6
By state, abatement  5
Damages  8
Particular circumstances  10
Pleading and practice  9
Public nuisances  4
Special injuries  7

#### 1.   Generally

At common law a public nuisance signified "anything that worketh hurt, inconvenience, or damage to the king's subjects." 1 Russ. Crimes, § 317; 2 Bouv. Inst., p. 503; 2 Bouv. Law Dict., p. 248. The sections embraced in this division are merely declaratory of the common law. First Avenue Coal & Lumber Co. v. Johnston, 171 Ala. 470, 54 So. 598 (Ala.1911).

#### 2.   Applicability

If a private party suffers injury which is only common to the public, then he has no right of action, for he has suffered no injury of his private right. Dennis v. Mobile & M. Ry., 137 Ala. 649, 35 So. 30 (1903); Birmingham Ry., Light & Power Co. v. Moran, 151 Ala.187, 44 So. 152 (1907).

Alabama nuisance laws are not inapplicable when First Amendment concerns are involved. Lucero v. Trosch, 1997, 121 F.3d 591. Constitutional Law ⇐ 82(6.1); Nuisance ⇐ 1

#### 3.   Acquired of rights by prescription

The proposition of law that a right to maintain a public nuisance cannot be acquired by prescription is thoroughly established. Weiss v. Taylor, 144 Ala. 440, 39 So. 519 (Ala.1905).

The maintenance by a city of nuisance for 10 years is no defense to an action. City of Birmingham v. Land, 137 Ala. 538, 34 So. 613 (Ala.1903).

A public nuisance is an encroachment on a public right, and no presumption can be made from mere lapse of time to support it. Webb v.

regulation by the court of county commissioners or board of revenue of the county in which the road was located (now county commission), the erection of the poles and wires along the roads by a power company did not depend on the consent of the court of county commissioners or like bodies (now county commission), since the only authority conferred on such bodies by the statute was to so regulate the erection of lines as not to interfere with public use of roads. City of Prichard v. Alabama

Power Co., 234 Ala. 339, 175 So. 294 (Ala. 1937). Electricity ⇐ 9(2)

**Cited** in Duncan v. City of Tuscaloosa, 257 Ala. 574, 60 So.2d 438 (1952); Dozier v. Troy, Drive-in-Theatres, Inc., 265 Ala. 93, 89 So.2d 537 (1956); Henderson v. Wade Sand & Gravel Co., 388 So.2d 900 (Ala.1980); Conley v. City of Montgomery, 414 So.2d 58 (Ala.1982); Parrish v. City of Littleville, 434 So.2d 776 (Ala. 1983).

## § 6-5-123.  Public nuisances — Special damage to individual.

If a public nuisance causes a special damage to an individual in which the public does not participate, such special damage gives a right of action. (Code 1907, § 5197; Code 1923, § 9275; Code 1940, T. 7, § 1086

### LIBRARY REFERENCES

**American Digest System:**

Nuisance ⇐72.

**Corpus Juris Secundum:**

C.J.S. Nuisances § 65.

### RESEARCH REFERENCES

**Treatises and Practice Aids**

Alabama Law of Damages § 31:8, Persons Entitled to Sue.

Tilley's Alabama Equity § 2:2, Jurisdiction.

### CASENOTES

**Generally  1**
**Abatement by individual  2**
**Class actions  3**

### 1.  Generally

Any nuisance caused by alleged discharge of contaminants into artificial lake was a public, not a private, nuisance; alleged nuisance affected anyone who would want to use and enjoy lake, not just those who lived on its banks.

Russell Corp. v. Sulliv 2001). Nuisance ⇐ 62

### 2.  Abatement by inc

Individual may com obstruction of public r fered damages differer from those suffered by Barnes v. Kent, 292 A (1974); City of Birmin field, 375 So.2d 438 (Ala

### 3.  Class actions

Individual issues pre common to class in conn ing players' public nuisa eo gaming lessors and a certification was inappro each player would be req he or she played the vide well as the amount of Funliner of Alabama, L So.2d 198 (Ala.2003), rehearing denied. Parties ⇐ 35.71

**Cited** in Stone Container Corp. v. Stapler, 263 Ala. 524, 83 So.2d 283 (1955); Henderson v. Wade Sand & Gravel Co., 388 So.2d 900 (Ala.1980).

