IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KEN and NAOMI SCHWIEKER, | * | |
| | * | |
| **Plaintiffs,** | * | |
| v. | * | CASE NO: 3:06-CV-838-MEF |
| | * | |
| OLDCASTLE MATERIALS | * | |
| SOUTHEAST, INC., | * | |
| | * | |
| **Defendant.** | * | |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' EXHIBIT LIST**

Comes Now Defendant Oldcastle Materials Southeast, Inc., by and through the undersigned counsel, and hereby files its Objections to Plaintiffs' Exhibit List. Defendant states as follows:

GENERAL OBJECTIONS: Oldcastle objects to each and every exhibit listed by the Plaintiffs to the extent that each is irrelevant, immaterial, constitutes or contains inadmissible hearsay, has not been properly authenticated, or the proper predicate has not been laid for admission of said exhibit. Oldcastle further reserves unto itself all legal objections to each and every exhibit until such time as said exhibits are offered at trial.

SPECIFIC OBJECTIONS: Oldcastle specifically objects to the following exhibits listed by the Plaintiffs. The paragraph number denoted below corresponds with the paragraph number of the Plaintiff's Exhibit List. By making these specific objections, Oldcastle in no way waives it general objections to each and every exhibit as listed above.

2.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, contains alleged damages to

other individuals who are not Plaintiffs in this case and who may have previously settled their claims with the quarry operators, and it is otherwise inadmissible.

3.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, contains alleged damages to other individuals who are not Plaintiffs in this case and who may have previously settled their claims with the quarry operators, and it is otherwise inadmissible.

4.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

5.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

6.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, contains alleged damages to other individuals who are not Plaintiffs in this case and who may have previously settled their claims with the quarry operators, and it is otherwise

inadmissible.

8.   Defendant objects to Plaintiffs' designation of "all exhibits to all of Aley's depositions."  Mr. Aley has given many, many depositions and there are many exhibits to each of his depositions.  Additionally, all of Mr. Aley's depositions were taken as part of the Lee County litigation and the parties in this case have not agreed to the use of depositions from the Lee County litigation in this case.

9.   Defendant objects to Plaintiffs' designation number 9 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

10.  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

11.  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, contains alleged damages to other individuals who are not Plaintiffs in this case and who may have previously settled their claims with the quarry operators, and it is otherwise

inadmissible.

12.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, contains alleged damages to other individuals who are not Plaintiffs in this case and who may have previously settled their claims with the quarry operators, and it is otherwise inadmissible.

13.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

14.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

15.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

16.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

17.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

18.   Defendant objects to designation number 18 on the grounds that the designation itself is overly broad and impossible for this Defendant to respond to.  There are numerous documents, photographs and videotapes described in Plaintiffs' designation number 18, many of which are not admissible at trial.  Specifically, Defendant objects to each respective exhibit on the grounds that it is  irrelevant, immaterial, has not been properly authenticated, a property predicate has not been laid for the admission of the exhibit, and the prejudicial effect of said exhibit far outweighs any probative value the exhibit may have.

19.   Defendant objects to Plaintiffs' designation number 19 on the grounds that the designation itself is improper.  Defendant objects to "all exhibits to the deposition of Dixie representative, Glenn Smith" as being irrelevant, immaterial, constitutes inadmissible hearsay, not properly authenticated, the proper predicate has not been laid, and any probative value the exhibit may have is far outweighed by its prejudicial effect.

20.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, contains alleged damages to other individuals who are not Plaintiffs in this case and who may have

previously settled their claims with the quarry operators, and it is otherwise inadmissible.

21. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

22. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, contains alleged damages to other individuals who are not Plaintiffs in this case and who may have previously settled their claims with the quarry operators, and it is otherwise inadmissible.

23. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

24. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

25. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

26.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

27.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

28.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

29.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

30.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

31.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

32. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

33. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

34. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

35. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

36. "Oldcastle's Pretrial Contentions" are not evidence in this case and should not be admissible as such. Defendant further objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

8

37.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

38.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

39.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

40.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

41.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

42.   "Plaintiffs' Pretrial Contentions" are not evidence in this case and should not be admissible as such.  Defendant further objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its

admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

43.    Defendant objects to Plaintiffs' designation number 43 on the grounds that it is an improper and overly broad designation.  Mr. Fowler has given many depositions in the Lee County litigation, and there have been many exhibits to his many depositions.  Specifically, Defendants objects to each respective exhibit as follows:   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

44.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

45.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

46.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

47.    Defendant objects to Plaintiffs' designation number 47 on the grounds that

it is an improper and overly broad designation. Mr. Faust gave a deposition early on in the Lee County litigation. He is not Defendant's expert in this case. There were many exhibits to his deposition. Specifically, Defendant objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

