## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

KEN and NAOMI SCHWIEKER,      )
                                   )
       **Plaintiffs,**          )
                                   )
**v.**                                  )     **CASE NO.: 3:05-CV-838**
                                   )
**OLDCASTLE MATERIALS**    )
**SOUTHEAST, INC.**          )
                                   )
       **Defendant.**         )

## OLDCASTLE'S FIRST MOTION IN LIMINE

Comes Now Defendant Oldcastle Materials Southeast, Inc., by and through the undersigned counsel, and hereby respectfully moves this Honorable Court to enter orders *in limine* prohibiting Plaintiffs from calling the following witnesses identified in their witness list, served and filed on April 9, 2008.

1.     Neal Hall;

2.     Dan Hilyer;

3.     Bill Harrelson;

4.     Shirley Smith Dyson;

5.     Mary Knapp;

6.     David Tankersley;

7.     John Twitty;

8.     Larry Avery;

9.     Glen Smith;

10.    Judge Bill English;

11.    Darren Brown;

12.    Dr. Faust;

13.    Justin Hardee;

14.    Earl Parker;

15.    Shirlene Parker;

16.    Paul Sanders;

17.    Press Allinder;

18.    Donnie Smith;

19.    Ronnie Smith;

20.    Frank Whitman;

21.    Darren Brown's father;

22.    William Ingram;

23.    Dennis Carlisle;

24.    Steve Hackell;

25.    Manager of Beauregard Water Authority;

26.    Frank Heisterkamp; and

27.    Todd Wheeler.

A copy of this Witness List is attached hereto as Exhibit 1.  The Plaintiffs also submitted a

witness list on September 6, 2007, which is attached hereto as Exhibit 2, briefly summarizing the

expected testimony of these witnesses.

Based on the Plaintiffs' own summaries set forth in Exhibit 2 and discussed in detail below,

the testimony of these witnesses would be irrelevant, immaterial, and inadmissible, as provided by

Rules 401 and 402 of the *Federal Rules of Evidence*, or, alternatively, any probative value would be outweighed by prudential considerations of prejudice, confusion, delay, waste of time, and needless repetition, as provided by Rules 403 and 404 of the *Federal Rules of Evidence*.

The Plaintiffs have claims for statutory diversion of water, negligence, wantonness, and private nuisance. Therefore, any testimony regarding damages to other persons or property, any testimony regarding risk of injury to the public at large, any testimony regarding damages to Little Uchee Creek other than any portion of the creek on Plaintiffs' property, any testimony regarding sinkholes no on the Plaintiffs' property, any testimony regarding damages to wells and water lines on other property, any testimony regarding any events, sinkholes, alleged damages, or other occurrences prior to September 4, 2004 when the Schwiekers obtained a verdict in the state court trial against Oldcastle for damages to their property based on sinkholes, any testimony regarding risk to the Dixie Pipeline from quarry operations, any testimony regarding risk to the Alabama Electric Cooperative power line from sinkhole formation, any testimony regarding damage to, or the closing of, Spring Villa Road, any testimony regarding expenses incurred by any other person, including but not limited to Lee County, any testimony regarding damage or risk to Beauregard Water Authority wells, and any testimony regarding damages for loss of value of lands, loss of springs and private wells, and rebuilding costs of Spring Villa pool is irrelevant, immaterial, and outside the scope of this trial. *See* Fed. R. Evid. 401. Therefore, such testimony is inadmissible. *See* Fed. R. Evid. 402. Alternatively, the waste of this Honorable Court's time in needlessly lengthening the trial of this matter and the prejudicial effect of such testimony on Oldcastle greatly outweighs any probative value such that this testimony should be precluded. *See* Fed. R. Evid. 403.

The claims presented by the Schwiekers involve whether there was a negligent breach of duty

by Oldcastle that proximately caused recoverable damages to the plaintiffs, and whether there was interference with the use and enjoyment of the Schwiekers' property by Oldcastle. Based on the Plaintiffs' own summaries of the expected testimony of their witnesses, twenty-seven (27) of the witnesses listed on Plaintiffs' Witness List have no relation to the Schwiekers' negligence, wantonness, private nuisance, or statutory diversion of water claims as shown by the description of these witnesses testimony contained in the Plaintiffs September 6, 2007 Witness List. *See* Exhibit 2.

