**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **KEN and NAOMI SCHWIEKER,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:05-CV-838 |
| | ) | |
| **OLDCASTLE MATERIALS SOUTHEAST, INC.** | ) ) | |
| | ) | |
| Defendant. | ) | |

**OLDCASTLE'S SECOND MOTION IN LIMINE**

Comes Now Defendant Oldcastle Materials Southeast, Inc., by and through the undersigned counsel, and hereby respectfully moves this Honorable Court *in limine* to prohibit the Plaintiffs, their attorneys, and any witnesses from attempting to introduce evidence, commenting on, alluding to, or making any argument to the jury regarding damages and events prior to September 4, 2004. In support of this motion, Oldcastle hereby says and states as follows:

1. In 2002, the Plaintiffs and others sued the previous operator of the quarry at issue in the Circuit Court of Lee County, Alabama. When Oldcastle purchased the quarry in July of 2003, Plaintiffs immediately sued Oldcastle. Specifically, the Schwiekers brought claims for negligence and wantonness, public nuisance, private nuisance, statutory diversion of water, and injunctive relief.

2. In August 2004, the Lee County case went to trial. The jury returned its verdict on September 4, 2004 finding that the quarry operations were not a nuisance, but awarding the Schwiekers $75,000.00 against Oldcastle as damages for negligence.

3. At the time of the 2004 trial, the Schwiekers had twelve relatively small sinkholes on

their property.

4. In September of 2006, the Schwiekers filed this lawsuit against Oldcastle making claims for private nuisance, negligence and wantonness, injunctive relief, and statutory damages for diversion of water.

5. All of the Schwiekers claims for events occurring prior to September 4, 2004 have been tried to a jury. The filing of this lawsuit clearly indicates that the Plaintiffs are alleging new causes of action against Oldcastle, even if the names of the causes of action are the same. The Plaintiffs could not file a new lawsuit alleging negligence, and any other claims, on the part of Oldcastle unless new facts and new evidence came into existence after the 2004 verdict. Therefore, any evidence of events and damages occurring prior to September 4, 2004 are irrelevant and immaterial. *See* Fed. R. Evid. 401. Thus, such evidence is inadmissible and should be excluded. *See* Fed. R. Evid. 402.

6. As this Court noted in its Order denying Plaintiffs' Motion for Partial Summary Judgment, "[a]lthough the issues in this case are similar to the issues in the previous case, the evidence that would support recovery in this case far exceeds the evidence in the previous case." Order at p. 6.

7. Moreover and importantly, any probative value gained from introducing evidence regarding damages and events occurring prior to September 4, 2004 would be substantially outweighed by the prejudicial effect of such evidence on Oldcastle and the potential for confusion to the jury. A jury has already heard evidence of events and damages occurring prior to September 4, 2004. Oldcastle could potentially be

    held liable for conduct for which a jury of its peers has already determined liability. Plaintiffs cannot receive a recovery for the same conduct on which they have already received a recovery.

8. If Plaintiffs are allowed to recover damages based on evidence that could have been presented or was in fact presented to a jury in 2004, those damages would amount to a double recovery. The Plaintiffs have already been compensated for their alleged loss in 2004. Therefore, Plaintiffs must assert new evidence and should be precluded from entering evidence regarding damages occurring prior to September 4, 2004. *See* Fed. R. Evid. 403.

9. Any evidence of events and damages occurring prior to the jury verdict in the Lee County litigation, September 4, 2004 would be irrelevant, immaterial, and inadmissible, as provided by Rules 401 and 402 of the *Federal Rules of Evidence*, or, alternatively, any probative value would be outweighed by prudential considerations of prejudice, confusion, delay, waste of time, and needless repetition, as provided by Rules 403 and 404 of the *Federal Rules of Evidence*.

Respectfully submitted this 2nd day of May, 2008.

                               /s/ Matthew W. White
                               PHILLIP E. ADAMS, JR. (ASB-9946-D56P)
                               MATTHEW W. WHITE (ASB-6809-W83M)
                               Attorneys for Oldcastle Materials
                               Southeast, Inc.

**OF COUNSEL**
Adams, Umbach, Davidson,
& White, LLP
Post Office Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served a copy of the foregoing on the following, this the 2nd day of May, 2008:

James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049

                                                /s/ Matthew W. White
                                                 Of Counsel