IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **KEN and NAOMI SCHWIEKER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No. 3:06-CV-838-MEF |
| | * | |
| **OLD CASTLE MATERIALS** | * | |
| **SOUTHEAST, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFFS' MOTION *IN LIMINE*:**
**<u>FOREIGN CORPORATIONS NOT REGISTERING</u>**

Plaintiffs move this Honorable Court to enter an order prohibiting the Defendant and the Defendant's attorneys from mentioning, stating, or making any reference to the fact that any of the Plaintiffs' experts or their employers have not registered to do business in this state. As grounds for this Motion, Plaintiffs say:

1. Plaintiffs employed several experts who are residents of other states. So did Defendant.

2. In Mr. Aley's deposition, Defendant has questioned him about whether his company, Ozark Underground Laboraties, Inc., has registered as a foreign corporation in this state. Mr. Aley replied that it did not.

3. Plaintiffs expect Defendant to cross examine Mr. Aley and perhaps other experts to establish that he has not registered to do business in Alabama, in an effort to imply violation of law or improper conduct on his/their parts.

4. Defendant has employed numerous experts from out-of-state. Some are listed below, with an indication of whether they have or have not registered with the Secretary of State's office:

> Dr. Ralph Ewers, Ewers Water Consultants, Inc., Richmond, KY:   Not Registered

    Brian Fowler, North American Reserves, Inc., New Hampshire: Not Registered

    Kenneth Kaliski, Resource Systems Group, Inc., White River Junction, Vermont: Not Registered

    Charles R. Faust, GeoTrans, Inc., Sterling, Virginia: Not Registered

    Trinity Consulting, Inc.: Not Registered

  5. It is irrelevant and immaterial whether an expert has or has not registered to do business in Alabama. Alabama Law only requires that if a foreign corporation wishes "to transact business" in this state, then it must first obtain a certificate of authority from the Secretary of State. Abundant caselaw makes clear that this requirement applies only to "intrastate" as opposed to "interstate" business. Moreover, the only real penalty for failing to do so is to be denied access to Alabama Courts to enforce its contractual agreements. There is no other effective penalty. *See* Ala. Code Sections 10-2B-15.01 et. seq.

  6. Whether Mr. Aley and his corporation are transacting business in this state is a mixed question of law and fact. *E.g., J.R. Watkins Co. v. Hill*, 214 Ala. 507, 108 So. 244 (1926); *Franklin Life Ins. v. Ward*, 237 Ala. 474, 187 So. 462 (1939).

  7. Plaintiffs' counsel are clearly and firmly of the opinion that rendering opinions as an expert in litigation, where the majority of the experts' services are performed outside of Alabama, clearly does not require Mr. Aley (or any of Plaintiffs' experts) to register pursuant to Section 10-2B-15.01.

  8. Moreover, the only persons with standing to enforce sections 10-2B-15.01 et. seq. are the parties who entered into the contract. *See* Ala. Code sec. 10-2B-15.02.

  9. Mr. Aley's services, and indeed the services of all of Plaintiffs' experts, are performed almost entirely OUTSIDE of Alabama, with the only connection to Alabama being that they have agreed to consult on the case and have come to Alabama for purposes of examining property, testifying, and other points incidental to obtaining information with which to develop their expert opinions.

10. It is irrelevant and immaterial whether an expert registered to do business in Alabama, and whether he did or did not register does not make his opinions more or less true or accurate. In short, the only reason to cross-examine a witness about this law is to confuse the jury, to attempt to embarrass a non-attorney, and to inject an issue that would then lead to wasted trial time to rehabilitate the witness by showing that the registration is not required by law.

11. Under Alabama Rule of Evidence 401, this type of inquiry is not relevant and should not be permitted because it does not tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

12. Moreover, under Alabama Rule of Evidence 403, the inquiry should not be allowed because even if it has any probative value at all (it does not) the probative value would be greatly outweighed by the unfair prejudice, confusion of the issues, and misleading of the jury, as well as by considerations of waste of time and undue delay.

13. Cross-examination of experts on whether they qualified to do business will require rebuttal that would require the Court to decide whether the witness is even supposed to register, and then a jury instruction to ensure the jury does not misuse the evidence, and would require the Plaintiffs to introduce Alabama statutes and caselaw that the jury is ill-suited to consider or understand in order to decide whether the cross-examination was or was not proper. It would also necessitate Plaintiffs cross-examining Defendant's experts to prove that they too did not register. All of this would be a waste of time–and there is not enough time for this trial as it is.

**WHEREFORE**, Plaintiffs move this Honorable Court to enter an order prohibiting any party from mentioning or introducing any evidence or questioning any expert witnesses about whether they have or have not obtained a certificate of authority or otherwise registered to do business in Alabama as a foreign corporation.

Respectfully submitted this the 5th day of May, 2008.

              s/ C E Vercelli, Jr.
              **Charles E. Vercelli, Jr.**
              One of the Attorneys for Plaintiffs

**OF COUNSEL:**

| | |
|---|---|
| Charles E. Vercelli, Jr. | James B. Sprayberry |
| VERCELLI & ASSOCIATES, P.C. | Law Offices of James B. Sprayberry |
| 1019 S. Perry Street | P.O. Drawer 2429 |
| Montgomery, AL 36104-5049 | Auburn, AL 36831-2429 |
| (334) 834-8805 | (334) 821-7100 |
| cvercelli@vercelli-law.com | jsprayberry-spraylaw@charter.net |

## CERTIFICATE OF SERVICE

  I hereby certify that on the 5th day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

  Phillip E. Adams, Jr.
  Rick Davidson
  Matthew W. White
  ADAMS, UMBACH, DAVIDSON & WHITE, LLP
  P. O. Box 2069
  Opelika, AL 36803-2069

              **s/C. E. Vercelli, Jr.**

155-00\M-limine foreign corps regist.1.wpd