IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **KEN and NAOMI SCHWIEKER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No. 3:06-CV-838-MEF |
| | * | |
| **OLD CASTLE MATERIALS SOUTHEAST, INC.,** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |

## PLAINTIFFS' MOTION *IN LIMINE*: ARGUMENTS ABOUT EXPENDITURES OF MONEY

Plaintiffs move this Honorable Court to enter an order prohibiting the Defendant, the Defendant's attorneys, and their witnesses, from introducing any evidence about, or making any arguments related to any alleged payments or costs they have incurred in trying to make the quarry less objectionable to the neighbors. As grounds for this Motion, Plaintiffs say:

1. Throughout discovery of this case, Plaintiffs have asked for information relating to profits, costs, and related monetary benefits to the quarry as a result of its operation. These requests have included information about how much one quarry operator (Hanson) would pay to Oldcastle in the event that the quarry is either shut down or if the Court seriously limits the quarry's operations. In addition, the Plaintiffs have requested information about the profits of the quarry.

2. At all instances of Plaintiffs' attempted discovery, Defendant has denied the discovery, and to date, the Court has not compelled the production of any financial information relating to the quarries, the sale of the quarries, or the profits of the quarry under either operator.

3. In depositions, it has become increasingly clear that the Defendant Oldcastle intends to defend on the basis that it has expended large sums of money in order to

attempt to make the quarry less objectionable to the neighbors. They claim that these costs have included the creation of "beautification bearms", additional dust suppression, and so forth.

   4.  The Defendant's "beautification bearm" is an extreme eye sore and is a nuisance in and of itself. Under Oldcastle, the "beautification bearm" has been increased in height, and has caused an increase in problems to the neighbors. Moreover, in creating the "beautification bearms", the truth of the matter is that Hanson and now Oldcastle had to move the overburden from the quarry pit. They had to put the overburden somewhere, and chose to create a substantial spoil pile on the south side of the quarry. Under Oldcastle, they have extended that spoil pile to include an alleged "beautification bearm" on the east side along Highway 166. In short, although Oldcastle argues that the only reason it created the "beautification bearm" was to block the view from the neighbors and reduce noise and dust, the truth of the matter is also that Oldcastle benefits substantially by placing the overburden there. Thus, the true cost of the "beautification bearm" is not entirely related to an alleged attempt to make the quarry less objectionable to the neighbors.

   5.  Plaintiffs have attempted to obtain discovery relating to costs, and Defendant has refused to give them any such discovery. Moreover, Defendant has refused to give any profit information to the Plaintiffs. If the Defendant is going to allege that it has spent $2 or $3 million dollars to make the quarry less objectionable, then the Plaintiffs should be entitled as of right to cross-examine the witnesses relating to the profits of the quarry to show that it is an insignificant expenditure in the grand scheme. This is especially true given that the spoil pile had to be moved somewhere, so that it is a blatantly false argument to say that the only reason the spoil pile and "beautification bearm" were created was to benefit the neighbors.

6. Because the Defendant has refused to give the Plaintiffs financial information which would be used to rebut any arguments relating to their expenditures to appease the neighbors, it would be grossly unfair to the Plaintiffs to allow the Defendant to make the arguments about how much money they have spent without the Plaintiffs being allowed the opportunity to cross examine the witnesses relating to the true cost as well as the profits the quarry is making at the neighbors' expense. And, at this late date, it is impossible for Plaintiffs to obtain the information necessary to rebut the claims of monetary expenditures.

7. Finally, there is no element of the causes of action that this evidence would affect one way or the other. It is, therefore, irrelevant and immaterial and should be precluded under Rules 402 or 403 (if for some reason it might be relevant, it should be precluded on grounds that such evidence would unfairly prejudice the Plaintiffs and because it would confuse the issues and would be misleading to the jury).

**WHEREFORE**, for good cause shown, Plaintiffs move this Honorable Court *in limine* to enter an order prohibiting the Defendant, the Defendant's attorneys, and the Defendant's witnesses, from introducing any evidence about or making any arguments related to how much money the quarries have spent on attempts to make the quarry less objectionable to the neighbors.

Respectfully submitted this the 5th day of May, 2008.

s/ C E Vercelli, Jr.
**Charles E. Vercelli, Jr.**
One of the Attorneys for Plaintiffs

| | |
|---|---|
| **OF COUNSEL:** | |
| Charles E. Vercelli, Jr. | James B. Sprayberry |
| VERCELLI & ASSOCIATES, P.C. | Law Offices of James B. Sprayberry |
| 1019 S. Perry Street | P.O. Drawer 2429 |
| Montgomery, AL 36104-5049 | Auburn, AL 36831-2429 |
| (334) 834-8805 | (334) 821-7100 |
| cvercelli@vercelli-law.com | jsprayberry-spraylaw@charter.net |

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Phillip E. Adams, Jr.
Rick Davidson
Matthew W. White
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

                                                                    **s/C. E. Vercelli, Jr.**

155-00\M-limine expenditures.1.wpd

4