## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **KEN and NAOMI SCHWIEKER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No. 3:06-CV-838-MEF |
| | * | |
| **OLD CASTLE MATERIALS** | * | |
| **SOUTHEAST, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

### PLAINTIFFS' MOTION *IN LIMINE*:
### ALABAMA GEOLOGY BOARD LICENSES

Plaintiffs move this Honorable Court *in limine* to prevent the Defendant, the Defendant's witnesses, and the Defendant's attorneys from mentioning, or in any manner bringing to the jury's attention, any facts or arguments to the effect that Tom Aley or Woody Hicks were not licensed as "Professional Geologists" in this state. As grounds for this Motion, Plaintiffs say:

1. Plaintiffs have employed Tom Aley and Woody Hicks as experts. Mr. Aley is a registered professional Geologist in several states, including Missouri, Arkansas, Kentucky, and, now, Alabama. Mr. Hicks is a registered professional geologist in Georgia.

2. Alabama Code Sections 34-41-1, et. seq. relate to the licensing of geologists.

3. The Alabama Board of Licensure for Professional Geologists has regulations.

4. Messrs. Aley and Hicks have complied under the proper reading of Alabama Code Sections 34-41-1 et. seq. and section -8 in particular, neither Mr. Aley nor Mr. Hicks were required to register with or to obtain licenses from the Alabama Board of Licensure for Professional Geologists as neither were, in their capacity as experts in this case, practicing "geology". Moreover, the Plaintiffs sought them out; they did not solicit business in Alabama or hold themselves out to be geologists in Alabama. Finally, neither engaged in the "public practice of geology" for more than 90 days in the aggregate in any

one calendar year, so that both were exempt from obtaining Alabama Licenses pursuant to Section 34-41-8(b)(2).

5. Notwithstanding, Mr. Aley had applied for a "temporary" license. He had previously obtained a temporary permit some time before–in a different year. However, the Board sat on the application for four months without acting on it. It finally acted on the application on July 7, 2003, just before the July 17, 2003, trial setting. The board denied the license. Interestingly, Hanson's geologist expert, Dr. Cook, was a long-time member of the Board of Licensure and knows all the Board members and the Executive Director. It is entirely coincidental, we are sure, that the Board denied the application on the patently improper pretext that a person cannot be issued two temporary licenses. We are also sure that, coincidentally, Hanson's attorneys obtained copies of the denial letter – which is expressly private and not publicly available – even before the denial letter was **mailed** to Mr. Aley on July 10, 2003. In short, if this issue is raised, Plaintiffs will be forced to add another witness, Mr. Warren of the Board, and will be forced to spend an extra hour or so to prove Hanson's wrongful conduct in procuring a wrongful denial decision. Again note that after correspondence with Mr. Warren, Mr. Aley obtained a full license and the denial of the temporary license was not appealed to show that it was wrongly denied.

6. The alleged basis for denial – that a person cannot be given two temporary licences – is patently incorrect under the Statute and the regulations of the Board as nothing therein suggests or requires that a non-resident cannot be given a second temporary license.

7. Notwithstanding, Mr. Aley applied for and received a full license from the Board of Licensure by virtue of the comity provisions of Regulation 364-X-3-.02(6), as he meets all the legal, experience and educational requirements. Mr. Hicks has not obtained an Alabama license because he clearly is not subject to the licensing statute or regulations as he is not practicing geology in this state. (When he performed the examinations and

analyses that brought him into this case, he was employed by KREBS, whom the City had hired to investigate the reason for Spring Villa spring drying up. He was supervised in that work by a licensed engineer, so that he was not required to have an Alabama license.)

8. The Defendant has in depositions repeatedly questioned both men suggesting that neither expert was properly licensed and they have through questioning indicated that they intend to cross-examine both at trial on whether they were or were not licensed.

9. Under the correct legal interpretation of the law, (1) neither man was required to obtain either a temporary or permanent license from the Alabama Board of Licensure for Professional Geologists, and (2) Mr. Aley's application for temporary license should have been granted and the Board's failure to issue the temporary license was clearly erroneous and would have been appealed had the Board not agreed to issue Mr. Aley a full license.

10. Allowing cross-examination on this point would require the Plaintiffs to thereafter prove the applicable law and would require Plaintiffs to introduce as evidence several additional letters exchanged between Plaintiffs' attorneys and the Board, and would require the jury to decide issues of law that it is clearly not able to decide.

11. Any cross-examination regarding the alleged requirement to obtain licenses is irrelevant and/or what little relevance the examination would have is clearly outweighed by the danger of prejudice, confusion of the jury, and waste of time, so that the evidence should not be permitted under Alabama Rules of Evidence 401, 402, and 403.

12. This case will last fully three weeks as it is. To waste time presenting needless evidence during Plaintiffs' case-in-chief would be grossly unfair to the Plaintiffs and would be nothing more than a delaying, time-wasting tactic by the Defendant.

**WHEREFORE**, for good cause shown, Plaintiffs move this Honorable Court *in limine* to enter an order prohibiting the Defendant, the Defendant's attorneys, and all of the Defendant's witnesses, from mentioning, or in any way bringing to the jury's attention, the fact that Mr. Aley and/or Mr. Hicks were not initially registered and licensed by the

Alabama Board of Licensure for Professional Geologists, or from suggesting or arguing that they were required to be licensed.

Respectfully submitted this the 5th day of May, 2008.

> s/ C E Vercelli, Jr.
> **Charles E. Vercelli, Jr.**
> One of the Attorneys for Plaintiffs

**OF COUNSEL:**

| | |
|---|---|
| Charles E. Vercelli, Jr. | James B. Sprayberry |
| VERCELLI & ASSOCIATES, P.C. | Law Offices of James B. Sprayberry |
| 1019 S. Perry Street | P.O. Drawer 2429 |
| Montgomery, AL 36104-5049 | Auburn, AL 36831-2429 |
| (334) 834-8805 | (334) 821-7100 |
| cvercelli@vercelli-law.com | jsprayberry-spraylaw@charter.net |

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Phillip E. Adams, Jr.
Rick Davidson
Matthew W. White
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

> **s/C. E. Vercelli, Jr.**

155-00\M-limine licenses AL Geology.1.wpd