## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **KEN and NAOMI SCHWIEKER,** | *<br>* |
| **Plaintiff,** | *<br>* |
| vs. | *    Civil Action No. 3:06-CV-838-MEF<br>* |
| **OLD CASTLE MATERIALS SOUTHEAST, INC.,** | *<br>*<br>* |
| **Defendant.** | * |

### PLAINTIFFS' MOTION *IN LIMINE*:
### OLDCASTLE DEFENSE OF "REQUEST TO ABATE"

Plaintiffs move this Honorable Court *in limine* to prevent the Defendant, its attorneys, and its witnesses from arguing or alleging to the jury that pursuant to Alabama Code § 6-5-126, the Plaintiffs were required to request Oldcastle not to continue the nuisance before suing Oldcastle. As grounds for this Motion, Plaintiffs say:

1. Alabama Code § 6-5-126 states:

    "The alienee of a person owning the property injured may commence an action for a continuance of the nuisance, and the alienee of the property causing the nuisance is responsible for a continuance of the same. In the latter case, there must be a request to abate before an action is commenced."

2. This statute does not apply for numerous reasons. First and foremost, in our case, Oldcastle had actual notice of the Plaintiffs' June 26, 2003, demand letter demanding that the nuisance be shut down or severely restricted. This demand letter was the subject of numerous conversations between Oldcastle principals, attorneys, and Hanson principals and attorneys.

3. In addition, Oldcastle knew of the litigation and purchased the quarry about one week before the case was scheduled to go to trial to shut down the quarry. Therefore, the case was pending long before Oldcastle took over, and Oldcastle knew or should have

known that the Plaintiffs, under the circumstances, would do everything in their power to shut down the quarry.

4. Additionally, under Alabama Rule of Civil Procedure 25(c), "in case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substitute in the action or joined with the original party." In this instance, the Plaintiffs immediately advised the Court of the sale of the quarry, and obtained the Court's permission to add Oldcastle as a party to the case so that they could proceed with their action attempting to shut down the nuisance.

5. Under the circumstances, it would be a waste of time, irrelevant, immaterial, and would require the jury to determine issues of law were the Defendant to be allowed to make this argument to the jury.

6. Moreover, to require the Plaintiffs to make a demand prior to commencing litigation is absurd. If the law were so structured, then the Defendant could continually delay trial and decision on the issue of nuisance by transferring interests in quarries, as Hanson did in this case, shortly before a trial setting.

**WHEREFORE**, for good cause shown, Plaintiffs move this Honorable Court *in limine* to enter an order prohibiting the Defendant, the Defendant's attorneys, and all of the Defendant's witnesses, from mentioning, alluding to, or arguing to the jury in any manner that the Plaintiffs were required to request Oldcastle to abate the nuisance before suing them, yet failed to do so.

Respectfully submitted this the 5th day of May, 2008.

s/ C E Vercelli, Jr.
**Charles E. Vercelli, Jr.**
One of the Attorneys for Plaintiffs

| | |
|---|---|
| **OF COUNSEL:** | |
| Charles E. Vercelli, Jr. | James B. Sprayberry |
| VERCELLI & ASSOCIATES, P.C. | Law Offices of James B. Sprayberry |
| 1019 S. Perry Street | P.O. Drawer 2429 |
| Montgomery, AL 36104-5049 | Auburn, AL 36831-2429 |
| (334) 834-8805 | (334) 821-7100 |
| cvercelli@vercelli-law.com | jsprayberry-spraylaw@charter.net |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Phillip E. Adams, Jr.
Rick Davidson
Matthew W. White
ADAMS, UMBACH, DAVIDSON & WHITE, LLP
P. O. Box 2069
Opelika, AL 36803-2069

                                                  **s/C. E. Vercelli, Jr.**

155-00\M-limine request abate.1.wpd