IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **KEN and NAOMI SCHWIEKER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No. 3:06-CV-838-MEF |
| | * | |
| **OLD CASTLE MATERIALS SOUTHEAST, INC.,** | * * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFFS' MOTION *IN LIMINE*:**
**TOM ALEY'S OWNERSHIP OF LAND IN MISSOURI**

Plaintiffs move this Honorable Court *in limine* to prevent the Defendant, the Defendant's witnesses, and the Defendant's attorneys from mentioning, or in any manner bringing to the jury's attention, any facts or arguments to the effect that Tom Aley owns 4 square miles of land in Missouri and that he seeks to protect an endangered species in a cave on his property there. As grounds for this Motion, Plaintiffs say:

1. Mr. Aley owns about 4 square miles of land in Missouri where he lives. He has a limestone cave on the land with an underground stream therein. In the stream lives a federally protected endangered species.

2. During at least two of Mr. Aley's 4 depositions, counsel for Defendant extensively questioned Mr. Aley about the fact that he owns several square miles of land, that he has a federally protected endangered species on his land, that he is purchasing land in the recharge area of the stream in order to ensure the safety of the species, and that he is genuinely attempting to ensure the protection of that species. Based on their examination and remarks to counsel, it appears that they believe and will argue that Mr. Aley is some liberal tree hugger.

3. Ownership of 4 square miles of land and protection of an endangered species has nothing to do with the water issues or his testimony in this case. Whether Mr. Aley

owns 1 acre, 2000 acres or 20,000 acres of land cannot under any circumstance be relevant or meaningful cross–examination in this case.

    4.      There are no endangered species at issue in this case.

    5.      Any cross-examination of Mr. Aley about these issues is irrelevant and immaterial. Moreover, any limited relevance clearly is outweighed by the wasted time in allowing the cross-examination.

**WHEREFORE**, for good cause shown, Plaintiffs move this Honorable Court *in limine* to enter an order prohibiting the Defendant, the Defendant's attorneys, and all of the Defendant's witnesses, from mentioning, or in any way bringing to the jury's attention, the fact that Mr. Aley owns 4 square miles of land in Missouri and that he seeks to protect an endangered species.

Respectfully submitted this the 5th day of May, 2008.

                s/ C E Vercelli, Jr.
                **Charles E. Vercelli, Jr.**
                One of the Attorneys for Plaintiffs

**OF COUNSEL:**

| | |
|---|---|
| Charles E. Vercelli, Jr. | James B. Sprayberry |
| VERCELLI & ASSOCIATES, P.C. | Law Offices of James B. Sprayberry |
| 1019 S. Perry Street | P.O. Drawer 2429 |
| Montgomery, AL 36104-5049 | Auburn, AL 36831-2429 |
| (334) 834-8805 | (334) 821-7100 |
| cvercelli@vercelli-law.com | jsprayberry-spraylaw@charter.net |

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 5th day of May, 2008, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

 Phillip E. Adams, Jr.
 Rick Davidson
 Matthew W. White
 ADAMS, UMBACH, DAVIDSON & WHITE, LLP
 P. O. Box 2069
 Opelika, AL 36803-2069

                **s/C. E. Vercelli, Jr.**

155-00\M-limine Tom Aley.1.wpd