IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KEN and NAOMI SCHWIEKER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CASE NO. 3:06-CV-838-MEF |
| | ) |
| **OLDCASTLE MATERIALS** | ) |
| **SOUTHEAST, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANT'S CLAIM FOR A SETOFF**

COMES NOW, the Defendant, Oldcastle Materials Southeast, Inc., ("Oldcastle"), and in response to the Plaintiffs' Motion to Strike Defendant's Claim for a Setoff says and states as follows:

1.) Prior to this Court's pretrial conference on April 14, 2008, Oldcastle and the Plaintiffs submitted a Joint Proposed Pretrial Order. This proposed order was submitted by the Plaintiffs and Oldcastle jointly.

2.) In Oldcastle's legal contentions in said Order on Page 9, Oldcastle specifically stated that it claimed a "setoff in the amount of $150,000.00 for damages previously recovered by Plaintiffs for injuries to their property, or, in the alternative, the right to prove to the jury the Plaintiffs recovery of $150,000.00."

3.) The Plaintiffs did not object to this claim for a setoff in their own pretrial contentions in said Order.

4.) Pursuant to Rule 16(e) of the *Federal Rules of Civil Procedure,* the entry of the pretrial order controls the subsequent course of action in a case. Specifically, it controls over any previous pleadings, including any answers.

5.) The Plaintiffs were well aware that Oldcastle would be claiming a setoff in this case based on the verdict in the Circuit Court of Lee County, Alabama, in 2004. Oldcastle's claim for a setoff was set forth in its Contentions submitted at the first pretrial conference held on November 2, 2007, prior to the case being continued.

6.) All of the cases cited by Plaintiffs[1] in their Motion to Strike deal with the situation wherein there are multiple Defendants, and one of the Defendants has entered into a *pro tanto* settlement with the Plaintiff[s]. This case, as this Court is well aware, is much different. This case deals with a situation wherein the Plaintiffs have previously recovered a verdict against Oldcastle and another Defendant, Hanson Aggregates, for damage to the very same piece of property forming the basis of this action.

7.) The affirmative defense of setoff is necessary in this matter as the Plaintiffs have indicated their intention to introduce evidence which existed prior to the Lee County Circuit Court's entry of judgment in September, 2004 and evidence which was in fact presented in the prior trial. Therefore, disallowing a setoff in this case would allow the Plaintiff to a double recovery for the same damage.

8.) Further, as set forth in Oldcastle's Pretrial Contentions, the proper measure of damages for damage to real estate is the diminution in value to the real estate. *Poffenbarger v Merit Energy Co.*, 2007 WL 1378333 (Ala. 2007). The real estate in question does not now have a "new" or "clean" value simply because a new lawsuit has been filed. The fact of the matter is that the Plaintiffs have previously recovered $150,000.00 for damages to their real estate. Thus, in the interest of

---

[1] Including the case of *Morris v. Laster* which has been expressly overruled as cited by the Plaintiffs. The correct cite for that case is *Morris v. Laster*, 821 So 2d 923(Ala 2001).

justice, the jury is entitled to know, and Oldcastle is entitled to a setoff for the amount of the previous recovery.

WHEREFORE, Oldcastle moves this Court to deny the Plaintiffs' Motion to Strike Defendant's Claim for a Setoff and allow Oldcastle to setoff any verdict by the amount entered by jury in September 2004 case.

Respectfully submitted this 6th day of May, 2008.

      /s/ Matthew W. White
MATTHEW W. WHITE (ASB-6809-W83M)
One of the attorneys for Oldcastle Materials

**OF COUNSEL**
Adams, Umbach, Davidson, & White, LLP
Post Office Box 2069
Opelika, Alabama 36803-2069
(334) 745-6466

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing by placing a copy of

same in the United States Mail, first class postage prepaid, and properly addressed to the following, this the 6th day of May, 2008.

James B. Sprayberry, Esq.
Post Office Drawer 2429
Auburn, Alabama 36831-2429

Chip Vercelli, Esq.
Vercelli & Associates, P.C.
1019 S. Perry Street
Montgomery, Alabama 36104-5049

/s/ Matthew W. White
  Of Counsel