## § 6-5-124.  Right of action for private nuisance.

A private nuisance may injure either the person or property, or both, and in either case a right of action accrues. (Code 1907, § 5198; Code 1923, § 9276; Code 1940, T. 7, § 1087.)

### LIBRARY REFERENCES

**American Digest System:**
Nuisance ⇐1, 26, 44.

**Corpus Juris Secundum:**
C.J.S. Nuisances §§ 2 to 8, 10 to 14, 18 to 21, 64, 67.

### RESEARCH REFERENCES

**Treatises and Practice Aids**

Alabama Law of Damages § 31:1, Damages, Generally.

Alabama Law of Damages § 31:4, Injury to Person and Family.

# APJI 28.00

## DEFINITION

**Negligence is the failure to discharge or perform a legal duty owed to the other party.**

---

### Notes on Use

This instruction can be used in all cases based on negligence, and if used it must be followed by an instruction relating to and defining the legal duty (or duties) existing between the parties.

This charge and APJI 28.02 need not be given if APJI 28.01 has been given.

### References

Wallace v Alabama Power Co., 497 So 2d 450, 457 (1986, Ala), appeal after remand (Ala) 548 So 2d 1372.

Actionable negligence arises only on breach of duty.

Southern R. Co. v Quillen, 250 Ala 536, 35 So 2d 193 (1948).

Sloss-Sheffield Steel & Iron Co. v Allred, 247 Ala 499, 25 So 2d 179 (1945).

Ellis v Birmingham Waterworks Co., 187 Ala 552, 65 So 805 (1914) (ovrld on other grounds by Harris v Board of Water & Sewer Comrs., 294 Ala 606, 320 So 2d 624).

Sloss-Sheffield Steel & Iron Co. v Bibb, 164 Ala 62, 51 So 345 (1910).

Where there is no duty, there can be no negligence.

Calvert Fire Ins. Co. v Green, 278 Ala 673, 180 So 2d 269 (1965).

Alabama G. S. R. Co. v Green, 276 Ala 120, 159 So 2d 823 (1964).

Gilbert v Gwin-McCollum Funeral Home, Inc., 268 Ala 372, 106 So 2d 646 (1958).

Bessemer v Brantley, 258 Ala 675, 65 So 2d 160 (1953).

28

Chapter 28A
# NEGLIGENCE—SIMPLE *[New]*

## APJI 28A.00  NEGLIGENCE—ELEMENTS OF LIABILITY *[New]*

Plaintiff *(name of plaintiff)* says that *[he/she]* was harmed by defendant's *(name of defendant)* negligent conduct. To recover damages on this claim, *(name of plaintiff)* must prove to your reasonable satisfaction all of the following:

1. That *(name of defendant)* was negligent;

2. That *(name of plaintiff)* was harmed; and

3. That *(name of defendant)*'s negligence was a cause of *(name of plaintiff)* harm.

---

### Notes on Use

Use this introductory instruction to explain the necessary elements that the plaintiff must prove before the jury can find the defendant liable for the plaintiff's harm.

The trial judge determines whether the defendant owes a duty to the plaintiff. Therefore, instructions explaining duty should not be given.

"[T]he existence of a duty is a strictly legal question to be determined by the court." Taylor v. Smith, 892 So. 2d 887, 891–92 (Ala. 2004).