48.    See objection to designation number 47, above.

49.    Defendant objects to Plaintiffs' designation number 49 on the grounds that it is an improper and overly broad designation. Mr. Anderson has given depositions in the Lee County litigation, and there have been exhibits to his many depositions. Specifically, Defendants objects each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

50.    See objection to designation number 49, above.

51.    Defendant objects to Plaintiffs' designation number 51 on the grounds that it is an improper and overly broad designation. Ms. Hinds gave a deposition in the Lee County litigation, and there were several exhibits to her deposition. Specifically, Defendant objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant,

immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

52.    See objection to designation number 51, above.

53.    Defendant objects to Plaintiffs' designation number 53 on the grounds that it is an improper and overly broad designation. Mr. Cook has given many depositions in the Lee County litigation, and there have been many exhibits to his many depositions. Specifically, Defendants objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

54.    Defendant objects to Plaintiffs' designation number 54 on the grounds that it is an improper and overly broad designation. Mr. Woods has given many depositions in the Lee County litigation, and there have been many exhibits to his many depositions. Specifically, Defendants objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Furthermore, Mr. Woods is not Defendant's expert in this case. He was the expert witness for Hanson in the

12

Lee County litigation. Defendant has objected to Mr. Woods designation as a witness in this cas.

55.    Defendant objects to Plaintiffs' designation number 55 on the grounds that it is an improper and overly broad designation. Mr. St. John gave a deposition in the Lee County litigation, and there were many exhibits to his deposition. Specifically, Defendants objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

56.    Please see objection to designation number 55, above.

57.    Defendant objects to Plaintiffs' designation number 57 on the grounds that it is an improper designation. Mr. Heistercamp gave a deposition early on in the Lee County litigation. There were many exhibits to his deposition. Specifically, Defendant objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

58.    Defendant objects to Plaintiffs' designation number 58 on the grounds that it is an improper and overly broad designation. Mr. Reynolds gave a deposition early on in the Lee County litigation. There were many exhibits to his deposition. Specifically, Defendant objects to each respective exhibit

as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

59.    Defendant objects to Plaintiffs' designation number 59 on the grounds that it is an improper and overly broad designation.  Mr. Schultz gave a deposition in the Lee County litigation.  He is not Defendant's expert in this case.  There were many exhibits to his deposition.  Specifically, Defendant objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

60.    Defendant objects to Plaintiffs' designation number 60 on the grounds that it is an improper and overly broad designation.  Mr. Wheeler gave a deposition in the Lee County litigation.  There were many exhibits to his deposition.  Specifically, Defendant objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

61.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial,

constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

66.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

68.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

69.    Defendant objects to Plaintiffs' designation number 69 on the grounds that it is an improper and overly broad designation.  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

70.    Defendant objects to Plaintiffs' designation number 70 on the grounds that it is an improper and overly broad designation.  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

71.    Defendant objects to Plaintiffs' designation number 71 on the grounds that

it is an improper and overly broad designation.  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

72.    Defendant objects to Plaintiffs' designation number 72 on the grounds that it is an improper and overly broad designation. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

73.    Defendant objects to "all exhibits used by Aley, Hicks and Getz during the 2004 trial, as updated to date."  Such a designation is overly broad and is impossible for these Defendants to respond to.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

74.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

75.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial,

constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

76.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

77.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

78.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

79.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

80.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

81.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial,

constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

82.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

83.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

84.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

85.    Defendant objects to Plaintiffs' designation number 85 on the grounds that it is an improper designation.  Defendant cannot possibly respond to such an overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

86.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial,

18

constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

87.    Defendant objects to Plaintiffs' designation on the grounds that it is an improper designation as it does not properly identify the exhibits to used. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

88.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

89.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

90.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

91.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

92.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

93.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

94.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

95.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

96.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

97.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

98.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

99.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

100.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

101.   Defendant objects to Plaintiffs' designation number 101 on the grounds that it is overly broad.  Defendant cannot possibly respond to such an overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

102.   Defendant objects to Plaintiffs' designation number 102 on the grounds that it is overly broad.  Defendant cannot possibly respond to such an overly

21

broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

103.    Defendant objects to Plaintiffs' designation number 103 on the grounds that it is overly broad.  Defendant cannot possibly respond to such an overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

104.    Defendant objects to Plaintiffs' designation number 104 on the grounds that it is overly broad.  Defendant cannot possibly respond to such an overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

105.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

106.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

107.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

108.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

109.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

110.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

111.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

112. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

113. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

114. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

115. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

116. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

119. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

120. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

121. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

122. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

123. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

124. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

125. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

126.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

127.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

128.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

129.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

130.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

131. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

132. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

133. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

134. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

135.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

136.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

137.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

138.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

139.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

140.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

141.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

142.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

143.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

144.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

145.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

146.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

147.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

148.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

149.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

150.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Additionally, Aley is not qualified to offer opinions relating to this exhibit or the exhibit itself.