Specifically, each of the 27 witnesses above-listed is being offered for testimony that is irrelevant, immaterial, and inadmissible pursuant to Rule 401 and Rule 402 of the *Federal Rules of Evidence*. Moreover, any probative value would be outweighed by the prejudicial effect on Oldcastle and the prudential considerations of Rule 403 of the *Federal Rules of Evidence* as demonstrated by Plaintiffs' own description of the testimony as follows:

1. Neal Hall's testimony is irrelevant and immaterial to the Plaintiffs' claims. Plaintiffs state that "Mr. Hall is the Lee County Engineer and will testify about all aspects of the County's claims for damages as well as road problems, road repairs, and road closures." This evidence is irrelevant to the Schwiekers' claims.

2. Plaintiffs' state that Dan Hilyer "will update his testimony with information relating to costs of providing water to the Spring Villa Park, especially in light of the repairs to Spring Villa Road. He will further testify that many persons in the Spring Villa area are not serviced by public water supplies and that they therefore rely upon well water for domestic purposes." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this

matter. Therefore, it should be inadmissible. *See* Fed. R. Evid. 403.

3.    Plaintiffs' state that Bill Harrelson will "offer testimony similar to his prior trial and deposition testimony in the Lee County Litigation [and] [t]o the extent needed, he will update his testimony with information relating to costs of removing the old Spring Villa Swimming Pool and constructing a new one." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissible. *See* Fed. R. Evid. 403.

4.    Plaintiffs state that Donnie Smith, Ronnie Smith, and Shirley Smith-Dyson "will update their testimony with information relating to Oldcastle's repair of sinkholes on their property and the redevelopment of sinkholes after Oldcastle's repair of their property." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissible. *See* Fed. R. Evid. 403. Furthermore, this testimony is inadmissible as it is evidence of a subsequent remedial measure. *See Peoples v. CSX Transp., Inc.*, 681 So. 2d 1388, 1390 (Ala. 1996).

5.    Plaintiffs state that Mary Knapp "is a resident on Lee Road 704 who has had numerous collapses of a sinkhole in her yard and on the street, and who has suffered the loss of water caused by sinkhole problems." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402.

Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

6.    Plaintiffs state that David Tankersley will testify "about the development of dozens of piping holes and some sinkholes on his property since the 2004 trial. He will testify on the estimated cost to repair the Schwieker property." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

7.    Plaintiffs state that John Twitty with the Alabama Electric Cooperative "will testify regarding the relocation of the power pole north of the Little Uchee Creek due to the sinkhole that endangered that pole, as well as the dangers to the public were the power line to be compromised." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

8.    Plaintiffs list as a witness Larry Avery with the Alabama Electric Cooperative, whose testimony is expected to be similar to that of John Twitty. Therefore, it is likewise, outside the scope of the trial on the Schwiekers' claims, irrelevant, immaterial, and inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Alternatively, any probative value of this testimony would be outweighed by prudential considerations of prejudice, confusion, delay, waste of time, and needless repetition.

*See* Fed. R. Evid. 403.

9.   Plaintiffs state that Glen Smith with Dixie Pipeline will testify regarding knowledge of the repairs to the Dixie Pipeline sinkhole that formed in October of 2005.  This testimony is outside the scope of the trial on the Schwiekers' claims.  It is irrelevant, immaterial, and, thus, inadmissible.  *See* Fed. R. Evid. 401; Fed. R. Evid. 402.  Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter.  Therefore, it should be inadmissable.  *See* Fed. R. Evid. 403.

10.   Judge Bill English, who is a representative of Lee County, Alabama, is expected to testify  about damages to Lee County as well as damages to and the closing of Spring Villa Road.  This testimony is outside the scope of the trial on the Schwiekers' claims.  It is irrelevant, immaterial, and, thus, inadmissible.  *See* Fed. R. Evid. 401; Fed. R. Evid. 402.  Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter.  Therefore, it should be inadmissable.  *See* Fed. R. Evid. 403.