The word "harm" was used in the court's statement of the test to determine the existence of a duty in the following cases: Ex parte Wild Wild West Social Club, Inc., 806 So. 2d 1235, 1240 (Ala. 2001), Bush v. Alabama Power Co., 457 So. 2d 350, 353 (Ala. 1984), Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 307, 302

13

## APJI 28.01

## NEGLIGENCE AND ORDINARY CARE

**Negligence means the failure to exercise (reasonable) (ordinary) care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances.**

**Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.**

### Notes on Use

This charge can be used in most negligence cases; that is, where the duty is to use reasonable care. But, it should not be used (because of tendencies to mislead) in those cases where there is a special relationship between the parties, such as:

Patient—Doctor Relationship
Patient—Hospital Relationship
Business Invitee—Business Owner Relationship
Passenger—Public Carrier
Customer—Restaurant Owner
Products Liability Cases, etc.

### References

Lynn Strickland Sales & Service, Inc. v Aero-Lane Fabricators, Inc., 510 So 2d 142 (1987, Ala).

Wallace v Alabama Power Co., 497 So 2d 450, 457 (1986, Ala), appeal after remand (Ala) 548 So 2d 1372.

Streetman v Bowdon, 239 Ala 359, 194 So 831 (1940).

Birmingham v Comer, 239 Ala 152, 194 So 498 (1940).

## APJI 28.02

## DUTY OWED—NEGLIGENCE AND ORDINARY CARE

The duty owed by the defendant to the plaintiff was to exercise reasonable care not to injure or damage the plaintiff; that is, to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.

### Notes on Use

This instruction should be used whenever the relationship of the parties is such that the defendant owes to the plaintiff the general duty to exercise reasonable care.

This charge and APJI 28.00 must be given in conjunction and should not be given if APJI 28.01 has been given.

### References

Wallace v Alabama Power Co., 497 So 2d 450, 457 (1986, Ala), appeal after remand (Ala) 548 So 2d 1372.

The duty which is upon all persons is to exercise reasonable care not to injure another.

Liberty Nat. Life Ins. Co. v Weldon, 267 Ala 171, 100 So 2d 696, 61 ALR2d 1346 (1957).

Every person owes every other person a duty imposed by law to be careful not to hurt him.

Southeastern Greyhound Lines v Callahan, 244 Ala 449, 13 So 2d 660 (1943).

Negligence consists of doing or omitting to do an act in violation of a legal duty or obligation.

Railway Express Co. v Real, 253 Ala 489, 45 So 2d 306 (1950).

Whiddon v Malone, 220 Ala 220, 124 So 516 (1929).

Ala Digest, Negligence, Key No. 2.

32

**APJI 28A.03**    ALABAMA PATTERN JURY INSTRUCTIONS

References

West's Alabama Digest 2d, Negligence, Key No. 1241. (Replaces existing reference to Alabama Digest).

2 Michael L. Roberts & Gregory S. Cusimano, Alabama Tort Law §§ 1.03 & 36.02 (4th ed 2004).

57A Am. Jur. 2d, Negligence §§ 514 to 554 (2004).

W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 46 (5th ed. 1984).

## APJI 28A.04  SUBSEQUENT NEGLIGENCE

Plaintiff *(name of plaintiff)* says that even if *[he/she/it]* was negligent and put *[himself/herself]* in a dangerous position, Defendant *(name of defendant)* is still responsible for *(name of plaintiff)*'s harm.

If you find that *(name of plaintiff)* contributed to *[his/her]* harm, then to recover damages, *(name of plaintiff)* must prove to your reasonable satisfaction all of the following:

1. That *[he/she]* was in a dangerous position;

2. That *[name of defendant]* knew *[name of plaintiff]* was in a dangerous position;

3. That even though *[he/she]* knew *[name of plaintiff]* was in a dangerous position, *[name of defendant]* did not use reasonable care to keep from causing *[name of plaintiff]* harm;

4. That if *[name of defendant]* had used reasonable care *[he/she]* would not have caused *[name of plaintiff]*'s harm; and

5. That *[name of plaintiff]* was harmed.

### Notes on Use

Use this instruction in conjunction with instructions on con-

APJI CIVIL 29.00                                   WANTONNESS

## APJI 29.00

### WANTONNESS—DEFINITION

Wantonness is the conscious doing of
some act or omission of some duty under
knowledge of existing conditions and con-
scious that from the doing of such act or
omission of such duty an injury will likely
or probably result. Before a party can be
said to be guilty of wanton conduct it must
be shown that with reckless indifference to
the consequences he either consciously and
intentionally did some wrongful act or
consciously omitted some known duty
which produced the injury.