151.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

152.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

153.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

154.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

155.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

156.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

157.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

158.    Defendant objects to Plaintiffs' designation number 158 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

159.    Defendant objects to Plaintiffs' designation number 159 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

160.    Defendant objects to Plaintiffs' designation number 160 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative

value it may have, and it is otherwise inadmissible.

161.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

162.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

163.    Defendant objects to Plaintiffs' designation number 163 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

164.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

165.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

166.   Defendant objects to Plaintiffs' designation number 166 on the grounds that
it is an improper and overly broad designation.  Defendant specifically
objects to each respective exhibit as follows: Defendant objects on the
grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible
hearsay, has not been properly authenticated, the proper predicate has not
been laid for its admission, its prejudicial effect far outweighs any probative
value it may have, and it is otherwise inadmissible.  Additionally, Aley is
not qualified to offer opinions relating to this exhibit or the exhibit itself.

167.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial,
constitutes inadmissible hearsay, has not been properly authenticated, the
proper predicate has not been laid for its admission, its prejudicial effect far
outweighs any probative value it may have, and it is otherwise inadmissible.
Additionally, Aley is not qualified to offer opinions relating to this exhibit
or the exhibit itself.

168.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial,
constitutes inadmissible hearsay, has not been properly authenticated, the
proper predicate has not been laid for its admission, its prejudicial effect far
outweighs any probative value it may have, and it is otherwise inadmissible.
Additionally, Aley is not qualified to offer opinions relating to this exhibit
or the exhibit itself.

169.   Defendant objects to Plaintiffs' designation number 169 on the grounds that
it is an improper and overly broad designation.  Defendant specifically
objects to each respective exhibit as follows: Defendant objects on the
grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible

hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

170.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

171.     Defendant objects to Plaintiffs' designation number 171 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

172.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

173.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

174.     Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

175.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

176.    Defendant objects to Plaintiffs' designation number 176 on the grounds that it is overly broad. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

177.    Defendant objects to Plaintiffs' designation number 177 on the grounds that it is overly broad. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

178.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

179.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

180.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

181.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

182.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

183.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

184.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

185.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

186.   Defendant objects to Plaintiffs' designation number 186 on the grounds that it is overly broad.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

187.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

188.   Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

189.   Defendant objects to Plaintiffs' designation number 189 on the grounds that it is overly broad.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its

prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

190.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

191.    Defendant objects to Plaintiffs' designation number 191 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

192.    Defendant objects to Plaintiffs' designation number 192 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

193.    Defendant objects to Plaintiffs' designation number 193 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible

hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

194.    Defendant objects to Plaintiffs' designation number 194 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

195.    Defendant objects to Plaintiffs' designation number 195 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

196.    Defendant objects to Plaintiffs' designation number 196 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

197.  Defendant objects to Plaintiffs' designation number 197 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

198.  Defendant objects to Plaintiffs' designation number 198 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

199.  Defendant objects to Plaintiffs' designation number 199 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

200.  Defendant objects to Plaintiffs' designation number 200 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the

grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

201. Defendant objects to Plaintiffs' designation number 201 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

202. Defendant objects to Plaintiffs' designation number 202 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

203. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

204. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

205. Defendant objects to Plaintiffs' designation number 205 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

207. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

208. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

209. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

211. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far

outweighs any probative value it may have, and it is otherwise inadmissible.

212. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

213. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

214. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

215. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

216. Defendant objects to Plaintiffs' designation number 216 on the grounds that it is an improper and overly broad designation. Defendant specifically objects to each respective exhibit as follows: Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

217. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

218. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

219. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

220. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Further, Judge English is not qualified to offer an opinion regarding the exhibit or the exhibit itself.

221. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

223. Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the

proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible. Further, David Tankersly is not qualified to offer opinions regarding the exhibits or the exhibits themselves.

224.    Defendant objects to Plaintiffs' designation number 224 on the grounds that it is an improper and overly broad designation.  Defendant specifically objects to each respective exhibit as follows:  Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

226.    Defendant objects on the grounds that said exhibit is irrelevant, immaterial, constitutes inadmissible hearsay, has not been properly authenticated, the proper predicate has not been laid for its admission, its prejudicial effect far outweighs any probative value it may have, and it is otherwise inadmissible.

Defendant reserves unto itself the right to withdraw any of the aforementioned objections at any time and/or to offer any of Plaintiffs' exhibits as evidence.

Respectfully submitted,

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

/s/Matthew W. White
PHILLIP E. ADAMS, JR. (ADA025)
PATRICK C. (RICK) DAVIDSON (DAV025)
MATTHEW W. WHITE (WHI086)
Attorney for Defendant Oldcastle
P.O. Box 2069
Opelika, Alabama  36803-2069
(334) 745-6466

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the above and foregoing upon the following, this the 2nd day of May, 2008:

James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049

_/s/ Matthew W. White
Of Counsel