11.   Plaintiffs state that Darren Brown or his father "who operates a business on Spring Villa Road west of David Tankersley, known as Brown Tool & Mold . . . have sinkholes in their field."  Plaintiffs also state that they will testify as to sinkholes that have formed on that property since the 2004 trial, some of which were repaired by Oldcastle, and as to the success or failure of the repairs.  This testimony is outside the scope of the trial on the Schwiekers' claims.  It is irrelevant, immaterial, and, thus, inadmissible.  *See* Fed. R. Evid. 401; Fed. R. Evid. 402.  Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter.  Therefore, it should be inadmissable.  *See* Fed. R. Evid. 403.

12.   Plaintiffs include on their witness list an expert hired by Oldcastle in the Lee County

litigation, Dr. Faust. Oldcastle has never disclosed Dr. Faust as an expert in this cause of action, and has not submitted any expert disclosures as to this witness. Moreover, Dr. Faust has done no work for Oldcastle on the claims of the Schwiekers in this matter. Therefore, Dr. Faust's previous deposition is irrelevant, immaterial, and inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Alternatively, any probative value of this testimony would be outweighed by prudential considerations of prejudice, confusion, delay, waste of time, and needless repetition. *See* Fed. R. Evid. 403.

13. Plaintiffs state that Justin Hardee "will offer testimony about the many new sinkholes in the area of and on Spring Villa Road roadbed, in the Little Uchee Creek, and on roads and private properties in areas north, northeast, south, and west of the quarry. He will identify over 150 sinkholes by location when he and Mr. Aley performed an "inventory" of sinkholes in January of 2006." "Mr. Hardee will also testify regarding Oldcastle's repairs or attempts to repair Spring Villa Road per the Oldcastle-Lee County settlement agreement. This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

14. Plaintiffs state that Earl Parker "will testify regarding the dozens of piping holes that formed on his property and on the Lassiter and Furmanek properties located north-northeast of the quarry and his familiarity with the area for well over 50 years. He will testify that no sinkholes or piping holes had ever formed in this area before the quarry began discharging millions of gallons of water per day from the groundwater. He will also discuss the location of septic systems on the Lassiter, Furmanek and Parker properties. This testimony is outside the scope of the trial on the

Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissible. *See* Fed. R. Evid. 403.

15.    Plaintiffs state that Shirlene Parker "[w]ill testify about the sinkholes that have formed on their property west of the quarry since the 2004 trial." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

16.    Plaintiffs state that Paul Sanders is a property owner between Tankersley and Brown Tool & Mold and that "[h]e will testify about the sinkholes on his property, including a sinkhole that formed on his septic field lines." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

17.    Plaintiffs list Press Allinder and Steve Hackell as representatives of the Lee County Department of Public Health who will testify "about the state regulation prohibiting septic systems within 300' of sinkholes and the impacts of the quarry's operations (which cause the sinkholes in the area) on numerous property owners' properties and septic problems. Will also testify about the pollution of the groundwater in the area due to untreated water entering the aquifer through

sinkholes, septic systems, and the Little Uchee Creek." First, the Schwiekers do not have a septic system on their property. Second, any problems on property owned by others is irrelevant to the Schwiekers' claims. Third, these witnesses are not expert witnesses qualified to testify about the cause of sinkholes in the area. Therefore, this testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

18.   Plaintiffs state that Frank Whitman assisted Lee County with respect to the "geotechnical investigation of Spring Villa Road, and who is expected to offer further expert testimony that due to the new problems and significant increase in sinkhole activity in and around Spring Villa Road, it is not feasible to repair the roadbed at this time." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

19.   Plaintiffs list Bob Wood as a witness. Mr. Wood was an expert witness hired by another defendant in the Lee County litigation. Mr. Wood has never been disclosed as a witness in this matter. Therefore, his testimony should be inadmissible. Furthermore, he has not done any work for Oldcastle, nor has he done any work on the Schwiekers' claims since September 4, 2004. Thus, his testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not

only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissible. *See* Fed. R. Evid. 403.