---

#### References

Note: see Ala Code § 6-11-20 (1993), where wantonness is basis of
punitive damage claim.

Hamme v CSX Transportation, Inc., 621 So 2d 281 (1993, Ala).

Senn v Alabama Gas Corporation, 619 So 2d 1320 (1993, Ala).

Berry v Fife, 590 So 2d 884 (1991, Ala).

Burns v Martin, 589 So 2d 147, 149 (1991, Ala).

Martin v Gadsden, 584 So 2d 796, 799 (1991, Ala), reh den (Ala)
1991 Ala LEXIS 805.

Kelley v Smith, 581 So 2d 1096, 1097 (1991, Ala).

Snow v Parrish, 505 So 2d 368, 370 (1987, Ala).

Pike v Lanett, 518 So 2d 747, 748 (1987, Ala App).

Roe v Lewis, 416 So 2d 750, 754 (1982, Ala).

Rosen v Lawson, 281 Ala 351, 202 So 2d 716 (1967).

Alabama G. S. R. Co. v Johnston, 281 Ala 140, 199 So 2d 840
(1967).

Jackson v Cook, 275 Ala 151, 153 So 2d 229 (1963).

Thompson v White, 274 Ala 413, 149 So 2d 797 (1963).

## APJI 29.01

### WILLFULNESS DISTINGUISHED

"Wantonness" is the conscious doing of some act or the omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result.

"Willfulness" is the conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury.

Therefore, in "wanton conduct" and "wanton injury" a purpose or intent or design to injure is not an ingredient; and where a person from his knowledge of existing conditions and circumstances is conscious that his conduct will probably result in injury, yet, with reckless indifference or disregard of the natural or probable consequences, but without having an intent or design to injure, he does the act, or fails to act, he would be guilty of wantonness, but not of willfulness.

But, in "willful conduct" and "willful injury" a purpose or intent or design to injure is an ingredient; and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he is guilty of willfulness.

## APJI 11.01

## GENERAL

**Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as a proximate result of an act of negligence on the part of the defendant,[1] [or where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been (wilfully or) wantonly injured by the defendant].**

**Punitive or exemplary damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.[2]**

---

### Notes on Use

1. Where the issue of damages is limited to compensatory damages, use APJI 11.02 in place of the remaining portion of this charge.

2. Where the issue of damages includes both compensatory and punitive damages, use APJI 11.02 and 11.03 immediately following this entire charge.

### References

Industrial Chemical & Fiberglass Corp. v Chandler, 547 So 2d 812, 75 ALR4th 123 (1988, Ala).

## APJI 11.02

## COMPENSATORY

**The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate him for his injury and other damages which have been inflicted upon him as a proximate result of the wrong complained of.**

---

### Notes on Use

This charge should be given only after giving the appropriate part of APJI 11.01.

### References

Matheny v Petersen, 276 Ala 478, 163 So 2d 635 (1964).

22 Am Jur 2d, Damages §§ 11 et seq.

Statutes providing for governmental compensation for victims of crime. 20 ALR4th 63.

Receipt of compensation from consumption of accumulated employment leave, vacation time, sick leave allowance, or the like, as affecting recovery against tortfeasor. 52 ALR2d 1451.

Recovery of value of use of property wrongfully attached. 45 ALR2d 1221.

Measure of damages for fraudulently procuring services at lowered rate or gratuitously. 24 ALR2d 742.

*A.L.R. Library*
Waiver or loss of right of privacy, 57 A.L.R. 3d 16

## APJI 11.03  PUNITIVE

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to he entitled to recover punitive damages you must first award compensatory damages or nominal damages. Further, the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the minds of the jury a firm conviction and a high probability as to the correctness of their conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or a substantial weight of the evidence, but less than beyond a reasonable doubt.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.



Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

NS

m-
of
of
ers
ni-
ld
ist
ng
of

es
al
id
)r
)r

n
e
s
i
a
e

l
;

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

    1. With an intent to injure the person or property of another person or entity, or

    2. Under such circumstances that the law will imply an evil intent.

----

### Notes on Use

The trial court should read only those portions of the charge on which evidence is submitted.

Ala Code § 6-11-20 (1993).

Pacific Mut. Life Ins. Co. v. Haslip, 499 US 1, 111 S Ct 1032, 113 L Ed 2d 1, 38 (1991).

LeFevre v. Westberry, 590 So 2d 154, 163 (Ala. 1991).

Charter Hosp. of Mobile, Inc. v. Weinberg, 558 So 2d 909, 916, (Ala. 1990).

Southern Life & Health Ins. Co. v. Whitman, 358 So 2d 1025, 1027, (Ala. 1978).

Feazell v. Campbell, 358 So 2d 1017, 1020 (Ala. 1978).

Industrial Chemical & Fiberglass Corp. v. Chandler, 547 So 2d 812, 837, 75 ALR4th 123 (Ala. 1988).

**Research References**

*Additional References*
Jenelle M. Marsh and Charles W. Gamble, Alabama Law of Damages, 4th Ed., §§ 1-11, 4-1, et seq.

*A.L.R. Library*
Excessiveness or inadequacy of punitive damages awarded in personal

APJI CIVIL 11.26                                          DAMAGES

## APJI 11.26

### REAL PROPERTY—MEASURE

**The measure of damage for (injury) (damage) to real property is the difference in the reasonable market value of the land immediately before its (injury) (damage) and the reasonable market value immediately after the (injury) (damage).**

---

### Notes on Use

This charge is the general rule of the measure of damage to real property. See references below for exceptions.

### References

Authority for the rule.

Krebs Mfg. Co. v Brown, 108 Ala 508, 18 So 659 (1895).

Rickenbaugh v Asbury, 28 Ala App 375, 185 So 181 (1938), cert den 237 Ala 7, 185 So 187.

Arrick v Fanning, 35 Ala App 409, 47 So 2d 708 (1950).

Wert v Geeslin, 37 Ala App 351, 69 So 2d 718 (1953), cert den 260 Ala 701, 69 So 2d 724.

Where damages caused by fire on land is damage to fences and grass, the damages consist of the value of such items injured or destroyed, and not the value of the land before and after the injury. Alabama G. S. R. Co. v Russell, 35 Ala App 345, 48 So 2d 239 (1949), revd on other grounds 254 Ala 701, 48 So 2d 249.

Measure of damage to crops on land if the crops have a value which can be ascertained without reference to the soil: The recovery is limited to the value of the thing destroyed and not the difference in the value of the land before and after such destruction.

Atlanta & B. A. L. Ry. v Brown, 158 Ala 607, 48 So 73 (1908).

United States v Taylor, 35 F 484 (1888, CC Ala).

Gresham v Taylor, 51 Ala 505 (1874).

APJI CIVIL 28.03                    NEGLIGENCE—SIMPLE

## APJI 28.03

### FINDINGS—ONE PLAINTIFF, ONE DEFENDANT

If you are reasonably satisfied from the evidence that the defendant was negligent and that the defendant's negligence proximately caused the alleged (injury) (damage), then your verdict must be for the plaintiff; however, if you find that the defendant was not negligent or if you find that the defendant's negligence was not the proximate cause of the plaintiff's (injury) (damage), then your verdict must be for the defendant.

---

#### Notes on Use

This charge should be given when there is no issue of contributory negligence and should be given following the definition of negligence and proximate cause (APJI 33.00).

#### References

Mobile City Lines, Inc. v Proctor, 272 Ala 217, 130 So 2d 388 (1961).

Alabama Power Co. v Berry, 254 Ala 228, 48 So 2d 231 (1950).

Garrett v Louisville & N. R. Co., 196 Ala 52, 71 So 685 (1916).

57 Am Jur 2d, Negligence §§ 176-191.

34