20.    Plaintiffs state that William Ingram "[w]ill testify regarding the sinkholes that formed on and near Spring Villa Road and the repairs undertaken by Lee County Highway Department." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

21.    Plaintiffs state that Dennis Carlisle "lives in the Spring Villa area and will testify that the road closure is extremely inconvenient for him and his family." This testimony is outside the scope of the trial on the Schwiekers' claims. It is irrelevant, immaterial, and, thus, inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, this testimony would not only greatly prejudice Oldcastle, but would also needlessly confuse the jury and lengthen the trial of this matter. Therefore, it should be inadmissable. *See* Fed. R. Evid. 403.

22.    Plaintiffs list as a witness the manager of Beauregard Water Authority. The Beauregard Water Authority is not a party in this action. Any alleged damages to its property are outside the scope of a trial on the Schwiekers' claims for negligence and private nuisance. Therefore, the testimony is irrelevant, immaterial, and inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402. Moreover, any probative value of this testimony would be outweighed by prudential considerations of prejudice, confusion, delay, waste of time, and needless repetition. *See* Fed. R. Evid. 403.

23.    Plaintiffs list both Todd Wheeler and Frank Heisterkamp as witnesses claiming that they are Oldcastle's witnesses. However, neither Todd Wheeler nor Frank Heisterkamp have been listed

as a potential witness for Oldcastle in this action.  Moreover, neither Todd Wheeler nor Frank Heisterkamp can offer testimony relevant to the Schwieker's claims since September 4, 2004. Therefore, their testimony is irrelevant, immaterial, and inadmissible.  *See* Fed. R. Evid. 401; Fed. R. Evid. 402.  Moreover, any probative value of their testimony would be outweighed by considerations of delay, waste of time, and needless repetition.  *See* Fed. R. Evid. 403.

In conclusion, any testimony or evidence regarding damages to persons or property other than the Schwiekers' is irrelevant to their claims in this matter.  As demonstrated by Plaintiffs' own summaries of the expected testimony of the above-listed witnesses on their Witness List, the testimony is irrelevant and immaterial.  *See* Fed. R. Evid. 401.  Therefore, it is inadmissible in the instant matter.  *See* Fed. R. Evid. 402.  Alternatively, any probative value of the testimony of these witnesses is outweighed by the likelihood of prejudice to Oldcastle.  Thus, the testimony should be precluded. *See* Fed. R. Evid. 403.  Finally, allowing this vast number of witnesses whose testimony is irrelevant to the claims of the Schwiekers would needlessly lengthen the trial of this matter wasting both this Court's and the juror's time.  Accordingly, the testimony should be inadmissible.  *See* Fed. R. Evid. 403.

WHEREFORE, premises considered, Oldcastle respectfully moves this Honorable Court *in limine* to prohibit Plaintiffs from calling the above-listed witnesses.

Respectfully submitted this 2nd day of May, 2008.

 /s/ Matthew W. White
PHILLIP E. ADAMS, JR. (ASB-9946-D56P)
MATTHEW W. WHITE (ASB-6809-W83M)
Attorneys for Oldcastle Materials
Southeast, Inc.

**OF COUNSEL**
Adams, Umbach, Davidson,
& White, LLP
Post Office Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466


## CERTIFICATE OF SERVICE

   This is to certify that I have this day served a copy of the foregoing on the following, this the 2nd day of May, 2008:


James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049


       /s/ Matthew W. White
       Of Counsel

13

# EXHIBIT

# 1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **KEN and NAOMI SCHWIEKER,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | *  **Case No. 3:06-CV-838-MEF** |
| | * |
| **OLD CASTLE MATERIALS** | * |
| **SOUTHEAST, INC.,** | * |
| | * |
| **Defendant.** | * |

### PLAINTIFF SCHWIEKER'S WITNESS LIST
### for MAY 19, 2008 TRIAL

Plaintiff Schwieker reserves the right to call the following persons as witnesses at the trial of this case in May of 2008:

### I.   WITNESSES WHO WILL BE CALLED TO TESTIFY:

1.   Neal Hall. Mr. Hall is the Lee County Engineer. Defendant knows Mr. Hall well.

2.   Tom Aley. This expert is well known to the Defendant.

3.   Woody Hicks. This expert is well known to the Defendant.

4.   Rodger Getz. This expert is well known to the Defendant.

5.   Dan Hilyer. This witness is well known to Defendant.

6.   Bill Harrelson. This witness is well known to Defendant.

7.   Alan Lee (if sampling chain of custody is disputed). This witness is well known to Defendant.

8.   Ken and Naomi Schwieker. Plaintiffs.

9.   Shirley Smith-Dyson. This witness is well known to the Defendant.

10.   Mary Knapp. This witness is well known to the Defendant.

11.   David Tankersley. This witness is well known to Defendant.

12.   John Twitty, Alabama Electric Co-Operative (Andalusia) Transmission Engineering Supervisor (or other corporate representative).

13.    Larry Avery, Alabama Electric Co-Operative.

14.    Glen Smith, Dixie Pipeline.

15.    Judge Bill English.

16.    Darren Brown.

17.    Brian Fowler, Defendant's witness (live or by deposition).

18.    Dr. Faust, Defendant's witness (by deposition).

19.    Dr. Cook, Defendant's witness (live or by deposition);

20.    Justin Hardee. This witness is well known to Defendant.

21.    Fatima Hinds. By deposition.

22.    Pete Andersen. Live or by deposition.

23.    Earl Parker, 3677 Ala. Hwy 169, Opelika, AL 36804.

24.    Shirlene Parker. This witness is well known to the Defendant.

25.    Frank Heisterkamp (by deposition). Defendant's witness.

26.    Paul Sanders. This witness is well known to the Defendant.

27.    Greg Eidson.

28.    Press Allinder. A representative of the Alabama Department of Public Health.

29.    Employees, agents, or servants of those entities to whom Subpoenas for the Production of Documents were or will be issued by any party, in order to authenticate and/or testify concerning said entities' documents relative to this matter.

## II.    WITNESSES WHO MAY BE CALLED IF THE NEED ARISES:

1.    Donnie Smith.

2.    Ronnie Smith.

3.    Frank Whitman.

4.    Darren Brown's father.

5.    Bob Wood.

6.     William Ingram.

7.     Todd Wheeler.

8.     Dale Mapp (or other ADEM witness to authenticate DMR and other ADEM records).

9.     Dennis Carlisle.

10.    Jacob Pierce.

11.    Dr. Ralph Ewers (by deposition).

12.    Steve Hackell, Lee County Department of Public Health.

13.    Any persons, including expert witnesses (if needed) identified through continuing discovery, who may offer or provide relevant and admissible testimony or evidence based on additional discovery.

14.    Any person or persons needed to authenticate the documents to be offered as exhibits in this case.

15.    Manager of Beauregard Water Authority.

16.    Mark Pyle, Defendant's witness (by deposition).

17.    Any other witness necessary for rebuttal testimony.

Plaintiffs reserve the right to supplement this list as discovery is ongoing.

Respectfully submitted this the 9th day of April, 2008.

                         **s/ C. E. Vercelli, Jr.**
                         **CHARLES E. VERCELLI, JR.** (VER003)

**OF COUNSEL:**
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429
TEL:  (334) 821-7100
FAX:  (334) 821-7101
jsprayberry-spraylaw@charter.net

Charles E. Vercelli, Jr.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL:  (334) 834-8805
FAX:  (334) 834-8807
cvercelli@vercelli-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Phillip E. Adams, Jr.
Rick Davidson
Matthew W. White
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

s/C. E. Vercelli, Jr.

155-00\Schwieker Witness List 05-19-08.3.wpd

# EXHIBIT
# 2

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

KEN and NAOMI SCHWIEKER,           *
                                    *
          Plaintiff,                *
                                    *
vs.                                 *     Case No. 3:06-CV-838-MEF
                                    *
OLD CASTLE MATERIALS                *
SOUTHEAST, INC.,                    *
                                    *
          Defendant.                *

### PLAINTIFF SCHWIEKER'S WITNESS LIST
### for DECEMBER 2007 TRIAL

Plaintiff Schwieker reserves the right to call the following persons as witnesses at the trial of this case in December of 2007:

1.     **Neal Hall.** Mr. Hall is the Lee County Engineer and will testify about all aspects of the County's claims for damages, as well as road problems, road repairs, and road closures.

2.     **Gallet & Associates, Frank Whitman,** expert witnesses. Mr. Whitman is the Gallet & Associates Senior Engineer who assisted Lee County with respect to the geotechnical investigation of Spring Villa Road, and who is expected to offer further expert testimony that due to the new problems and significant increase in sinkhole activity in and around Spring Villa Road, it is not feasible to repair the roadbed at this time.

3.     **Tom Aley.** This expert is well known to the Defendant. He has not performed further tests, but is expected to update his opinions in light of the substantial increase in sinkhole activity north, northeast, south, and west of the quarry (including the problems with the Dixie Pipeline sinkhole and the Alabama Electric Coop power line). He will offer testimony as previously offered in the 2004 trial and in his multiple depositions in the Lee County litigation. All of his reports and opinions from that litigation are

incorporated here by reference. Further, Mr. Aley will update his opinions when documents that have been requested are produced by Oldcastle.

4.    **Woody Hicks.** This expert is well known to the Defendant. He has not performed further tests, but is expected to update his opinions in light of the substantial increase in sinkhole activity north, northeast, south, and west of the quarry (including the problems with the Dixie Pipeline sinkhole and the Alabama Electric Coop power line). He will offer testimony as previously offered in the 2004 trial and in his multiple depositions in the Lee County litigation. All of his reports and opinions from that litigation are incorporated here by reference. Further, Mr. Aley will update his opinions when documents that have been requested are produced by Oldcastle.

5.    **Rodger Getz.** This expert is well known to the Defendant. He has not performed further tests, but is gathering additional precipitation data and is expected to update his opinions. He will offer testimony as previously offered in trial and deposition testimony. His most recent opinions are produced herewith as well.

6.    **Dan Hilyer.** This witness is well known to Defendant and will offer testimony similar to his prior testimony. To the extent needed, he will update his testimony with information relating to costs of providing water to the Spring Villa Park, especially in light of the repairs to Spring Villa Road.. He will further testify that many persons in the Spring Villa area are not serviced by public water supplies and that they therefore rely upon well water for domestic purposes.

7.    **Bill Harrelson.** This witness is well known to Defendant and will offer testimony similar to his prior trial and deposition testimony in the Lee County Litigation. To the extent needed, he will update his testimony with information relating to costs of removing the old Spring Villa Swimming Pool and constructing a new one.

8.    **Alan Lee** (if sampling chain of custody is disputed). This witness is well known to Defendant and will offer testimony similar to his prior deposition testimony.

Page 2 of 8

9.    **Ken and Naomi Schwieker.** Mr. and Mrs. Schwieker will offer testimony similar to his prior 2004 trial and their prior deposition testimony. They will also testify about the many, many new sinkholes in the area, on their property, on the Spring Villa Road roadbed, and in the Little Uchee Creek, and they will testify about the Alabama Electric Coop power line sinkhole and the sinkhole that formed directly under the Dixie Pipeline. Mr. Schwieker intends to collect data on further sinkhole development through the discovery cutoff in this case and will timely advise Defendant of new sinkholes as they become known to the Plaintiffs.

10.    **Donnie Smith, Ronnie Smith or Shirley Smith-Dyson.** These witnesses are well known to Defendant and will offer testimony similar to their prior deposition testimony. To the extent needed, they will update their testimony with information relating to Oldcastle's repair of sinkholes on their property and the redevelopment of sinkholes after Oldcastle's repair of their property.

11.    **Mary Knapp.** This witness is well known to the Defendant. She is a resident on Lee Road 704 who has had numerous collapses of a sinkhole in her yard and on the street, and who has suffered the loss of water caused by sinkhole problems. She will testify and has been deposed by the Defendant in the Lee County litigation.

12.    **David Tankersley.** This witness is well known to Defendant and will offer testimony similar to his prior deposition testimony. He will also testify about the development of dozens of piping holes and some sinkholes on his property since the 2004 trial. He will testify on the estimated cost to repair the Schwieker property, as identified on the Expert witness disclosure of today's date.

13.    **John Twitty,** Alabama Electric Co-Operative (Andalusia) Transmission Engineering Supervisor (or other corporate representative) will testify regarding the relocation of the power pole north of the Little Uchee Creek due to the sinkhole that

endangered that pole, as well as the dangers to the public were the power line to be compromised.

14.     **Darren Brown** or his father, who operates a business on Spring Villa Road west of David Tankersley, known as Brown Tool & Mold. They have sinkholes in their field, some of which the Defendants' experts have already examined. However, several additional sinkholes have formed on that property since the 2004 trial. Some holes were repaired by Oldcastle and the repairs have failed.

15.     **Brian Fowler,** Defendants' witness, by deposition or other Oldcastle Corporate Representative.

16.     **Dr. Faust,** Defendants' witness (by deposition).

17.     **Dr. Ewers,** Defendant's witness (by deposition).

18.     **Dr. Cook,** Defendants' witness (live or by deposition);

19.     **Bob Wood,** Defendant's witness (live or by deposition).

20.     **Justin Hardee.** This witness is well known to Defendant and will offer testimony about the many new sinkholes in the area of and on the Spring Villa Road roadbed, in the Little Uchee Creek, and on roads and private properties in areas north, northeast, south, and west of the quarry. He will identify over 150 sinkholes by location when he and Mr. Aley performed an "inventory" of sinkholes in January of 2006. More sinkholes have formed since then, and sinkholes are continuing to form. He and Mr. Schwieker intend to collect data on further sinkhole development through the discovery cutoff in this case and will timely advise Defendant of new sinkholes as they become known to the Plaintiffs. Mr. Hardee will also testify regarding Oldcastle's repairs or attempts to repair Spring Villa Road per the Oldcastle-Lee County settlement agreement.

21.     **William Ingram,** Lee County Highway Department. Will testify regarding the sinkholes that formed on and near Spring Villa Road and the repairs undertaken by Lee County Highway Department. He will testify as per his prior deposition testimony as well.

Page 4 of 8

22.     A representative of GeoTrans, Defendant's witness (to be determined after the deposition is taken) (live or by deposition). Testimony is expected regarding Defendant's and GeoTrans' activities since 2003. This is a witness controlled by Defendant, so Plaintiff does not now know what else the witness(es) might testify about.

23.     **Earl Parker**, 3677 Ala. Hwy 169, Opelika, AL 36804. Will testify regarding the dozens of piping holes that formed on his property and on the Lassiter and Furmanek properties located north-northeast of the quarry and his familiarity with the area for well over 50 years. He will testify that no sinkholes or piping holes had ever formed in this area before the quarry began discharging millions of gallons of water per day from the groundwater. He will also discuss the location of septic systems on the Lassiter, Furmanek and Parker properties.

24.     **Bobby or Shirlene Parker**. Will testify about the sinkholes that have formed on their property west of the quarry since the 2004 trial.

25.     **Todd Wheeler**, Defendants' witness (adversely or by deposition). Testimony is expected regarding Defendant's activities since the 2004 trial. This is a witness controlled by Defendant, so Plaintiff does not now know what else the witness(es) might testify about.

26.     **Dale Mapp** or his supervisor (ADEM). Will testify about the activities of Oldcastle since it acquired the quarry, as well as the DMRs and other regulatory issues and problems associated with the quarry. He will authenticate ADEM, Hanson, and Oldcastle records, if needed.

27.     **Frank Heisterkamp** (by deposition). Defendant's witness.

28.     **Dennis Carlisle**. Mr. Carlisle lives in the Spring Villa area and will testify that the road closure is extremely inconvenient for him and his family.

29.     **Jacob Pierce**. Mr. Pierce works for Goodwyn Mills & Cawood and has assisted Plaintiff in developing a Photo Map of the quarry and Spring Villa areas. The Photo Map includes lot lines taken from the Lee County Tax Appraiser's office, and

includes a Sinkhole Inventory from Mr. Aley conducted in January of 2006. The Photo Map and other exhibits will be attested to by other witnesses. Plaintiffs do not intend to call Mr. Pierce at the trial, but reserve the right to call him if Defendant objects to use or introduction of the evidence and his testimony would be required to explain or make the exhibits admissible.

30.    **Paul Sanders,** property owner between Tankersley and Brown Tool & Mold. He will testify about the sinkholes on his property, including a sinkhole that formed on his septic field lines. As a result of that sinkhole, his property cannot be developed per Health Department regulations.

31..    **Greg Eidson.** He will testify as to valuation of the Schwieker property as summarized in his Rule 26 disclosure and his supporting documentation and data attached thereto and produced on this date.

32.    A representative of Lee County Department of Public Health. Will testify regarding the impact of sinkholes within 300 feet of septic systems and about Mr. Sander's sinkhole and septic problem in particular.

33.    A representative of the Alabama Department of Public Health. Will testify about the state regulation prohibiting septic systems within 300' of sinkholes and the impacts of the quarry's operations (which cause the sinkholes in the area) on numerous property owners' properties and septic problems. Will also testify about the pollution of the groundwater in the area due to untreated water entering the aquifer through sinkholes, septic systems, and the Little Uchee Creek.

34.    The person or persons from Dixie Pipeline most knowledgeable about the repairs to the Dixie Pipeline sinkhole that formed in October of 2005. Previously taken depositions in the Lee County litigation may be used and/or the persons deposed will testify similarly to their prior deposition testimony.

35.     The person or persons most knowledgeable about the repairs to the Smith-Smith-Dyson properties on Spring Villa Road, the proposed repairs to Spring Villa Road, and the repairs to the Brown property. These persons would be Oldcastle employee(s) or contractor(s).

36.     All persons disclosed on Plaintiffs' Expert Witness Disclosures of today's date.

37.     Employees, agents, or servants of those entities to whom Subpoenas for the Production of Documents were or will be issued by any party, in order to authenticate and/or testify concerning said entities' documents relative to this matter.

38.     Any person identified on any other party's witness list.

39.     Any persons, including expert witnesses (if needed) identified through continuing discovery, who may offer or provide relevant and admissible testimony or evidence based on additional discovery.

40.     Any person or persons needed to authenticate the documents to be offered as exhibits in this case.

41.     Plaintiff anticipates obtaining the services and testimony of a bridge construction expert to detail the costs of constructing a bridge over portions of Spring Villa Road.

42.     Any witness necessary for rebuttal testimony.

Plaintiffs reserve the right to supplement this list as discovery is ongoing.

Respectfully submitted this the 6th day of September, 2007.

*C E Vucelli*

**CHARLES E. VERCELLI, JR.** (VER003)
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
LAW OFFICES OF JAMES B. SPRAYBERRY
P.O. Drawer 2429
Auburn, AL 36831-2429
TEL:   (334) 821-7100
FAX:   (334) 821-7101
jsprayberry-spraylaw@charter.net

Charles E. Vercelli, Jr.
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL:   (334) 834-8805
FAX:   (334) 834-8807
cvercelli@vercelli-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Phillip E. Adams, Jr.
Rick Davidson
Matthew W. White
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

via e-mail only and upon:

W. F. Horsley
SAMSON & DENSON, LLP
P. O. Box 2345
Opelika, AL 36803-2345

by placing same in the United States Mail, postage prepaid and properly addressed, on this the 6th day of September, 2007.

OF COUNSEL

155-00\Schwacker Witness List 09-06-07.wpd

Page 8 of 8